UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION )   NO. 04-10825 (RWZ) |
| BABCOCK POWER, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT BABCOCK POWER, INC.'S
ANSWER TO THE COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Babcock Power, Inc. ("Babcock Power"), through its undersigned counsel, responds to the allegations in the Complaint for Declaratory Judgment ("Complaint"), as follows:

1. Babcock Power admits that plaintiff purports to seek a declaratory judgment, and that an actual controversy exists. Babcock Power denies the remaining allegations in paragraph 1 of the Complaint.

2. Babcock Power denies the allegations in paragraph 2 of the Complaint.

3. Babcock Power denies the allegations in paragraph 3 of the Complaint.

4. Babcock Power admits that plaintiff purports to seek to recover seven and a half million dollars ($7,500,000.00). Babcock Power denies the remaining allegations in paragraph 4 of the Complaint.

5. Babcock Power admits that an actual controversy exists. Babcock Power denies the remaining allegations in paragraph 5 of the Complaint.

6. Babcock Power admits the allegations in paragraph 6 of the Complaint.

7.   Babcock Power admits that it is a Delaware corporation, transacting business throughout the United States through its affiliates and subsidiaries, and that it is registered to do business in Massachusetts and that its headquarters is in Danvers, Massachusetts.

8.   Babcock Power admits the allegations in paragraph 8 of the Complaint.

9.   Babcock Power admits the allegations in the first paragraph 9 of the Complaint.

9(2).   Babcock Power admits that, but for the failure of plaintiff to join indispensable and/or necessary parties, this Court would have jurisdiction over this action. Babcock Power otherwise admits the allegations in the second paragraph 9 of the Complaint except that its principal place of business is Danvers, not Boston.

10.   Babcock Power admits the allegations in paragraph 10 of the Complaint.

11.   Babcock Power admits the allegations in the first sentence of paragraph 11 of the Complaint. Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11 of the Complaint.

12.   Babcock Power admits the allegations in paragraph 12 of the Complaint.

13.   Babcock Power admits that at the time of the November 29, 2002 transaction between Babcock Power and plaintiff, the parties executed both a stock purchase agreement and the non-competition agreement, a copy of which was attached to the Complaint as Exhibit A ("Non-Competition Agreement"). Babcock Power admits that the Non-Competition Agreement was negotiated. Babcock Power otherwise denies the allegations in paragraph 13 of the Complaint.

14.   Babcock Power denies the allegations in paragraph 14 of the Complaint.

15.   Babcock Power denies the allegations in paragraph 15 of the Complaint, except that it admits that there were negotiations and states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations relating to the intention behind the creation of the "rescue company."

16. Babcock Power states that the Stock Purchase Agreement between the parties speaks for itself. Babcock Power otherwise denies the allegations in paragraph 16 of the Complaint.

17. Babcock Power admits that there were negotiations of the language of the document but otherwise denies the allegations in paragraph 17 of the Complaint.

18. Babcock Power denies the allegations in paragraph 18 of the Complaint.

19. Babcock Power denies the allegations in paragraph 19 of the Complaint.

20. Babcock Power admits that General Electric Corp. was mentioned during the discussions but otherwise denies the allegations in paragraph 20 of the Complaint.

21. Babcock Power admits that General Electric Corp. was mentioned during the discussions but otherwise denies the allegations in paragraph 21 of the Complaint.

22. Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except admits that Babcock Borsig AG sought to sell one or more of its remaining lines of business after November 29, 2002, and that Babcock Hitachi K.K. was a prospective purchaser.

23. Babcock Power admits that it knew of an impending transaction between one or more entities affiliated with Babcock Power AG and Babcock Hitachi K.K., and that Babcock Power and Babcock Borsig AG had communications concerning the impending transaction. Babcock Power otherwise denies the allegations in paragraph 23 of the Complaint.

24. Babcock Power denies the allegations in the first sentence of paragraph 24 of the Complaint and admits the allegations in the second sentence of paragraph 24 of the Complaint.

25. Babcock Power denies the allegations in paragraph 25 of the Complaint.

26. Babcock Power denies the allegations in paragraph 26 of the Complaint.

27. Babcock Power denies the allegations in paragraph 27 of the Complaint.

28. Babcock Power denies the allegations in paragraph 28 of the Complaint.

29. Babcock Power admits that it did not waiver in its interpretation of the Non-Competition Agreement. Babcock Power otherwise denies the allegations in paragraph 29 of the Complaint.

30. Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except admits that it was contacted by Babcock Borsig AG and Babcock Hitachi K.K. relating to their impending transaction.

31. Babcock Power admits that on March 27, 2003, an attorney for Babcock Borsig AG and Babcock Borsig Power GmbH sent a letter to Babcock Power threatening legal action. The letter speaks for itself, and no further response is required to the allegations in paragraph 31 of the Complaint.

32. Babcock Power admits that it did not waiver in its interpretation of the Non-Competition Agreement. Babcock Power otherwise denies the allegations in paragraph 32 of the Complaint.

33. Babcock Power admits that Babcock Borsig AG, Babcock Borsig Power GmbH, and/or Babcock Hitachi, K.K. or their counsel communicated various thoughts prior to the impending transaction. Babcock Power otherwise denies the allegations in paragraph 33 of the Complaint.

34. Babcock Power admits that under an agreement between it and Babcock Hitachi, K.K., Babcock Power received seven and a half million dollars ($7,500,000.00). That agreement speaks for itself. Babcock Power otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, except that it admits that it has not waivered in its interpretation of the Non-Competition Agreement.

37. Babcock Power denies the allegations in the first sentence of paragraph 37 of the Complaint. Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 37 of the Complaint.

38. Babcock Power admits that an actual controversy exits, but denies the remaining allegations in paragraph 38 of the Complaint.

## Count I

39. Babcock Power incorporates by reference its answers to paragraphs 1 through 38, above.

40. Babcock Power admits the allegations in paragraph 40 of the Complaint.

41. Babcock Power admits that there were very brief discussions but otherwise denies the allegations in the first paragraph 41 of the Complaint.

42. Babcock Power admits that an actual controversy exists as to the scope of the Non-Competition Agreement, but otherwise denies the allegations in the first paragraph 42 of the Complaint.

41(2).   Babcock Power admits that an actual controversy exists as to the scope of the Non-Competition Agreement, but otherwise denies the allegations in the second paragraph 41 of the Complaint.

42(2).   Babcock Power denies the allegations in the second paragraph 42 of the Complaint.

## Count II

43.   Babcock Power incorporates by reference its answers to paragraphs 1 through 42, above.

44.   The allegations in paragraph 44 of the Complaint state legal conclusions to which no response is required.

45.   Babcock Power denies the allegations in paragraph 45 of the Complaint.

46.   Babcock Power denies the allegations in paragraph 46 of the Complaint.

## Count III

47.   Babcock Power incorporates by reference its answers to paragraphs 1 through 46, above.

48.   Babcock Powers admits the allegations in paragraph 48 of the Complaint.

49.   Babcock Power denies the allegations in paragraph 49 of the Complaint.

50.   Babcock Power states that the March 27, 2003 letter speaks for itself, and no further response is required to the allegations in paragraph 50 of the Complaint.

51.   Babcock Power denies the allegations in paragraph 51 of the Complaint.

52.   Babcock Power denies the allegations in paragraph 52 of the Complaint.

Babcock Power states that no responsive pleading is required in response to plaintiff's demand for relief.

As its affirmative defenses to all causes of action purportedly brought against it in the Complaint, Babcock Power alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to join all indispensable and/or necessary parties.

### THIRD AFFIRMATIVE DEFENSE

The claims brought in the Complaint should be dismissed and/or stayed pending resolution of the first-filed action pending in the Business Litigation Session of the Massachusetts Superior Court, captioned Babcock Power, Inc. v. Babcock Borsig Power GmbH, et. al., No. 03-5334-BLS (Mass. Super. Ct.).

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or in part due to the fact that Babcock Power acted in good faith at all times.

### SIXTH AFFIRMATIVE DEFENSE

Whatever injuries plaintiff allegedly suffered were caused by plaintiff's own actions -- or actions of third parties -- not proximately caused by Babcock Power.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's M.G.L. ch. 93A claims are barred due to failure to make the pre-filing demand required by that statute.

**EIGHTH AFFIRMATIVE DEFENSE**

Babcock Power hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and assert such defenses.[1]

WHEREFORE, Babcock Power prays for judgment dismissing the Complaint with prejudice as to Babcock Power and awarding such other and further relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BABCOCK POWER, INC.<br>By its attorneys, |
|  | /s/ James O. Fleckner_____<br>Steven J. Comen (BBO #093320)<br>James O. Fleckner (BBO #641494)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, Massachusetts 02109 |
| DATED: July 15, 2004 | 617-570-1000 |

---

[1] Babcock Power additionally states that should this case proceed in this Court, before the first filed action in the Business Litigation Session is fully adjudicated, it reserves all of its rights to raise as counterclaims in this litigation any and all issues raised in the Business Litigation Session, as well as any other matter appropriate as a counterclaim.

8