UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>Plaintiff, | )<br>)<br>)<br>) |
| v. | )  C.A. No. 04 CV 10825-RWZ |
| BABCOCK POWER, INC.,<br>Defendant, | )<br>)<br>) |
| v. | ) |
| BABCOCK POWER, INC.,<br>Third-Party Plaintiff, | )<br>)<br>) |
| v. | ) |
| BABCOCK BORSIG, AG<br>Third-Party Defendant. | )<br>)<br>) |

## ANSWER OF PLAINTIFF BABCOCK BORSIG POWER, GmbH AND THIRD-PARTY DEFENDANT BABCOCK BORSIG AG

Pursuant to Fed. R. Civ. P. 12, Plaintiff Babcock Borsig GmbH ("BBP") and Third-Party Defendant Babcock Borsig AG hereby (sometimes jointly referred to as the "BBP Parties") answer the Counter Claims and Third-Party Counterclaim (hereinafter referred to as the "Counterclaim") of Defendant Babcock Power Inc. ("BPI").

1. The BBP Parties deny the characterization of the transaction as set forth in Paragraph 1 of the Counterclaim.

2. Paragraph 2 of the Counterclaim sets forth a legal conclusion, to which no response is required. Further responding, the allegations in Paragraph 2 purport to describe the contents of a document, which speaks for itself. Further responding, to the extent that the

document reflects that BBP and BPI agreed to the jurisdiction of courts in Massachusetts, BBX, which was never a party to the Stock Purchase Agreement or Non-Competition Agreement between BBP and BPI, did not.

3. The allegations in Paragraph 3 of the Counterclaim purport to describe the contents of a document, which speaks for itself. Further answering, to the extent that Paragraph 3 contains legal conclusions, no response is required. Further, to the extent that Paragraph 3 might be deemed to contain allegations of fact, the BBP Parties deny them.

4. To the extent that the allegations in Paragraph 4 of the Counterclaim are directed to BBX only, BBP is without sufficient knowledge or information to be able to respond and, therefore, denies them. Further Answering, BBX admits the allegation that BBP Service Ratingen and Balcke-Durr entered into an agreement concerning the transfer of certain assets, but otherwise denies the allegations contained in the first sentence of Paragraph 4 of the Counterclaim. BBX further admits that BBP Service Ratingen and Balcke-Durr later amended their agreement and that the amendment did not bind Balcke-Durr's parent corporation or any of Balcke-Durr's affiliates. BBX denies the remaining allegations in this paragraph.

5. Paragraph 5 of the Counterclaim sets forth a legal description of the Counterclaim, to which no response is required. To the extent that this paragraph might be deemed to contain factual allegations, The BBP Parties deny them.

6. Paragraph 6 of the Counterclaim sets forth a legal description of the Counterclaim, to which no response is required. To the extent that this paragraph might be deemed to contain factual allegations, The BBP Parties deny them.

7. The BBP Parties admit the allegations in the first sentence of Paragraph 7 of the Counterclaim. As to the remaining allegations, the BBP Parties are without sufficient knowledge

or information to be able to admit or deny the characterization of BPI's business as set forth in Paragraph 7 of the Counterclaim, and therefore, deny the same.

8.  The BBP Parties admit the allegations in the first sentence of Paragraph 8 of the Counterclaim. The BBP Parties deny the characterization set forth in the second sentence of this paragraph.

9.  The BBP Parties admit the allegations in the first sentence of Paragraph 9 of the Counterclaim. The BBP Parties deny the characterization set forth in the second sentence of this paragraph.

10. Paragraph 10 of the Counterclaim sets forth a legal conclusion, to which no response is required; further responding, BBX denies that it agreed to subject itself to the jurisdiction of this Court, as BBX was never a party to the SPA or NCA.

11. Paragraph 11 of the Counterclaim sets forth a legal conclusion, to which no response is required.

12. Paragraph 12 of the Counterclaim sets forth a legal conclusion, to which no response is required.

13. The BBP Parties admit the allegations in Paragraph 13 of the Counterclaim.

14. The BBP Parties admit the allegations in Paragraph 14 of the Counterclaim, except the allegation that BBX "owned" BBP. Further responding, The BBP Parties state that BBP was and is a subsidiary of a separate entity.

15. The BBP Parties admit the allegations in Paragraph 15 of the Counterclaim.

16. BBP and BBX lack sufficient information concerning the allegations of Paragraph 16 of the Counterclaim and, therefore, neither admit nor deny them.

17.     BBP and BBX admit the allegation in Paragraph 17 of the Counterclaim that BBCC's subsidiaries have, in the past, been located in the listed cities in the United States. However, BBP and BBX lack sufficient information concerning the remaining allegations in this Paragraph to permit them to form a belief as to their truth or falsity, and they, therefore, neither admit nor deny them.

18.     BBX and BBP admit the allegation in Paragraph 18 of the Counterclaim that BBCC's subsidiaries have, in the past, sold products or services throughout the United States and Canada. However, BBP and BBX lack sufficient information concerning the remaining allegations in this Paragraph to permit them to form a belief as to their truth or falsity, and they, therefore, neither admit nor deny them.

19.     BBX and BBP admit the allegation in Paragraph 19 of the Counterclaim that BBCC's subsidiaries have, in the past, competed vigorously with other companies in the United States and Canada. However, the BBP Parties lack sufficient information concerning the remaining allegations in this Paragraph to permit them to form a belief as to their truth or falsity, and they, therefore, neither admit nor deny them.

20.     The BBP Parties admit the allegations in Paragraph 20 of the Counterclaim.

21.     The BBP Parties admit the allegations in Paragraph 21 of the Counterclaim.

22.     Paragraph 22 purports to characterize BPI's intent in entering into an agreement with BPI, and, therefore, is not capable of an admission or denial. To the extent that Paragraph 22 might be deemed to contain allegations of fact, the BBP Parties deny them.

23.     The allegations in Paragraph 23 of the Counterclaim purport to describe the contents of a document, which speaks for itself. To the extent that Paragraph 23 might be deemed to contain allegations of fact, the BBP Parties deny them.

24. Paragraph 24 purports to characterize BPI's intent in entering into an agreement with BPI, and therefore, is not capable of an admission or denial. To the extent that Paragraph 24 might be deemed to contain allegations of fact, the BBP Parties deny them.

25. Paragraph 25 purports to characterize BPI's intent in entering into an agreement with BPI, and therefore, is not capable of an admission or denial. To the extent that Paragraph 25 might be deemed to contain allegations of fact, The BBP Parties deny them.

26. The allegations in Paragraph 26 of the Counterclaim purport to describe the contents of a document, which speaks for itself, and otherwise does not set forth facts, but argument. To the extent that Paragraph 26 might be deemed to contain allegations of fact, the BBP Parties deny them.

27. Paragraph 27 purports to characterize BPI's intent in entering into an agreement with BPI, and therefore, is not capable of an admission or denial. To the extent that Paragraph 27 might be deemed to contain allegations of fact, the BBP Parties deny them.

28. Paragraph 28 purports to characterize BPI's intent in entering into an agreement with BPI, and therefore, is not capable of an admission or denial. To the extent that Paragraph 28 might be deemed to contain allegations of fact, the BBP Parties deny them.

29. The BBP Parties admit the allegations in Paragraph 29 of the Counterclaim.

30. The allegations in Paragraph 30 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

31. The allegations in Paragraph 31 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

32.     The allegations in Paragraph 32 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

33.     The allegations in Paragraph 33 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

34.     The allegations in Paragraph 34 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

35.     The BBP Parties deny the characterization of the transaction as set forth in Paragraph 35 of the Counterclaim.

36      The allegations in Paragraph 36 of the Counterclaim purport to describe the contents of a document, which speaks for itself. Further answering, to the extent that Paragraph 36 contains legal conclusions, no response is required. Further, to the extent that Paragraph 36 might be deemed to contain allegations of fact, the BBP Parties deny them.

37.     The allegations in Paragraph 37 of the Counterclaim purport to describe the content of a document, which speaks for itself. Further answering, the BBP Parties deny the implicit allegation that the restrictive covenants in the Non-Competition Agreement apply to successors or assigns of Affiliates, as defined, nor do they require that an existing competitor with competing operations in the Restricted Territory should have to cease such operations merely because it acquires assets from an Affiliate of BBP.

38.     The allegations in Paragraph 38 of the Counterclaim purport to describe the content of a document, which speaks for itself. Further answering, the BBP Parties deny the

implicit allegation that the restrictive covenants in the Non-Competition Agreement apply to successors or assigns of Affiliates, as defined, nor do they require that an existing competitor with competing operations in the Restricted Territory should have to cease such operations merely because it acquires assets from an Affiliate of BBP.

39. The allegations in Paragraph 39 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

40. The allegations in Paragraph 40 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

41. BBP admits the allegations in Paragraph 41 of the Counterclaim.

42. Paragraph 42 purports to characterize BPI's beliefs regarding the provisions of an agreement, and, therefore, is not capable of an admission or denial. To the extent that Paragraph 42 might be deemed to contain allegations of fact, the BBP Parties deny them.

43. Paragraph 43 purports to characterize BPI's beliefs regarding the provisions of an agreement, and therefore, is not capable of an admission or denial. To the extent that Paragraph 43 might be deemed to contain allegations of fact, the BBP Parties deny them.

44. The BBP Parties admit the allegations in Paragraph 44 of the Counterclaim.

45. To the extent that the allegations in Paragraph 45 of the Counterclaim purport to describe the content of a document, it speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them, except that the BBP Parties admit that BBP Service Ratigen is engaged in the service and heat exchanger business.

46. The allegations in Paragraph 46 of the Counterclaim purport to describe the content of a document, which speaks for itself.. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

47. The allegations in Paragraph 47 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

48. The BBP Parties are without sufficient knowledge or information to be able to admit or deny the allegations set forth in Paragraph 49 of the Counterclaim, and therefore, deny the same.

49. The BBP Parties are without sufficient knowledge or information to be able to admit or deny the allegations set forth in Paragraph 49 of the Counterclaim, and therefore, deny the same.

50. The allegations in Paragraph 50 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

51. The allegations in the first two sentences of Paragraph 46 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them, except that the BBP Parties admit the allegations in the third sentence of this Paragraph.

52. The allegations in Paragraph 52 of the Counterclaim purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

53. The first two sentences of Paragraph 53 of the Counterclaim consist of legal conclusions and argument, to which no response is required. The remaining allegations in this Paragraph purport to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

54. The BBP Parties deny the allegations in the first sentence of Paragraph 54 of the Counterclaim. The second sentence of this Paragraph purports to describe the content of a document, which speaks for itself. To the extent that this Paragraph might be deemed to contain allegations of fact, the BBP Parties deny them.

55. Paragraph 55 of the Counterclaim consists of a series of legal conclusions and argument, to which no response is required. To the extent that this Paragraph is deemed to contain allegations of fact, The BBP Parties deny them.

56. The BBP Parties admit that BPI has indicated its intent to interfere with the potential sale and disposition of other companies, including Mitsui, by wrongfully and in bad faith asserting an interpretation of the scope of the Non-Competition Agreement between BBP and BPI. The BBP Parties otherwise deny the allegations contained in Paragraph 56 of the Counterclaim.

57. Denied.

58. Denied.

59. Denied.

60. The allegations in Paragraph 60 of the Counterclaim purport to describe the contents of a document, which speaks for itself. To the extent that Paragraph 60 might be deemed to contain allegations of fact, the BBP Parties deny them.

61. The BBP Parties admit the allegation in Paragraph 61 of the Counterclaim that BPI sent BBP a letter on July 2, 2003 and also admit that BBP has not paid the sum that BPI demanded, as no such sum is due. The BBP Parties deny the remaining allegations in this paragraph.

## COUNT I – DECLARATORY JUDGMENT

62. In response to Paragraph 62 of the Counterclaim, The BBP Parties incorporate their responses to the preceding paragraphs.

63. Admitted.

64. Paragraph 64 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

65. Paragraph 65 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

66. Paragraph 66 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

67. Paragraph 67 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

## COUNT II – BREECH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

68. In response to Paragraph 68 of the Counterclaim, The BBP Parties incorporate their responses to the preceding paragraphs.

69. Paragraph 69 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

70. Paragraph 70 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

71. Paragraph 71 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

## **COUNT III – BREECH OF CONTRACT**

72. In response to Paragraph 72 of the Counterclaim, The BBP Parties incorporate their responses to the preceding paragraphs.

73. Paragraph 73 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

74. Paragraph 74 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

75. Paragraph 75 of the Counterclaim consists of a legal conclusion, to which no response is required. To the extent that this paragraph might be deemed to contain allegations of fact, The BBP Parties deny them.

## COUNT IV – DECLARATORY JUDGMENT

76. In response to Paragraph 76 of the Counterclaim, The BBP Parties incorporate their responses to the preceding paragraphs.

77. The allegations in Paragraph 77 of the Counterclaim purport to describe the contents of a document, which speaks for itself. To the extent that Paragraph 77 might be deemed to contain allegations of fact, The BBP Parties deny them.

78. The BBP Parties admit the allegation in Paragraph 78 of the Counterclaim that BBP has not paid the sum of money that BPI seeks, but deny that any such sum is owed to BPI.

79. Admitted.

80. Denied.

81. Denied.

### First Affirmative Defense

All of BPI's purported counter claims and third-party claims should be dismissed, in their entirety, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

BPI's claims and counter claims are barred by the Doctrine of Unclean Hands.

### Third Affirmative Defense

All of BPI's claims against BBX should be dismissed, in their entirety, for lack of personal jurisdiction.

Respectfully submitted,

BABCOCK BORSIG POWER GmbH, and

BABCOCK BORSIG, AG,

By Their Counsel,

*/s/ JM Black/*

Kenneth M. Bello, BBO # 036630
Josiah M. Black, BBO # 632690
Bello Black LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: December 20, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) ~~(mail)~~ on December 20, 2004

*/s/ JM Black/*

13

BB Doc 01393544.2