UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

BABCOCK BORSIG POWER GmbH,                )
                                                                  )
                    Plaintiff,                                 )
                                                                  )
          v.                                                      )     CIVIL ACTION
                                                                  )     NO. 04-10825 (RWZ)
BABCOCK POWER, INC.,                                )
                                                                  )
                    Defendant.                              )
_____)

**DEFENDANT BABCOCK POWER, INC.'S ANSWER TO THE
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Babcock Power, Inc. ("Babcock Power"), through its undersigned counsel,

responds to the allegations in the First Amended Complaint for Declaratory Judgment

("Amended Complaint"), as follows:

1.      Babcock Power admits that plaintiff purports to seek a declaratory judgment, and

that an actual controversy exists.  Babcock Power denies the remaining allegations in paragraph

1 of the Amended Complaint.

2.      Babcock Power denies the allegations in paragraph 2 of the Amended Complaint.

3.      Babcock Power denies the allegations in paragraph 3 of the Amended Complaint.

4.      Babcock Power admits that plaintiff purports to seek to recover seven and a half

million dollars ($7,500,000.00).  Babcock Power denies the remaining allegations in paragraph 4

of the Amended Complaint.

5.      Babcock Power admits that an actual controversy exists.  Babcock Power denies

the remaining allegations in paragraph 5 of the Amended Complaint.

6.     Babcock Power admits that plaintiff purports to seek monetary damages and has purported to exercise an alleged right to accelerate payment on two promissory notes in the amounts of $1.9M (the "$1.9M Note") and $5.0M (the "$5.0M Note") (collectively, the "Notes").  Babcock Power otherwise denies the allegations in paragraph 6 of the Amended Complaint.

7.     Babcock Power admits the allegations in paragraph 7 of the Amended Complaint.

8.     Babcock Power admits that it is a Delaware corporation, transacting business throughout the United States through its affiliates and subsidiaries, and that it is registered to do business in Massachusetts and that its headquarters is in Danvers, Massachusetts.

9.     Babcock Power admits the allegations in paragraph 9 of the Amended Complaint.

10.     Babcock Power admits the allegations in paragraph 10 of the Amended Complaint.

11.     Babcock Power admits that, but for the failure of plaintiff to join indispensable and/or necessary parties, this Court would have jurisdiction over this action.  Babcock Power otherwise admits the allegations in paragraph 11 of the Amended Complaint except that its principal place of business is Danvers, not Boston.

12.     Babcock Power admits the allegations in paragraph 12 of the Amended Complaint.

13.     Babcock Power admits the allegations in the first sentence of paragraph 13 of the Complaint.  Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 13 of the Amended Complaint.

14.     Babcock Power admits the allegations in paragraph 14 of the Amended Complaint.

15.     Babcock Power admits that at the time of the November 29, 2002, transaction between Babcock Power and plaintiff, the parties executed both a stock purchase agreement (the "Stock Purchase Agreement") and the non-competition agreement ("Non-Competition Agreement"), copies of which were attached to the Amended Complaint as Exhibits A and B. Babcock Power admits that the Non-Competition Agreement was negotiated.  Babcock Power states that the Non-Competition Agreement speaks for itself.

16.     Babcock Power denies the allegations in paragraph 16 of the Amended Complaint.

17.     Babcock Power denies the allegations in paragraph 17 of the Amended Complaint, except that it admits that there were negotiations and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the intention behind the creation of the "rescue company."

18.     Babcock Power states that the Stock Purchase Agreement between the parties speaks for itself.  Babcock Power otherwise denies the allegations in paragraph 18 of the Amended Complaint.

19.     Babcock Power admits that there were negotiations of the language of the document but otherwise denies the allegations in paragraph 19 of the Amended Complaint.

20.     Babcock Power denies the allegations in paragraph 20 of the Amended Complaint.

21.     Babcock Power denies the allegations in paragraph 21 of the Amended Complaint.

22.    Babcock Power admits that General Electric Corp. was mentioned during the discussions but otherwise denies the allegations in paragraph 22 of the Amended Complaint.

23.    Babcock Power admits that General Electric Corp. was mentioned during the discussions but otherwise denies the allegations in paragraph 23 of the Amended Complaint.

24.    Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint, except admits that Babcock Borsig AG sought to sell one or more of its remaining lines of business after November 29, 2002, and that Babcock Hitachi K.K. was a prospective purchaser.

25.    Babcock Power admits that it knew of an impending transaction between one or more entities affiliated with Babcock Power AG and Babcock Hitachi K.K., and that Babcock Power and Babcock Borsig AG had communications concerning the impending transaction. Babcock Power otherwise denies the allegations in paragraph 25 of the Amended Complaint.

26.    Babcock Power denies the allegations in paragraph 26 of the Amended Complaint.

27.    Babcock Power denies the allegations in paragraph 27 of the Amended Complaint.

28.    Babcock Power denies the allegations in paragraph 28 of the Amended Complaint.

29.    Babcock Power denies the allegations in paragraph 29 of the Amended Complaint.

30.    Babcock Power denies the allegations in paragraph 30 of the Amended Complaint.

31.     Babcock Power admits that it did not waiver in its interpretation of the Non-Competition Agreement.  Babcock Power otherwise denies the allegations in paragraph 31 of the Amended Complaint.

32.     Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, except admits that it was contacted by Babcock Borsig AG and Babcock Hitachi K.K. relating to their impending transaction.

33.     Babcock Power admits that on March 27, 2003, an attorney for Babcock Borsig AG and Babcock Borsig Power GmbH sent a letter to Babcock Power threatening legal action. The letter speaks for itself, and no further response is required to the allegations in paragraph 33 of the Amended Complaint.

34.     Babcock Power denies the allegations in paragraph 34 of the Amended Complaint; Babcock Power has insisted on adherence to the terms of the Non-Competition Agreement.

35.     Babcock Power admits that Babcock Borsig AG, Babcock Borsig Power GmbH, and/or Babcock Hitachi, K.K. or their counsel communicated various thoughts prior to the impending transaction and requested that Babcock Power execute a release letter.  Babcock Power otherwise denies the allegations in paragraph 35 of the Amended Complaint.

36.     Babcock Power admits that under an agreement between it and Babcock Hitachi, K.K., Babcock Power received seven and a half million dollars ($7,500,000.00).  That agreement speaks for itself.  Babcock Power otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint.

37.    Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint.

38.    Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, except that Babcock Power states that it has insisted on adherence to the terms of the Non-Competition Agreement.

39.    Babcock Power denies the allegations in the first sentence of paragraph 39 of the Complaint.  Babcock Power states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 39 of the Amended Complaint.

40.    Babcock Power admits that an actual controversy exits, but denies the remaining allegations in paragraph 40 of the Amended Complaint.

41.    Babcock Power admits that it executed the Notes at the time of the transaction between Babcock Power and plaintiff, copies of which were attached to the Amended Complaint as Exhibits C and D.  Babcock Power states that the Notes speak for themselves.

42.    Babcock Power states that the $1.9M Note speaks for itself.

43.    Babcock Power states that the $5.0M Note speaks for itself.

44.    Babcock Power states that the Notes speak for themselves.

45.    Babcock Power admits that the parties executed a First Amendment to Stock Purchase Agreement, a copy of which was attached to the Complaint as Exhibit E (the "First Amendment").  Babcock Power states that the First Amendment speaks for itself.

46.    Babcock Power states that the First Amendment speaks for itself, and denies the remaining allegations in paragraph 40 of the Amended Complaint.

47.     Babcock Power admits that its counsel received correspondence from plaintiff's counsel on or about October 15, 2004, a copy of which was attached to the Amended Complaint as Exhibit F.  Babcock Power states that the Notes and that letter speak for themselves.  Babcock Power denies the remaining allegations in paragraph 47 of the Amended Complaint.

48.     Babcock Power admits that on October 19, 2004, its counsel sent a letter to plaintiff's counsel.  Babcock Power states that the letter speaks for itself.  Babcock Power otherwise denies the remaining allegations in paragraph 48 of the Amended Complaint.

49.     Babcock Power admits that its counsel received correspondence from plaintiff's counsel on or about November 12, 2004.  Babcock Power states that the letter speaks for itself.  Babcock Power otherwise denies the allegations in paragraph 49 of the Amended Complaint, and states specifically that any alleged failure to pay under the Notes, with appropriate set-off, within five days of October 15, 2004, was caused by plaintiff's own actions in not providing Babcock Power with payment instructions as requested in a timely manner by Babcock Power.

50.     Babcock Power denies the allegations in paragraph 50 of the Amended Complaint.

51.     Babcock Power states that the $5.0M Note speaks for itself and otherwise denies the allegations in paragraph 51 of the Amended Complaint.

## Count I

52.     Babcock Power incorporates by reference its answers to paragraphs 1 through 52, above.

53.     Babcock Power admits the allegations in paragraph 53 of the Amended Complaint.

54.    Babcock Power admits that there were very brief discussions but otherwise denies the allegations in paragraph 54 of the Amended Complaint.

55.    Babcock Power admits that an actual controversy exists as to the scope of the Non-Competition Agreement, but otherwise denies the allegations in paragraph 55 of the Amended Complaint.

56.    Babcock Power admits that an actual controversy exists as to the scope of the Non-Competition Agreement, but otherwise denies the allegations in paragraph 56 of the Amended Complaint.

57.    Babcock Power denies the allegations in paragraph 57 of the Amended Complaint.

### Count II

58.    Babcock Power incorporates by reference its answers to paragraphs 1 through 57, above.

59.    The allegations in paragraph 59 of the Amended Complaint state legal conclusions to which no response is required.

60.    Babcock Power denies the allegations in paragraph 60 of the Amended Complaint.

61.    Babcock Power denies the allegations in paragraph 61 of the Amended Complaint.

### Count III

62.    Babcock Power incorporates by reference its answers to paragraphs 1 through 61, above.

63.     Babcock Power admits the allegations in paragraph 63 of the Amended Complaint.

64.     Babcock Power denies the allegations in paragraph 64 of the Amended Complaint.

65.     Babcock Power states that the March 27, 2003 letter speaks for itself, and no further response is required to the allegations in paragraph 65 of the Amended Complaint.

66.     Babcock Power denies the allegations in paragraph 66 of the Amended Complaint.

67.     Babcock Power denies the allegations in paragraph 67 of the Amended Complaint.

## **Count IV**

68.     Babcock Power incorporates by reference its answers to paragraphs 1 through 67, above.

69.     Babcock Power admits the allegations in paragraph 69 of the Amended Complaint.

70.     Babcock Power admits that it received correspondence from plaintiff's counsel on or about October 15, 2004, and November 12, 2004.  Babcock Power states that the Notes and the letters speak for themselves.  Babcock Power otherwise denies the allegations in paragraph 70 of the Amended Complaint.

71.     Babcock Power denies the allegations in paragraph 71 of the Amended Complaint.

72.     Babcock Power denies the allegations in paragraph 72 of the Amended Complaint.

Babcock Power states that no responsive pleading is required in response to plaintiff's demand for relief.

As its affirmative defenses to all causes of action purportedly brought against it in the Amended Complaint, Babcock Power alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or in part due to the fact that Babcock Power acted in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to the fact that as of May 18, 2005, Babcock Power has paid to plaintiff principal and interest owed under the Notes in the amount of $674,279.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to the fact that Babcock Power has paid the principal amount less appropriate offset for the $1.9M Note and continues on a monthly basis to pay interest owed under the $5.0M Note.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to the fact that Babcock Power has exercised its set-off rights as expressly provided for in each of the Notes.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to the fact that plaintiff's own actions -- by not timely providing Babcock Power with current wiring instructions -- prevented Babcock Power from paying under the Notes, after the appropriate set-off, within five days after October 15, 2004.

## EIGHTH AFFIRMATIVE DEFENSE

Whatever injuries plaintiff allegedly suffered were caused by plaintiff's own actions -- or actions of third parties -- and were not proximately caused by Babcock Power.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's M.G.L. ch. 93A claims are barred due to failure to make the pre-filing demand required by that statute.

## TENTH AFFIRMATIVE DEFENSE

Babcock Power hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and assert such defenses.

WHEREFORE, Babcock Power prays for judgment dismissing the Amended Complaint with prejudice as to Babcock Power and awarding such other and further relief as the Court deems appropriate.

Respectfully submitted,

BABCOCK POWER, INC.
By its attorneys,


 /S/ Steven J. Comen
Steven J. Comen (BBO #093320)
James O. Fleckner (BBO #641494)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
DATED:  May 18, 2005          617-570-1000