UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BABCOCK POWER, INC., )<br>)<br>Defendant, )<br>)<br>BABCOCK POWER, INC., )<br>)<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>BABCOCK BORSIG, AG )<br>)<br>Third-Party Defendant. )<br>) | CIVIL ACTION<br>NO. 04-10825 (RWZ) |

**DEFENDANT BABCOCK POWER, INC.'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Babcock Power, Inc. ("Babcock Power"), through its undersigned counsel, moves for leave to file its opposition to plaintiff's motion for partial summary judgment on the promissory note ("Motion") to a time to be determined during the June 30, 2005 Status Conference with the Court. As grounds for this motion, Babcock Power states:

1. The Motion seeks partial summary judgment on BBP's claim that it is entitled to unpaid capital, interest, costs and attorneys' fees under a $1.9 million promissory note made in connection with the sale of assets from BBP to Babcock Power ("Note").

2. On June 7, 2005, plaintiff BBP served the Motion on Babcock Power's counsel.

3. Under Local Rule 7.1(B)(2), Babcock Power's opposition to the Motion is due to be filed no later than June 21, 2005.

4. The Court has scheduled a Status Conference for the following week, to be held June 30, 2005.

5. The day before BBP filed its motion, on Monday June 6, 2005, counsel for defendant Babcock Power discussed with BBP's counsel, Mr. John Welsh, an extended briefing schedule for the motion, but no resolution was reached. The day after the Motion was filed, on Wednesday, June 8, 2005, the day Mr. Welsh left for a two week absence, counsel for Babcock Power contacted another BBP attorney, Mr. Kenneth Bello, requesting an extension of time to allow the Court to consider the appropriate briefing schedule for the Motion during the June 30, 2005 Status Conference. As stated in Mr. Bello's June 8, 2005 reply email, attached as Ex. 1., BBP does not agree to the requested extension, arguing that the request was simply a delay tactic.

6. Counsel for Babcock Power sought the June 30 Status Conference to discuss discovery issues. Counsel for Babcock Power believe that discovery will be required to fully respond to the Motion. Babcock Power's counsel will be prepared to discuss the bases for this position during the June 30 Status Conference. In summary form, the arguments made by BBP in its memorandum of law in support of its Motion would negate completely the clause in the Note expressly allowing for "a right of set off set forth in Section 8.06" of the agreement allowing for the sale of assets from BBP to Babcock Power. BBP argues that giving effect to such clause would require negating other provisions of the Note. Thus, an ambiguity in the Note may exist, thus requiring discovery as to the intent of the parties when entering into the Note and sales of assets.

7.  Granting Babcock Power's motion to extend time, to a date set at the June 30 Status Conference, will allow the Court to consider a reasoned time-frame for the briefing and disposition of this Motion, based on counsel's presentations as to the manner in which this case might be most efficiently managed and within a context of the broader schedule established by the Court for this litigation. The Court will necessarily consider discovery related to other elements of the sale of assets that is at the core of this litigation, and the Note is one part of that larger transaction.

8.  Moreover, BBP will suffer no prejudice if additional time is allowed for Babcock Power's brief. This is so for a number of reasons. First, the Note has been at dispute between the parties for nearly two years, as evidenced by Babcock Power's August 11, 2003 complaint, captioned <u>Babcock Power, Inc. v. Babcock Borsig Power GmbH, et al.</u>, No. 03-3853-BLS (Mass. Super. Ct.), attached as Ex. 2 ("Complaint"). Among other things, the Complaint (i) alleged that Babcock Power was entitled to $1,731,395, plus interest, related to the sale of BBP assets and (ii) sought relief from any obligation it had to BBP under the Note. (<u>See</u> Complaint ¶¶64-65, 91-92, Prayer for Relief at ¶1(b).) Thus, any additional time for briefing or discovery will not prejudice BBP, which filed this Motion nearly two years after the Note was first put in dispute in litigation.

9.  Second, BBP's counsel have indicated in communications with Babcock Power's counsel for at least six months prior to filing the Motion on June 7, 2005 their intention to file a partial summary judgment motion as to the Note. Indeed, it is telling that the affidavit of Dr. Georg-Peter Kraenzlin is undated. Again, the additional response time sought by Babcock Power cannot prejudice a party, BBP, that has already waited six months to bring this Motion after first indicating it would do so.

10. Third, BBP's Motion seeks only monetary relief. BBP can ultimately be made whole through an award of interest if this Motion is decided after a few additional weeks' time for Babcock Power's opposition, or even a few additional months' time for reasonable discovery to be conducted.

11. Fourth, BBP does not suggest, nor could it, that resolution of its Motion will terminate this litigation or even substantially reduce the scope of disputed issues. Indeed, a second, larger note for $5 million is unaffected by disposition of the Motion, as well as all the underlying claims relating to the non-competition agreement and sale of assets from BBP to Babcock Power. Thus, BBP simply will not be prejudiced by any additional time given to Babcock Power to respond to the Motion, which is directed to one small piece of this larger dispute.

WHEREFORE, Babcock Power respectfully requests that the Court grant its motion allowing it to file its opposition to plaintiff's motion for partial summary judgment on the promissory note at a time to be determined during the June 30, 2005 Status Conference.

Respectfully submitted,

BABCOCK POWER, INC.
By its attorneys,

/S/ Steven J. Comen
Steven J. Comen (BBO #093320)
James O. Fleckner (BBO #641494)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
DATED: June 13, 2005                                    617-570-1000

## LOCAL RULE 7.1 CERTIFICATION

    I hereby certify that, by attached correspondence dated June 8, 2005, I conferred with plaintiff's counsel and attempted in good faith to resolve or narrow the issues raised in this motion but was unable to do so.

                                             /S/ James O. Fleckner_____  
                                             James O. Fleckner