# EXHIBIT 6

## APPROVAL OF BANKRUPTCY CUSTODIAN

The undersigned, being duly authorized to act on behalf of Dr. Helmut Schmitz, the court-appointed Custodian of Babcock Borsig Power GmbH, a German company, pursuant to that certain Delegation of Authority dated November 20, 2002, in such capacity, and not individually, hereby approve the Transition Consulting Services Agreement dated as of November 29, 2002, by and between Babcock Borsig Power GmbH and Hudson Investments Group, Inc. n/k/a Babcock Power Inc., a Delaware corporation, attached hereto, in accordance with the applicable laws of Germany as of this 29th day of November, 2002.

_____
Claus Brinkmann

_____
Bernhard Hampen

B646875.2

# TRANSITION CONSULTING SERVICES AGREEMENT

This TRANSITION CONSULTING SERVICES AGREEMENT (this "*Agreement*") is made as of November 29, 2002, by and among Babcock Borsig Power GmbH, a German corporation (the "*Seller*"), and Babcock Power Inc., a Delaware corporation (the "*Purchaser*").

WHEREAS, pursuant to that certain Stock Purchase Agreement dated as of November 13, 2002, by and between Purchaser and Seller (the "*Purchase Agreement*"), the Seller has agreed to sell to the Purchaser, and the Purchaser has agreed to buy, all of the issued and outstanding shares of capital stock of BBCC Holding Co., Inc., a Delaware corporation, in exchange for the Purchase Price (as defined in the Purchase Agreement) and certain other consideration. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Purchase Agreement;

WHEREAS in connection therewith, the Purchaser and the Seller desire that the Seller provide the Purchaser with certain transition consulting services under the terms and conditions set forth herein; and

WHEREAS, capitalized terms used herein and not otherwise defined herein have the meanings given to such terms in the Purchase Agreement.

NOW, THEREFORE, in consideration of the premises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Seller and the Purchaser agree as follows:

Section.1.    <u>Transition Services</u>. During the term of this Agreement as set forth in Section 6 below (the "*Transition Period*"), the Seller will reasonably endeavor to provide to the Purchaser the transition consulting services described in <u>Annex A</u> attached hereto. The services to be provided to the Purchaser as described in <u>Annex A</u> attached hereto are collectively referred to herein as the "*Services*," and <u>Annex A</u> is hereby incorporated by reference herein.

Section 2.    <u>Excluded Services</u>. The Seller will not be responsible for and shall be under no obligation to provide any other services to the Purchaser other than the Services set forth in <u>Annex A</u>.

Section 3.    <u>Consideration</u>.

(a)    As compensation for the provision of the Services identified in <u>Annex A</u> hereto, the Purchaser will pay the Seller $1,900,000 (the "*Transition Services Consideration*"), by delivery of a Promissory Note in the face amount of $1,900,000 in substantially in the form attached hereto as <u>Annex B</u>.

1

Section 4.    General Intent. During the Transition Period, the Seller shall reasonably endeavor to provide the Services that are set forth on Annex A attached hereto. The Purchaser agrees to reasonably endeavor to end the Purchaser's need to use such assistance as soon as reasonably practicable and, unless the parties otherwise agree, to end such need with respect to each Service specified in Annex A attached hereto not later than the end of the Transition Period.

Section 5.    Validity of Documents. The parties hereto shall be entitled to rely upon the genuiness, validity, or truthfulness of any document, instrument, or other writing presented in connection with the provision of Services pursuant to this Agreement, unless such document, instrument, or other writing appears on its face to be fraudulent, false, or forged.

Section 6.    Term of Agreement. The term of this Agreement shall commence on the date hereof and shall continue, unless further extended pursuant to the terms hereof, for a period of two (2) years.

Section 7.    Confidentiality. Each party shall cause each of its officers, directors, and employees, and each of its affiliates, and the officers, directors, and employees of such affiliates, to hold all information relating to the business of the other party disclosed to it by reason of this Agreement confidential, and will not disclose any of such information to any party unless legally compelled to disclose such information; provided, however, that to the extent that any of them may become so legally compelled, they may only disclose such information if they shall first have used reasonable efforts to, and, if practicable, shall have afforded the other party the opportunity to obtain, an appropriate protective order or other satisfactory assurance of confidential treatment for the information required to be so disclosed.

Section 8.    Breach. The parties hereto agree that any breach or alleged breach of this Agreement shall be resolved in accordance with, and subject to, the indemnification provisions of the Purchase Agreement.

Section 9.    Miscellaneous.

(a)    Notices. All notices and other communications hereunder shall be in writing and shall be deemed given if delivered personally, telecopied (which is confirmed) or sent by a recognized overnight courier service, such as Federal Express, to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

(i) <u>If to the Seller</u>:

Babcock Borsig Power GmbH
c/o Babcock Borsig AG
Duisburger Strasse 375
46044 Oberhausen
Germany
Facsimile: 011-49.208.833.4657
Attention: General Counsel

<u>with a copy to</u>:

Nixon Peabody LLP
101 Federal Street
Boston, MA 02110
Facsimile: (617) 345-1300
Attention: Brian J. Crush, P.C.

(ii) <u>If to the Purchaser</u>:

Babcock Power Inc.
200 East 61st Street, Suite 406
New York, NY 10021
Facsimile: (212) 750-5036
Attention: Nathan Hevrony

<u>with a copy to</u>:

Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
Facsimile: 617.204.8011
Attention: Jeffrey M. Stoler, Esq.

(b) <u>Successors and Assigns</u>. This Agreement shall not be assigned by either party hereto nor shall any of the rights, interests or obligations hereunder shall be assigned by either party hereto (whether by operation of law or otherwise) without the prior written consent of the other party.

(c) <u>Severability</u>. Any term or provision of this Agreement that is held by a court of competent jurisdiction or other authority to be invalid, void or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the invalid, void or unenforceable term or provision in any other situation or in any other jurisdiction. If the final judgment of a court of competent jurisdiction or other authority declares that

3

any term or provision hereof is invalid, void or unenforceable, the parties agree that the court making such determination shall have the power to and shall, subject to the discretion of such court, reduce the scope, duration, area or applicability of the term or provision, to delete specific words or phrases, or to replace any invalid, void or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision.

(d) <u>Entire Agreement; Amendments</u>. This Agreement constitutes the entire agreement and supersede all prior agreements, negotiations, arrangements and understandings, both written and oral, among the parties with respect to the subject matter hereof. Nothing in this Agreement shall be construed to give any person other than the parties to this Agreement or their respective successors or permitted assigns any legal or equitable right, remedy or claim under or in respect of this Agreement or any provision contained herein. This Agreement may not be amended except by an instrument in writing signed by the parties hereto.

(e) <u>Specific Performance</u>. The Seller acknowledges that if it fails to perform any of its obligations under this Agreement, immediate and irreparable harm or injury would be caused to Purchaser for which money damages would not be an adequate remedy. In such event, Seller agrees that Purchaser shall have the right, in addition to any other rights it may have, to specific performance of this Agreement. Accordingly, if Purchaser should institute an action or proceeding seeking specific enforcement of the provisions hereof, Seller hereby waives the claim or defense that Purchaser has an adequate remedy at law and hereby agrees not to assert in any such action or proceeding the claim or defense that such a remedy at law exists. Seller further agrees to waive any requirements for the securing or posting of any bond in connection with obtaining any such equitable relief.

(f) <u>Counterparts</u>. This Agreement may be executed in one or more counterparts (whether delivered by facsimile or otherwise), each of which shall be considered one and the same agreement.

(g) <u>Governing Law</u>.

(i) This Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts without giving effect to the principles of conflicts of law thereof.

(ii) Each of the parties (a) consents to submit itself to the personal jurisdiction of any Federal court in the Commonwealth of Massachusetts or any Massachusetts state court in the event any dispute arises out of this Agreement or any of the transactions contemplated hereby, (b) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court and (c) agrees that it will not bring any action relating to this Agreement or any of the

B0282110v3

transactions contemplated hereby in any court other than a Federal court sitting in the Commonwealth of Massachusetts or a Massachusetts state court.

        (iii)    EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE EACH SUCH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUR OF OR RELATING TO THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT. EACH PARTY CERTIFIES AND ACKNOWLEDGES THAT (A) NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER, (B) EACH SUCH PARTY UNDERSTANDS AND HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (C) EACH SUCH PARTY MAKES THIS WAIVER VOLUNTARILY, AND (D) EACH SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

    (h)    *Section Headings*. The headings of the sections and subsections of this Agreement are inserted for convenience only and shall not be deemed to constitute a part thereof.

    (i)    *Preparation of Agreement*. For purposes of construction, this Agreement shall be deemed to have been drafted by all parties, and no ambiguity shall be resolved against any party by virtue of his, hers or its participation in the drafting of this Agreement.

[ REMAINDER OF PAGE INTENTIONALLY LEFT BLANK / SIGNATURE PAGE FOLLOWS ]

IN WITNESS WHEREOF, the parties have caused this Transition Service Agreement to be executed by their duly authorized representatives as of the date and year first set forth above.

**PURCHASER:**

**BABCOCK POWER INC.**

By: _____
Name: _____
Its: _____

**SELLER:**

**BABCOCK BORSIG POWER GMBH**

By: _____
Name: _____
Its: _____

6

B0282110v3

<u>ANNEX A</u>

<u>Description of Services</u>

1. Support on an as needed basis (with an adequate lead time of at least fifteen (15) business days) to assist in the transition of the Purchaser's main operating subsidiaries from their status as subsidiaries of a large international corporation to subsidiaries of an independently owned, United States-based company;

2. Provide information regarding financial, tax, audit, and bookkeeping matters regarding past transactions;

3. Assist in providing information to support past claims and structural issues; and

4. Provide information regarding employees and human resource matters in relation to (a) transition activities, and (b) past activities.