# EXHIBIT 14

# GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 10, 2005

**By Facsimile and Regular Mail**

Kenneth M. Bello, Esq.
Bello Black LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Dear Ken:

Attached is the 30(b)(6) deposition notice that we have discussed, designed to allow discovery to be conducted in as efficient manner as possible by having the most knowledgeable person identify at the outset of Babcock Power, Inc.'s discovery the potentially relevant documents such that we can then make targeted document requests. You have stated in the past that Dr. Georg-Peter Kraenzlin is the likely Babcock Borsig AG ("BBX") representative for this deposition. This is consistent with our understanding that he is the sole remaining BBX director and has significant institutional knowledge of the events at issue. Indeed, you have long acknowledged our requests to conduct his deposition in this litigation, and we have agreed to go to Germany to do so. Please let us know prior to the Court conference on June 30, 2005, whether, notwithstanding the above, you will instead be proposing one or more people other than Dr. Kraenzlin as BBX's designee(s) for all of the topics identified in this deposition notice and please identify those witnesses for us prior to June 30. I note that to the extent that you designate multiple witnesses, with each handling certain topics on this list, we will be happy to arrange for the depositions to take place on consecutive days, or to have deponents appear consecutively on the same day as appropriate, in order to make this process as efficient as possible given the international travel required.

Very truly yours,

Steve

Steven J. Comen

cc:     James O. Fleckner, Esq.

P.S. Please communicate directly with Jamie after this Friday, since I will be out of the country.

LIBA/1556948.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br><br>Plaintiff,<br><br>v.<br><br>BABCOCK POWER, INC.,<br><br>Defendant,<br><br>BABCOCK POWER, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>BABCOCK BORSIG, AG<br><br>Third-Party Defendant. | CIVIL ACTION<br>NO. 04-10825 (RWZ) |

## NOTICE OF TAKING VIDEO DEPOSITION

TO:  Kenneth M. Bello, Esq.
     Bello Black & Welsh LLP
     535 Boylston Street Suite 1102
     Boston, MA  02116

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant and third-party plaintiff Babcock Power, Inc., by its counsel, will take the deposition upon video-recorded oral examination of a representative of third-party defendant Babcock Borsig AG.  The deposition will take place on Wednesday, July 6, 2005, at the offices of Babcock Borsig AG in Oberhausen, Germany, or on some other date, or at some other

location, as may be mutually agreed upon at the Status Conference with the Court scheduled for June 30, 2005.

Babcock Borsig AG is requested and required pursuant to Rule 30(b)(6) to designate and make available to testify on its behalf at said deposition the person or persons most knowledgeable about the subject matters set forth on the attached Schedule A.

The deposition will take place before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. You are invited to attend and examine the witness.

BABCOCK POWER, INC.,

By their attorneys,

_____
Steven J. Comen (BBO #093320)
James O. Fleckner (BBO #641494)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: June 13, 2005

2

## CERTIFICATE OF SERVICE

I, James O. Fleckner, hereby certify that on this 13th day of June, 2005, I caused a true copy of the foregoing document to be served upon the attorney of record for each other party by hand-delivery upon:

Kenneth M. Bello, Esq.
Bello Black & Welsh LLP
535 Boylston Street Suite 1102
Boston, MA  02116

James O. Fleckner

LIBA/1549295.1

## INSTRUCTIONS AND DEFINITIONS

1. In accordance with Fed. R. Civ. P. 30(b)(6), Babcock Borsig AG shall designate an officer, director, managing agent or other person who consent to testify on its behalf concerning the matters described below in Schedule A.

2. The term "concerning" shall be construed broadly and shall include, but not be limited to, the following meanings: containing, recording, discussing, mentioning, noting, evidencing, referencing, constituting, memorializing, analyzing, describing, commenting upon, pertaining to and/or referring to the matters set forth.

3. The term "document" shall be interpreted broadly and shall include, but not be limited to, any writing, any matter or tangible thing containing a recording, handwriting, typewriting, printing, photograph or any other means of recording upon any tangible thing, videotapes, audio tapes, computer tapes or disks, electronically stored data, electronic mail, electronically-stored records or other computer files or records including without limitation deleted but recoverable data, computer printouts, any form of communication, including, without limitation, letters or other correspondence, words, pictures, notes, memoranda, contracts, agreements, reports, studies, summaries, records, transcripts, checks, checkbooks, check stubs, bank statements, deposit slips, journals, ledgers, worksheets, bills, invoices, minutes, minute books, agenda, bulletins, notices, announcements, instructions, charts, tables, manuals, brochures, pamphlets, lists, books, diaries, registers, appointment books, conferences or discussions of any kind, tax returns, or papers similar to any of the foregoing whether in draft or final form, however produced or reproduced, and whether sent or received or neither, including all copies thereof which are different in any way from the original.

4. "ATB Austria Antriebstechnik" shall mean ATB Austria Antriebstechnik AG and any Related Entity.

5. "Austrian Energy & Environment" shall mean Austrian Energy & Environment AG and any Related Entity.

6. "BBP" shall mean Babcock Borsig Power GmbH and any Related Entity.

7. "BBX" shall mean Babcock Borsig AG and any Related Entity.

8. "Babcock Borsig Entities" shall mean BBX and BBP, and any Related Entity, either individually or collectively.

9. "Babcock Power, Inc." shall mean Babcock Power, Inc., and any Related Entity.

10. "Balcke-Dürr" shall mean Balcke-Dürr GmbH and and any Related Entity.

11. "BBP Service Ratingen" shall mean BBP Service Ratingen GmbH and any Related Entity.

12. "BD Heat" shall mean BD Heat Recovery Division, Inc. and any Related Entity.

13. "BOREAS" shall mean BOREAS Gruppe of Dresden, Germany, and any Related Entity.

14. "Borsig Energy" shall mean Borsig Energy GmbH and any Related Entity.

15. "Caterpillar" shall mean Caterpillar, Inc. and any Related Entity.

LIBA/1549336.1

16. "Deutsche Beteiligungs" shall mean Deutsche Beteiligungs AG and any Related Entity.

17. "FISIA Babcock" shall mean FISIA Babcock Environment GmbH and and any Related Entity.

18. "GEA Ecoflex" shall mean GEA Ecoflex GmbH and any Related Entity.

19. "HDW" shall mean Howaldtswerke-Deutsche Werft AG and any Related Entity.

20. "Hitachi" shall mean Babcock-Hitachi K.K. and any Related Entity.

21. The term "Intellectual Property" shall mean patents, patent applications, inventions, trade secrets, trademark registrations, trademark registration applications, copyrights, trade names, trade dress, copyrights, know-how, and licenses to any of the foregoing.

22. "Meade Corporation" shall mean The Meade Corporation and any Related Entity.

23. "Mitsui" shall mean Mitsui Babcock Ltd. and any Related Entity.

24. The term "Non-Competition Agreement" shall mean the Non-Competition Agreement between Babcock Borsig Power GmbH and Babcock Power, dated November 29, 2002.

25. The term "Promissory Notes" shall mean the two promissory notes dated November 29, 2002, in the amounts of $1.9 million and $5.0 million, signed by Babcock Power, Inc.

26. The term "Purchase Agreement" shall mean the Stock Purchase Agreement between Babcock Borsig Power GmbH and Babcock Power, dated November 13, 2002 and amended November 29, 2002.

27. The term "Related Entity," when used in reference to any corporation named herein, shall mean any parent, subsidiary, affiliate, predecessor, successor, assign or "rescue company" of such corporation, and shall include all of the successors and assigns of such corporation's present or future parents, subsidiaries and affiliates.

28. "One Equity Partners" shall mean One Equity Partners LLC and any Related Entity.

29. "SPX" shall mean SPX Corporation and any Related Entity, excluding Balcke-Dürr.

30. "Steinmüller" shall mean Steinmüller Engineering Services (Pty) Limited and any Related Entity.

31. In construing these definitions and instructions and the topics delineated in Schedule A, (i) the singular shall include the plural and the plural shall include the singular; (ii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this request all information that might otherwise be construed to be outside its scope; and (iii) the word "any" shall be read to mean each and every.

LIBA/1549336.1

## SCHEDULE A – AREAS OF INQUIRY

Babcock Power, Inc., will take the deposition upon oral examination of the representative of Babcock Borsig AG who is most knowledgeable about the corporate structure and organization of the Babcock Borsig Entities and the location or locations of the following:

1. Organizational charts showing the relationships between or amongst the Babcock Borsig Entities.

2. Documents concerning corporate meetings of any or all of the Babcock Borsig Entities.

3. Documents concerning the negotiation, execution, and interpretation of the Purchase Agreement.

4. Documents concerning the negotiation, execution, and interpretation of the Non-Competition Agreement.

5. Documents concerning the negotiation, execution, and interpretation of the Promissory Notes, including, but not limited to, documents concerning the collection of amounts owed by Babcock Power, Inc. under the Promissory Notes.

6. Documents concerning any sales of stock or assets (tangible or intangible) by any of the Babcock Borsig Entities to any other entity, including but not limited to:

    a. ATB Austria Antriebstechnik;
    b. Austrian Energy & Environment;
    c. Balcke-Dürr;

5

LIBA/1549336.1

  d. BD Heat Recovery;

  e. BOREAS;

  f. Borsig Energy;

  g. Caterpillar;

  h. Deutsche Beteiligungs;

  i. FISIA Babcock;

  j. GEA Ecoflex;

  k. HDW;

  l. Hitachi;

  m. Meade Corporation;

  n. Mitsui;

  o. One Equity Partners;

  p. SPX; and

  q. Steinmüller.

7. Documents concerning any non-competition agreements entered into as part of any sale of stock or assets by any of the Babcock Borsig Entities, and any efforts at enforcement thereof.

8. Documents concerning any Intellectual Property owned or possessed by the Babcock Borsig Entities within the last five years.

9. Employment, payroll, and personnel records of the Babcock Borsig Entities.

10. Documents concerning any active or ongoing litigation, and any litigation within the last ten years, involving any of the Babcock Borsig Entities.

11. Any document retention and destruction policies of the Babcock Borsig Entities.

LIBA/1549336.1

12. Documents concerning any damages allegedly sustained by BBP or any of the Babcock Borsig Entities and relating to the claims asserted in BBP's First Amended Complaint.

13. The identity and location of any other person or persons in possession of knowledge and documents relating to any of the foregoing, including, but not limited to each person's name, title or former title, or a description of the person's association or former association with the Babcock Borsig Entities, and each person's current address or other contact information, if known.

LIBA/1549336.1