# EXHIBIT 15



535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-4122
kbello@belloblack.com

June 14, 2005

**By Fax [617-523-1231] and Regular Mail**

Steven J. Comen, Esquire
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

Re:    Babcock Borsig Power GmbH v. Babcock Power, Inc. and
       Babcock Power, Inc. v. Babcock Borsig, AG
       **U.S. District Court Civil Action No.: 04-10825 (RWZ)**

Dear Steve:

I am in receipt of your letter dated June 10, 2005, and have reviewed the attached Rule 30(b)(6) Notice and "Areas of Inquiry" list. In order to avoid disputes regarding the scope of the deposition (whenever it may occur), I am writing promptly to alert you to a number of obvious and initial objections. In that regard, as I just returned to the office today, the client has yet to review the Areas of Inquiry, and may have additional concerns that I will communicate to you.

As an initial matter, I repeatedly have told you that while Dr. Kraenzlin *may be* the Rule 30(b)(6) designee, that determination could not and would not be made until receipt of the Areas of Inquiry. Also, as you know, Babcock is not obligated to advise you of its designees in advance. In that regard, Babcock is more than willing to cooperate in these areas, if it is a *two-way street*. Unfortunately, each time we request any form of cooperation and/or information from your client – be it substantive or procedural -- you steadfastly refuse to respond. For example, we repeatedly have requested dates for depositions of the corporate witness of BPI, yet none has been forthcoming. Similarly, we repeatedly have requested the reason(s) that you believe discovery is needed with respect to the $1.9M note, or even the factual/legal bases of your client's refusal to pay that note in full; the consistent response is that you cannot or will not identify your client's position.

As to the Deposition Notice and Areas of Inquiry, the proposed date is not acceptable, as it obviously falls immediately after the July 4 holiday, and on a practical level, it leaves no time to travel to Germany, and meet and prepare with the witness(es). I will forward to you alternative dates in the next few days. Your covering letter appears to suggest that documents

*labor | employment | litigation | resolution*

would be produced at the same time as these depositions, even though no Rule 34 document request has been received. Rule 30(b)(6) is not an end-run around a properly served Rule 34 Request, which provides 30-days for a response, including objections. As set forth below, many of the Areas of Inquiry are in our view objectionable, as would be any corresponding documents requests. To the extent that you seek documents, therefore, please prepare and serve a Rule 34 Request, which our client can respond to in the ordinary course.

As to the Areas of Inquiry, several scope far beyond any known issues in the Complaint or Counterclaim, and appear either to be a fishing expedition or a means of using discovery as a device of harassment and intimidation. By way of examples only, Areas of Inquiry Nos. 2, 6 (except as to Hitachi), 7, 8, 9, 10 and 13 seek information about numerous other Babcock Borsig Entities that are not involved at all in any of the disputes in this case. Absent articulation of a specific justifiable reason for seeking information on these other entities, we will file a Motion for Protective Order. Since we both can be certain that the Court does not want to deal with discovery disputes, I strongly suggest that we schedule a conference/meeting well prior to the June 30th Status Conference. Please get back to us as soon as possible with proposed dates of such a conference.

Steve, in closing, let me suggest once again that the parties (and counsel) work together in a *mutual* spirit of cooperation.

Sincerely,

Kenneth M. Bello

cc:     Dr. Georg-Peter Kraenzlin
        John F. Welsh, Esquire

*labor | employment | litigation | resolution*