# EXHIBIT 16

# GOODWIN | PROCTER

Steven S. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 6, 2005

**By Facsimile (617.247.4125) and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re:   **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
      **Civil Action No. 04-10825 RWZ**

Dear John:

Thank you for confirming that the 30(b)(6) deposition of Babcock Borsig, AG ("BBX") will take place in Germany on July 28. I will await word from you as to the location and time you would like to start, and remain flexible as to having the deposition occur over the two day period from July 28 to the 29th, pending availability of Dr. Kraenzlin.

To accommodate your concerns about the scope of the deposition, I propose the following limitation of the Areas of Inquiry contained in the June 13 notice:

- We will withdraw completely Area of Inquiry No. 10.

- We will withdraw Area of Inquiry No. 9 with the understanding that due to his present position and background with BBX and some of its subsidiaries, Dr. Kraenzlin will be able to identify the names and locations of key witnesses. If he is not able to do so, we expect that we might need to ask for certain targeted employment records or other like discovery.

- We will limit the scope of Areas of Inquiry Nos. 1, 2, 6, 7, 8 and 11 in two ways.

  - First, we will apply a revised definition of "Related Entity," as incorporated into the term "Babcock Borsig Entities" in Areas of Inquiry Nos. 1, 2, 6, 7, 8 and 11, as follows:

    The term "Related Entity," when used in reference to any corporation named herein, shall mean any parent, subsidiary, affiliate, predecessor,

LIBA/1563459.2

John F. Welsh, Esq.
July 6, 2005
Page 2

> successor, assign or "rescue company" of such corporation, and shall include all of the successors and assigns of such corporation's present or future parents, subsidiaries and affiliates, but only if such entity has engaged since January 1, 2000 in the following:
>
> (i) within the customer market composed of fossil-fired and waste-to-energy power plants, all activities associated with the design, engineering, manufacture, fabrication, installation, servicing, maintenance or sale of new equipment or replacement parts for selective catalytic reduction and flue gas desulfurization equipment for the reduction of nitrous oxide or sulphur dioxide emissions; (ii) within the customer market composed of fossil-fired (including but not limited to combined cycle) or nuclear power plants, all activities associated with the provision of the design, engineering, manufacture, fabrication, installation, servicing, maintenance or sale of boiler components and pressure parts, power plan construction-related services, boiler rebuilds and retrofits, engineered replacement parts or field services; and (iii) within the customer market composed of fossil-fired (including but not limited to combined cycle) and nuclear power plants, all activities associated with the design, engineering, manufacture, fabrication, installation, servicing, maintenance or sale of condensers, feedwater heaters and moisture separator repeaters.

- Second, we will limit the time period of inquiry to the period from January 1, 2000 to the present for Areas of Inquiry Nos. 1, 2, 6, 7, 8 and 11. If it appears during the course of the deposition that information predating January 1, 2000 may be relevant, we reserve the right to ask questions about such period. But as you and I discussed, if Dr. Kraenzlin's honest answer to such question(s) is "I don't recall" or "I don't know," then I will not attempt to hold his lack of preparation against him as to such responses.

These accommodations apply solely to the 30(b)(6) deposition noticed on June 13. We reserve all rights to later seek discovery into those areas that previously were an Area of Inquiry but are being eliminated to facilitate this present process. I believe that these accommodations address all of the concerns you raised, but preserve our right to seek legitimate discovery tailored to the claims and defenses in this litigation. While you had asked for a list of "relevant identified Babcock entities" in Areas of Inquiry Nos. 1, 2, 6, 7 and 11, we are unable in advance of the deposition to craft such a list as we do not possess the necessary information. Nonetheless, to be as accommodating as we reasonably can be, we have used the functional definition above -- taken from the Noncompetition agreement itself -- to attempt to limit the entities that may be subject to inquiry.

John F. Welsh, Esq.
July 6, 2005
Page 3

Additionally, as we discussed, we will schedule the 30(b)(6) deposition you noticed for a date no later than 10 days after we have all returned from Germany. Let us know your preference and I will confirm the date next week, when the deponent returns from vacation.

Finally, consistent with our conversation, this letter also serves as our written objection under Fed. R. Civ. P. 34(b) to your First Request to Defendant Babcock Power, Inc. for Production of Documents as being prematurely served in contravention of the agreed upon discovery ordering contained in the Joint Proposed Discovery Plan, which contemplates that we first proceed with these 30(b)(6) depositions. Notwithstanding this formal objection necessary under the Rules, be advised that we have begun the process of collecting the documents that are called for in your document requests and plan nonetheless to produce them in a timely fashion, with the expectation that should you provide documents in advance of your deposition as you have represented you will, we will do the same.

I look forward to working together as adversaries who avoid being adversarial.

Very truly yours,

Steven J. Comen