UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHISSETTS

| | |
|---|---|
| BABOCK BORSIG POWER GmbH,<br><br>Plaintiff,<br>v.<br><br>BABCOCK POWER, INC.,<br><br>Defendant,<br><br>BABOCK POWER, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>BABCOCK BORSIG, AG<br><br>Third-Party Defendant. | CIVIL ACTION<br>NO. 04-10825 (RWZ) |

**PLAINTIFF BABCOCK BORSIG POWER GmbH MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff Babcock Borsig Power GmbH ("Babcock") moves for an Order (proposed form included with this Motion) compelling Defendant Babcock Power, Inc. ("BPI") to respond to and produce documents pursuant to a First Request for Production of Documents (copy attached hereto as <u>Exhibit A</u>), a focused list of 22 separate requests. On June 8, 2005, nearly three months ago, Babcock served on counsel its First Request for Production of Documents (the "Document Request"). BPI has not responded to the Document Request, nor produced responsive documents. As a result, scheduled

03010780

depositions have been delayed and/or postponed, including Babcock's Rule 30(b)(6) deposition of BPI, noticed on June 16, 2005 (copy attached hereto as <u>Exhibit B</u>).[1]

BPI's only (yet repeated) response to its refusal to respond to the document request and produce responsive documents is its generalized objection based on its assertion that there somehow is a "deal" between counsel that formal discovery will occur only after both parties complete initial Rule 30(b)(6) to identify and locate witnesses and documents. In numerous letters back and forth, respective counsel have stated their differing views regarding this issue, all to no constructive end. Attached as <u>Exhibit C</u> are copies of various letters between counsel, highlighted as to the topic in dispute for the convenience of the Court.

The essence of BPI's position is that both parties agreed in the context of the Joint Scheduling Order[2] to take "targeted" Rule 30(b)(6) depositions to identify the location of witnesses and documents, and therefore, Babcock is precluded from proceeding forward with formal discovery until and unless it takes a "targeted 30(b)(6) deposition". Putting aside the fact that Babcock did not agree that it had to take such a limited deposition, the fact is that the location of witnesses and documents are substantially known to Babcock, and a preliminary deposition for that sole purpose is a pure waste of time and money. Of note is BPI's counsel's letter dated July 6, 2003 (included as part of <u>Exhibit C</u>), in which he states that notwithstanding BPI's generalized objection to the Document Request, "*be advised that we have begun the process of collecting the documents that are called for in your document requests and plan nonetheless to produce them in a timely fashion*".

---

[1] BPI did take a Rule 30(b)(6) deposition of Dr. Georg-Peter Kraenzlin in Germany on July 28, 2005, and has since filed its own Rule 34 Request for Production of Documents.

[2] Attached hereto as <u>Exhibit D</u>.

03010780

Nearly two months later, BPI has not produced a formal Rule 34 Response nor the documents responsive to critical requests made by Babcock. In that regard, while BPI's counsel also has asserted repeatedly that it has "voluntarily" produced a large volume of documents, those documents do not respond to the essential and critical discovery matters attendant to this case (e.g., documents relating to negotiation of the underlying agreements at dispute here, documents relating to the Hitachi transaction). Parenthetically, Babcock, which only recently received a formal Rule 34 Request from BPI, also has "voluntarily" produced documents to BPI.

This dispute is endemic of what has occurred from the commencement of the case. Despite the rhetoric of wanting to move the case forward expeditiously, and wanting to cooperate, the conduct has been one of delay and obfuscation. Illustrative examples include: (i) Babcock filed an "Assented To" Amended Complaint on December 20, 2004, which was not Answered until May 18, 2005; (ii) in June, 2005, Babcock filed a Motion for Partial Summary Judgment on a $1.9M Promissory Note, which BPI moved to extend until the conclusion of the all discovery. Babcock believes that there is a simple litigation tactic to all of this based on the reality that BPI, not Babcock"has the money", including the $1.9M Promissory Note, and another Promissory Note for $5.0M, which similarly is in default.

Babcock simply seeks to get this case moving so that it can complete discovery on a timely basis and hopefully without need for extension for fact discovery (scheduled for completion by December 31, 2005). At this point, the outright refuse to produce plainly relevant documents strongly suggests the existence of documents that are not helpful to BPI's positions in this case. There is no excuse under the Rules or otherwise for BPI to

03010780

fail entirely to respond to a Rule 34 Request for Production of Documents, and Babcock therefore requests an immediate Order requiring a Rule 34 Response and actual production of documents seven days following entry of the Court's Order

Respectfully submitted,

**BABCOCK BORSIG POWER GmbH**

By its Attorneys,

Kenneth M. Bello, BBO # 036630
Josiah M. Black, BBO # 632690
John F. Welsh, BBO #522640
BELLO BLACK & WELSH, LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
(617) 247-4100

Dated: August 31, 2005

03010780