A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>Plaintiff,<br><br>v.<br><br>BABCOCK POWER, INC.,<br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>BABCOCK BORSIG, AG<br>Third-Party Defendant. | C.A. No. 04 CV 10825-RWZ |

### PLAINTIFF BABCOCK BORSIG POWER, GmbH'S FIRST REQUEST TO DEFENDANT BABCOCK POWER INC. FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Plaintiff Babcock Borsig Power, GmbH ("BBP") requests that Defendant and Third-Party Plaintiff Babcock Power, Inc. ("BPI") produce the documents requested below within the time provided by the Rules.

### DEFINITIONS

1. "BBP," as used herein, shall mean Plaintiff Babcock Borsig Power, GmbH.

2. "BBX," as used herein, shall mean Third-Party Defendant Babcock Borsig AG.

3. "BPI," as used herein, shall mean Defendant and Third-Party Plaintiff Babcock Power Inc.

4. "Complaint," as used herein, means the Complaint for Declaratory Judgment filed by Plaintiff BBP in the United States District Court for the District of Massachusetts on April 26, 2004.

5. "Counterclaim," as used herein, means the Third-Party Complaint and Jury Demand filed by Defendant and Third-Party Plaintiff BPI on or about September 15, 2004.

6. "Person," as used herein, means any natural person or any business, legal, or governmental entity or association.

7. "Communication," as used herein, means the oral or written transmittal of information in the form of facts, ideas, inquiries, or otherwise.

8. "Document," as used herein, shall be defined to the broadest extent permitted by Rule 34(a) and includes, without limitation, all writings, drawings, graphs, charts, photographs, phone records, and other data compilations which, if necessary, can be obtained and/or translated through detection devices into reasonably usable form, including without limitation computer files and data. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Concern" and "concerning," as used herein, means referring to, describing, evidencing, or constituting.

10. "SPA," as used herein, shall mean the Stock Purchase Agreement between BBP and BPI dated November 13, 2002, as well as any exhibits, schedules, or amendments thereto.

11. "NCA," as used herein, shall mean the Non-Competition Agreement between BBP and BPI dated November 29, 2002.

## INSTRUCTIONS

1. The use of the singular in this Request includes the plural, and the use of the plural includes the singular. The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

2. This Request is intended to cover all documents in BPI's possession, as well as those subject to its custody or control, whether in its possession, at the office of its attorneys, or at any other place or in the possession of any other person or entity subject to BPI's control.

3. If BPI objects to the production of certain documents on the grounds of privilege, it should fully identify each such allegedly privileged document by providing the following information: (1) the author of the document; (2) the addressee(s) or other intended recipient(s) of the document; (3) the date on which the document was prepared; (4) the title of the document; (5) the number of pages in the document; and (6) the subject matter of the document.

4. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

5. This Request is continuing in nature. Accordingly, Defendant and Third-Party Plaintiff must supplement and/or amend its responses, where appropriate.

## REQUESTS FOR PRODUCTION

1. Any and all documents concerning the SPA, including, but not limited to drafts, notes, memos, and correspondence.

2. Any and all documents concerning the NCA, including, but not limited to drafts, notes, memos, and correspondence.

3. Any and all documents concerning the meaning of the term "Affiliate" in the SPA, including, but not limited to drafts, notes, memos, and correspondence.

4. Any and all documents concerning the meaning of the term "Affiliate" in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

5. Any and all documents concerning the meaning of the term "successors" in the NCA, including but not limited to drafts, notes, memos, and correspondence.

3

6. Any and all documents concerning the negotiations that led to the execution of the SPA and the NCA, including, but not limited to drafts, notes, memos, and correspondence.

7. Any and all documents concerning discussions of the scope of the restrictive covenants in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

8. Any and all documents concerning discussions of the application of the restrictive covenants in the NCA to successors of Affiliates or Affiliates' successors.

9. Any and all documents concerning discussions of the application of the NCA to a third-party with existing competitive operations in the Restrictive Territory, including but not limited to discussion of the hypothetical purchase by General Electric or a similar entity of assets from BBP or BBX.

10. Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") of BBX's subsidiary Power Systems in December 2002, including, but not limited to notes, memoranda, correspondence, drafts, and agreements.

11. Any and all documents concerning communications between BPI and Hitachi concerning the latter's purchase of Power Systems, including, but not limited to notes, memoranda, correspondence, drafts, and agreements.

12. Any and all documents concerning monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, including, but not limited to notes, memoranda, correspondence, drafts, checks, wire transfer coupons, deposit slips, and agreements.

13. Any and all documents concerning the potential or actual purchase by Mitsui Babcock of BBX's subsidiary Power Service, including, but not limited to notes, memoranda, correspondence, drafts, and agreements.

14. Any and all documents concerning communications between BPI and Mitsui Babcock concerning the latter's purchase of Power Service, including, but not limited to notes, memoranda, correspondence, drafts, and agreements.

15. Any and all documents that support, refute, or otherwise relate to the allegations in the Complaint.

16. Any and all documents that support, refute, or otherwise concern the allegations in the Counterclaim.

17. Any and all documents that support, refute, or otherwise concern BPI's allegation in the Counterclaim that BBP has breached the NCA.

18. Any and all documents that support, refute, or otherwise concern the purchase by Balcke-Durr GmbH or BBP Service Rattingen GmbH f/k/a Balcke-Durr Service GmbH, including, but not limited to, notes, memoranda, agreements, drafts, and correspondence.

19. Any and all documents that support, refute, or otherwise concern BPI's allegation in Paragraph 6 of the Counterclaim that "the German entities have failed to pay Babcock Power over $1.7 million in post-closing adjustments arising from workers' compensation payments paid by American entities on behalf of the German entities under the agreement to purchase the American assets," including, but not limited to insurance policies, agreements, invoices, ledgers, spreadsheets, notes, memoranda, and correspondence.

20. Any and all documents that BPI intends to introduce at a trial of this matter.

21. Any and all documents concerning BPI's communications with potential expert witnesses, whether or not such experts were actually engaged, including, but not limited to correspondence, notes, memoranda, agreements, biographies, factual summaries, resumes, or curricula vitae.

22. Any and all documents concerning any damages that BPI alleges it has suffered as a result of the conduct of BBP, BBX, or its or their, officers, directors, employees, or agents.

BABCOCK BORSIG POWER GmbH,

By Its Attorneys,

_____
Kenneth M. Bello, BBO # 036630
John F. Welsh, BBO # 522640
Josiah M. Black, BBO # 632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: June 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 6/8/05

B



**Bello Black & Welsh LLP**
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-8476
kbello@belloblack.com

June 16, 2005

By Hand Delivery

Stephen J. Comen, Esq.
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

RE: **Babcock Borsig Power GmbH v. Babcock Power, Inc. and Babcock Power, Inc. v. Babcock Borsig, AG**
U.S. District Court Civil Action No.: 04-10825 (RWZ)

Dear Steve:

Enclosed please find Plaintiff's Notices of Deposition for Messrs. James Brantl, Jim Woods and Anthony Brandano, as well as a Notice of Rule 30(B)(6) Deposition of Defendant Babcock Power, Inc.

You will note that I have not included specific dates, with the expectation that counsel will work together to find mutually acceptable dates for these and any other depositions. As reflected in my letter of earlier this week (to which I have not had a response), please get back to me with dates so that we can address these discovery matters.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Kenneth M. Bello

Enclosures
Cc:  / Dr. Georg-Peter Kraenzlin
     / John Welsh, Esquire
     / Josh Black, Esquire
     / James Fleckner, Esquire

labor | employment | litigation | resolution

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, <br> Plaintiff, <br><br> v. <br><br> BABCOCK POWER, INC., <br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> BABCOCK BORSIG, AG <br> Third-Party Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 04 CV 10825-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT BABCOCK POWER, INC.

To: Steven J. Comen, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on _____, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the Rule 30(b)(6) deposition upon oral examination of Defendant Babcock Power, Inc., on the subjects listed in Attachment A hereto, pursuant to the Federal Rules of Civil Procedure 30(b)(6), before a Notary Public in and for the Commonwealth of Massachusetts, or before some other person authorized to give oaths.

Respectfully submitted,
BABCOCK BORSIG POWER GMBH,
By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Josiah M. Black, BBO #632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: June 16, 2005

Attachment A

**DEFINITIONS**

1. "BBP," as used herein, shall mean Plaintiff Babcock Borsig Power, GmbH.

2. "BBX," as used herein, shall mean Third-Party Defendant Babcock Borsig AG.

3. "BPI," as used herein, shall mean Defendant and Third-Party Plaintiff Babcock Power Inc.

4. "Complaint," as used herein, means the Complaint for Declaratory Judgment filed by Plaintiff BBP in the United States District Court for the District of Massachusetts on April 26, 2004.

5. "Counterclaim," as used herein, means the Third-Party Complaint and Jury Demand filed by Defendant and Third-Party Plaintiff BPI on or about September 15, 2004.

6. "Person," as used herein, means any natural person or any business, legal, or governmental entity or association.

7. "Communication," as used herein, means the oral or written transmittal of information in the form of facts, ideas, inquiries, or otherwise.

8. "Document," as used herein, shall be defined to the broadest extent permitted by Rule 34(a) and includes, without limitation, all writings, drawings, graphs, charts, photographs, phone records, and other data compilations which, if necessary, can be obtained and/or translated through detection devices into reasonably usable form, including without limitation computer files and data. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Concern" and "concerning," as used herein, means referring to, describing, evidencing, or constituting.

10. "SPA," as used herein, shall mean the Stock Purchase Agreement between BBP and BPI dated November 13, 2002, as well as any exhibits, schedules, or amendments thereto.

11. "NCA," as used herein, shall mean the Non-Competition Agreement between BBP and BPI dated November 29, 2002.

## LIST OF SUBJECTS FOR RULE 30(b)(6) DEPOSITION

1. The negotiations and any other communications that led to the execution of the SPA and the NCA, the identity of all persons involved with this topic, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

2. The negotiations and any other communications that led to the execution of the $5.0M promissory note, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

3. The negotiations and other communications between BBP or BBX and BPI concerning of the scope of the restrictive covenants in the NCA, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

4. BPI's communications with Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") concerning Hitachi's purchase of BBX's subsidiary Power Systems in December 2002, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

5. Negotiations between BPI and Hitachi and monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

6. Communications between BPI and Mitsui Babcock concerning the latter's purchase of BBX's subsidiary Power Service, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

7. The allegation by BPI in its Counterclaim that BBP has breached the NCA.

8. The allegation by BPI in Paragraph 6 of the Counterclaim that "the German entities have failed to pay Babcock Power over $1.7 million in post-closing adjustments arising from workers' compensation payments paid by American entities on behalf of the German entities under the agreement to purchase the American assets" including, but not limited to insurance policies, agreements, invoices, ledgers, spreadsheets, notes, memoranda, and correspondence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>    Plaintiff,<br><br>v.<br><br>BABCOCK POWER, INC.,<br>    Defendant and Third-Party Plaintiff,<br><br>v.<br><br>BABCOCK BORSIG, AG<br>    Third-Party Defendant. | C.A. No. 04 CV 10825-RWZ |

## NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on _____, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the deposition of James Brantl.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,
BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Josiah M. Black, BBO #632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: June 16, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>    Plaintiff,<br><br>v.<br><br>BABCOCK POWER, INC.,<br>    Defendant and Third-Party Plaintiff,<br><br>v.<br><br>BABCOCK BORSIG, AG<br>    Third-Party Defendant. | C.A. No. 04 CV 10825-RWZ |

### NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on _____, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Jim Woods.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,
BABCOCK BORSIG POWER GMBH,
By Its Attorneys,

_____
Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Josiah M. Black, BBO #632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: June 16, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, <br> Plaintiff, <br><br> v. <br><br> BABCOCK POWER, INC., <br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> BABCOCK BORSIG, AG <br> Third-Party Defendant. | C.A. No. 04 CV 10825-RWZ |

## NOTICE OF DEPOSITION

To: Steven J. Comen, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on _____, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Anthony Brandano.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,
BABCOCK BORSIG POWER GMBH,
By Its Attorneys,

/s/ Kenneth M. Bello

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Josiah M. Black, BBO #632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: June 16, 2005