**C**

GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 6, 2005

**By Facsimile (617.247.4125) and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

**Re:    Babcock Borsig Power GmbH v. Babcock Power, Inc.**
**Civil Action No. 04-10825 RWZ**

Dear John:

Thank you for confirming that the 30(b)(6) deposition of Babcock Borsig, AG ("BBX") will take place in Germany on July 28. I will await word from you as to the location and time you would like to start, and remain flexible as to having the deposition occur over the two day period from July 28 to the 29th, pending availability of Dr. Kraenzlin.

To accommodate your concerns about the scope of the deposition, I propose the following limitation of the Areas of Inquiry contained in the June 13 notice:

- We will withdraw completely Area of Inquiry No. 10.

- We will withdraw Area of Inquiry No. 9 with the understanding that due to his present position and background with BBX and some of its subsidiaries, Dr. Kraenzlin will be able to identify the names and locations of key witnesses. If he is not able to do so, we expect that we might need to ask for certain targeted employment records or other like discovery.

- We will limit the scope of Areas of Inquiry Nos. 1, 2, 6, 7, 8 and 11 in two ways.

    - First, we will apply a revised definition of "Related Entity," as incorporated into the term "Babcock Borsig Entities" in Areas of Inquiry Nos. 1, 2, 6, 7, 8 and 11, as follows:

        The term "Related Entity," when used in reference to any corporation named herein, shall mean any parent, subsidiary, affiliate, predecessor,

LIBA/1563459.2

GOODWIN | PROCTER

John F. Welsh, Esq.
July 6, 2005
Page 2

> successor, assign or "rescue company" of such corporation, and shall
> include all of the successors and assigns of such corporation's present or
> future parents, subsidiaries and affiliates, but only if such entity has
> engaged since January 1, 2000 in the following:
>
> (i) within the customer market composed of fossil-fired and waste-to-
> energy power plants, all activities associated with the design, engineering,
> manufacture, fabrication, installation, servicing, maintenance or sale of
> new equipment or replacement parts for selective catalytic reduction and
> flue gas desulfurization equipment for the reduction of nitrous oxide or
> sulphur dioxide emissions; (ii) within the customer market composed of
> fossil-fired (including but not limited to combined cycle) or nuclear power
> plants, all activities associated with the provision of the design,
> engineering, manufacture, fabrication, installation, servicing, maintenance
> or sale of boiler components and pressure parts, power plan construction-
> related services, boiler rebuilds and retrofits, engineered replacement parts
> or field services; and (iii) within the customer market composed of fossil-
> fired (including but not limited to combined cycle) and nuclear power
> plants, all activities associated with the design, engineering, manufacture,
> fabrication, installation, servicing, maintenance or sale of condensers,
> feedwater heaters and moisture separator repeaters.

- Second, we will limit the time period of inquiry to the period from January 1, 2000 to
  the present for Areas of Inquiry Nos. 1, 2, 6, 7, 8 and 11. If it appears during the
  course of the deposition that information predating January 1, 2000 may be relevant,
  we reserve the right to ask questions about such period. But as you and I discussed, if
  Dr. Kraenzlin's honest answer to such question(s) is "I don't recall" or "I don't
  know," then I will not attempt to hold his lack of preparation against him as to such
  responses.

These accommodations apply solely to the 30(b)(6) deposition noticed on June 13. We reserve
all rights to later seek discovery into those areas that previously were an Area of Inquiry but are
being eliminated to facilitate this present process. I believe that these accommodations address
all of the concerns you raised, but preserve our right to seek legitimate discovery tailored to the
claims and defenses in this litigation. While you had asked for a list of "relevant identified
Babcock entities" in Areas of Inquiry Nos. 1, 2, 6, 7 and 11, we are unable in advance of the
deposition to craft such a list as we do not possess the necessary information. Nonetheless, to be
as accommodating as we reasonably can be, we have used the functional definition above --
taken from the Noncompetition agreement itself -- to attempt to limit the entities that may be
subject to inquiry.

GOODWIN | PROCTER

John F. Welsh, Esq.
July 6, 2005
Page 3

Additionally, as we discussed, we will schedule the 30(b)(6) deposition you noticed for a date no later than 10 days after we have all returned from Germany. Let us know your preference and I will confirm the date next week, when the deponent returns from vacation.

Finally, consistent with our conversation, this letter also serves as our written objection under Fed. R. Civ. P. 34(b) to your First Request to Defendant Babcock Power, Inc. for Production of Documents as being prematurely served in contravention of the agreed upon discovery ordering contained in the Joint Proposed Discovery Plan, which contemplates that we first proceed with these 30(b)(6) depositions. Notwithstanding this formal objection necessary under the Rules, be advised that we have begun the process of collecting the documents that are called for in your document requests and plan nonetheless to produce them in a timely fashion, with the expectation that should you provide documents in advance of your deposition as you have represented you will, we will do the same.

I look forward to working together as adversaries who avoid being adversarial.

Very truly yours,

Steven J. Comen



Bello
Black &
Welsh LLP
ATTORNEYS &
COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

John F. Welsh
Direct 617-247-8476
jwelsh@belloblack.com

July 7, 2005

## By Fax (617-523-1231) and Regular Mail

Steven J. Comen, Esq.
Goodwin Procter
Exchange Place
53 State Street
Boston, MA 02109

   **Re: Babcock Borsig AG**

Dear Steve:

   I am writing to respond to your July 6, 2005 letter.

   I appreciate the modifications made to your Areas of Inquiry. I plan to review the changes with Dr. Kraenzlin upon his return from vacation on July 12, 2005, and will promptly report to you any remaining concerns. Just so I am certain of the understanding here, the deposition on the 28th will be limited to the location of documents and individuals as to those narrowed Areas of Inquiry that I hope we can agree on. Obviously substantive depositions of our clients' witnesses will occur at some later date.

   As to the Rule 30(b)(6) deposition we noticed, August 5 or 6, 2005 would be convenient dates for us.

   Lastly, as to your concluding comments concerning our pending Document Requests, I think that a couple of points must be made. First, we did not discuss the Document Requests during our conversation; our discussion was limited to scheduling depositions. In response to my specific request for dates for Mr. Woods' deposition, you indicated that there had been an agreement that each party would to conduct Rule 30(b)(6) depositions prior to specific witness depositions. I did not challenge you on this point since, given your contemporaneous commitment to scheduling a BPI Rule 30(b)(6) deposition shortly after our return from Germany, it was apparent that Mr. Woods and other noticed individuals would follow the Rule 30(b)(6) deposition in any event.

   We do not agree that the Document Requests are untimely or contravene the agreed scheduling order. I reviewed your letter with Ken Bello, who informs me that there never has been an agreement that Rule 30(b)(6) depositions had to occur as a pre-condition to written discovery requests. Moreover, it is necessary for us to review the requested documents prior to

   *labor | employment | litigation | resolution*

Steven J. Comen, Esq.
Page 2
July 7, 2005

our Rule 30(b)(6) deposition of BPI. As you no doubt know, responses to the requests are due in the next week, and we look forward to receiving the response and documents. Given the commitment in your letter to produce requested documents in a timely manner, we will reserve our rights on this topic with the understanding and expectation that the parties will exchange documents at such time and in such manner as to moot this dispute.

Please let me know if there are any remaining concerns regarding these or any other matters.

Very truly yours,

John Welsh

cc:    Kenneth M. Bello, Esquire

GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 11, 2005

**By Facsimile (617.247.4125) and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA  02116

Re:    **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
       **Civil Action No. 04-10825 RWZ**

Dear John:

In response to your letter of July 7, 2005, I look forward to your letting me know after you have had a chance to speak with Dr. Kraenzlin whether there are any remaining areas of concern you have with the topics listed in the Areas of Inquiry in our 30(b)(6) deposition notice. Again, I trust that the limitations I proposed reasonably address the concerns you have raised and that no further limitations will be required, but I remain available to discuss with you any lingering concerns that you believe went unaddressed. To confirm, we intend to proceed on July 28th in Germany (at a time and location provided by you or, if you are unable to get a suitable location, at your request I will secure a location) with the 30(b)(6) deposition as noticed on June 13, with the limitations contained in my July 6 letter. I do not intend to exceed the scope outlined in that notice, as revised by my last letter to you, and I trust that you will object as necessary to the extent you believe I stray from what is permitted.

I do hope that you will proceed in the cooperative way that you have indicated in the past and voluntarily and informally provide documents either prior to or during the deposition on the 28th. Such a good faith gesture will go a long way toward our moving beyond any lingering mistrust which may exist.

You have also raised concerns about the language in my last letter addressing your document requests. I did not mean to imply that we discussed the document requests when we spoke on July 6. I agree that we did not. I merely meant to convey to you that my position on documents was the same as with the depositions we did discuss during that call, which is that per the Joint Proposed Discovery Plan authored by your partner, we agreed that each side would begin formal

GOODWIN | PROCTER

John F. Welsh, Esq.
July 11, 2005
Page 2

discovery with 30(b)(6) depositions. The Plan states very explicitly: "both parties intend to
begin discovery with a targeted 30(b)(6) deposition in order to identify the location of relevant
documents and witnesses." I merely raised the issue of your formal document requests in my
July 6 letter in order to comply with Fed. R. Civ. P. 34(b) by providing you written objection
within the 30 days contemplated by the Rule. Again, we are scheduling for you the
contemplated 30(b)(6) deposition of our client, Babcock Power, Inc., and once that is complete,
we can proceed with the other types of formal discovery that you may seek, including your
request for production of documents. Also, my objection should not be construed as an
indication that I would not reciprocate with providing you any informal discovery, should you, as
indicated, extend such a courtesy to me.

Very truly yours,

Steven J. Comen



Bello
Black &
Welsh LLP
ATTORNEYS &
COUNSELORS

*535 Boylston Street*
*Suite 1102*
*Boston, Massachusetts 02116*
*Main 617 247 4100*
*Fax 617 247 4125*
*www.belloblack.com*

*John F. Welsh*
*Direct 617-247-8476*
*jwelsh@belloblack.com*

July 11, 2005

## By Fax (617-523-1231) and Regular Mail

Steven J. Comen, Esq.
Goodwin Procter
Exchange Place
53 State Street
Boston, MA 02109

      Re:    **Babcock/BPI**

Dear Steven:

I just reviewed your July 11 letter. I will be in touch after discussions with Dr. Kraenzlin if there remain areas of concern regarding your Rule 30(b)(6) deposition notice.

To avoid any confusion or doubt, please understand that we must have your client's response and document production prior to our deposition examination of your Rule 30(b)(6) designee. Although typical courtesies will be extended if logistical problems preclude you from making timely production on Monday, I will need the documents in the near term. I plan to act consistent with my past statements concerning voluntary production of relevant documents by my clients.

I believe that further debate concerning what was or was not agreed to in the discovery plan is not productive. Even if there was an agreement concerning the order of discovery events (which we dispute), please consider Babcock Borsig as having "waived" its right to commence discovery with a Rule 30(b)(6) inquiry aimed at identification of the location of relevant BPI documents. As I have indicated, this process seems cumbersome and inefficient to us. Rather, we have propounded a set of document requests and a Rule 30(b)(6) deposition notice both narrowly tailored to the specific claims and counterclaims framed in the pleadings. Given the scope of inquiry set forth in our Rule 30(b)(6) notice, the need for us to have reviewed pertinent documents prior to the deposition is manifest. Moreover, I do not believe that such a production would be burdensome to BPI since the same documents would have to be obtained and reviewed by BPI's Rule 30(b)(6) designee in preparation for deposition.

Steven, I am proceeding under the assumption that our requested documents will be produced, if not on their due date of July 18, 2005, shortly thereafter so as to enable us to take

*labor | employment | litigation | resolution*

Steven J. Comen, Esq.
Goodwin Procter
July 11, 2005
Page 2

the Rule 30(b)(6) deposition of BPI's designee during the first half of August 2005. If this understanding is in error, please let me know immediately.

Very truly yours,

John Welsh

3010399.doc;1

## John Welsh

**From:** John Welsh

**Sent:** Tuesday, August 02, 2005 6:41 PM

**To:** 'Comen, Steven J'

**Subject:** RE: documents

Checking in on your progress on our document requests. Given that the BPI 30 (b)(6) deposition is set for 8/12, I need the documents and formal objections and responses to our request by Friday. If this presents a problem, please call. Thanks.

**John F. Welsh**
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
P: 617-247-8476
C: 774-573-1888
F: 617-247-4125
http://www.belloblack.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 10, 2005

**By Facsimile and E-Mail**

Kenneth M. Bello
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

John F. Welsh
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re:    **Babcock Borsig Power GmbH v. Babcock Power, Inc. and Babcock**
       **Power, Inc. v. Babcock Borsig, AG**
       **U.S. District Court Civil Action No.: 04-10825 (RWZ)**

Dear Ken and John:

I called last night on John's direct dial number expecting that I could leave a voice mail message
for him to call me so that he and I could speak directly and candidly in a spirit of the discussions
we had in Germany and subsequently. When you answered, Ken, I did not intend to be rude, but
I had to take another call that was urgent.

Upon reflection and having in mind the conversations we have had over the last two and one-half
years, I have concluded that unless there is a judge, mediator or other neutral third party in the
room or on the phone with us, it is necessary for us to communicate with each other only in
writing. I know this is unfortunate. It is surely not what Judge Zobel would expect from us but I
truly believe it is best for our professional relationship and for our clients.

I want to assure you that my conclusion is not based on any professional disrespect for either of
you or for your professional integrity. Frankly, I am confident, for example, that Ken would
never have taken the positions he took with me and with the Court about the purported absence

# GOODWIN | PROCTER

Kenneth M. Bello
John F. Welsh
August 10, 2005
Page 2

of jurisdiction if his client had made him aware of the facts that made those challenges patently baseless.

I truly believe that we can conduct our respective discovery in a manner that is cooperative, efficient, and best designed to facilitate resolution rather than any strategic harassment. I know that was the goal we expressed when we had our discovery conference by telephone on May 19. My memory is that you expressed your agreement with that goal. Indeed, my vivid memory is that the first matter we agreed upon during that call was that we would waive any requirement of Rule 26(a)(1) to begin with informal discovery, but that we would proceed promptly to the limited and targeted discovery of the 30(b)(6) depositions that you described in the third paragraph of the joint proposed discovery plan which you, Ken, were typing on your computer during our call. Obviously, we would not have waived the requirements of Rule 26(a)(1) had we known that your client apparently would overrule you and insist that you follow a strategy of doing everything you could to get documents and other discovery from us before we received reciprocal document discovery from you.

Notwithstanding our surprise at receiving your June 8 request for production of documents and your multiple deposition notices within a few days thereafter, I continued to believe, based on our discussions, that we could proceed cooperatively as we discussed during our original discovery conference call. I note, however, that despite our informal production that accompanied my July 19 and July 25 letters to John, we have not received any of the informal production that was repeatedly promised to me. I also note, for example, the third paragraph in John's July 5 letter to me, the second paragraph in my July 11 letter to John, and the last paragraph of my July 25 letter to John. I also recall my conversations with John in Germany, from which I understood that he was unable to bring the informal discovery documents for me with him because they were still being copied and bates stamped at your offices. I understood then that they would be delivered to me on Monday after we returned from Germany. It is those discussions in Germany that led to my exchange of e-mails with John on August 2.

Further as to the documents and depositions, I thought that my discussions about Mr. Hevrony and our respective focus on the documents that we might have that related to him was quite constructive and I, at least, was encouraged that we might be directing our efforts most appropriately. It is unfortunate that you were required to forego the opportunity to take Mr. Hevrony's deposition this week. Since his deposition apparently cannot now proceed until late in September when Dr. Kranzlin is available to come to the U.S., we should presumably plan to take the substantive deposition of Dr. Kranzlin during the same week that you take Mr. Hevrony's deposition.

In the meantime, if you insist on withholding the informal discovery documents I expected from you a week-and-a-half ago, we should revert back to our original discovery. Given the

# GOODWIN | PROCTER

Kenneth M. Bello
John F. Welsh
August 10, 2005
Page 3

scheduling constraints we now have, we should plan on your taking the 30(b)(6) deposition at some time beginning August 24 or the following week (Our client is out of town and I will have to confirm with him any specific date that you propose.).

Also, we will propound formal document production requests to you now that we have taken Dr. Kranzlin's 30(b)(6) deposition.

I look forward to the day when we can have a constructive discussion with a neutral third party but now, however, we should confine our communications to those in writing.

Very truly yours,

Steven J. Comen

SJC:jjp
LIBA/1573976.1

GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 23, 2005

**By Facsimile (617.247.4125) and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re:     **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
        **Civil Action No. 04-10825 RWZ**

Dear John:

You have asked whether I am "withholding a response" to your document request. I am not. In
my letters to you dated July 6 and July 11 I made clear that Babcock Power, Inc. objects on the
ground that your document request has been propounded outside of the agreed upon order
contained in the Joint Proposed Discovery Plan ("Plan") which Ken authored and typed when we
had our initial discovery conference. We have made this point repeatedly and clearly since.

While I recognize that you have attempted to unilaterally "waive" the order we agreed upon, you
cannot unilaterally change what we agreed upon in that Plan. You will recall that I had agreed to
Ken's request that both sides dispense with the automatic discovery provided by Rule 26(a). Part
of the agreement was based on my understanding that we would both begin discovery by
depositions to identify relevant documents and witnesses before any other formal discovery
began. Ken insisted that you would proceed in the same way. We agreed to an entire package of
discovery in that call: no automatic disclosure, initial limited 30(b)(6) depositions, then other
formal discovery. You cannot unilaterally change that.

Besides, we have understood from you for over six weeks now that you would be cooperative in
the discovery process by informally producing documents. For weeks we have waited. Based
on your promises and assurances that you would informally produce documents, we have
informally provided to you thousands of pages without standing on formality. From you we
have received virtually nothing. I had assumed you would provide the documents you promised.
I am still awaiting them.

GOODWIN│PROCTER

John F. Welsh, Esq.
August 23, 2005
Page 2

We have always been willing to schedule the initial 30(b)(6) deposition you would take to begin the reciprocal, formal process rolling. Instead, you demanded that we have Mr. Hevrony available as he was suddenly the key to your case. We agreed to have him available last week, but now have to await until later in September to accommodate Dr. Kraenzlin's insistence that he be present for the deposition of Mr. Hevrony. Just let us know when you want the depositions and we will continue to make every effort to accommodate your changing requests. Once you have begun with the formal process you insisted upon as part of our larger negotiation, we can then proceed with providing you documents as part of formal discovery. In the meantime, we remain ready to receive your long-awaited and promised informal discovery. We are prepared today to continue our informal production of documents to you, but have paused as we are receiving nothing in the way of good-faith production from you.

In short, we agreed to the Plan in reliance on the understanding we expressed to Ken when we negotiated and agreed to the Plan. Specifically, our understanding was that we would each participate in the various discovery steps in parallel and at relatively the same times for each step. In hindsight, it appears that once we agreed to the Plan it was apparently your intention not to follow it but rather to attempt to pursue your discovery steps far in advance of and not in parallel with the steps to be taken by us pursuant to the Plan. We remain willing to take the discovery steps in parallel and at relatively the same times. We cannot agree now to change the Plan to allow you to obtain your discovery far in advance of the parallel discovery we are supposed to receive.

Very truly yours,

Steven J. Comen



Bello
Black &
Welsh LLP
ATTORNEYS &
COUNSELORS

*535 Boylston Street*
*Suite 1102*
*Boston, Massachusetts 02116*
*Main 617 247 4100*
*Fax 617 247 4125*
*www.belloblack.com*

*Kenneth M. Bello*
*Direct 617-247-4122*
*kbello@belloblack.com*

August 23, 2005

By Fax [617.570.1231]and Regular Mail

Steven J. Comen, Esquire
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA  02109

> RE:    Babcock Borsig Power GmbH v. Babcock Power, Inc. and
>            Babcock Power, Inc. v. Babcock Borsig, AG
>            U.S. District Court Civil Action No.:  04-10825 (RWZ)

Dear Steve:

I am in receipt of your letter of this date to John Welsh, who is out of the office. I do not intend to get into a further debate regarding supposed agreements made in the context of finalizing the Joint Proposed Discovery Plan. I was party to the discussions regarding that filing, and absolutely do not agree with your now repeated assertions that there was an agreement to forestall formal discovery until and unless there were Rule 30(b)(6) depositions, or somehow that was a *quid pro quo* for waiving initial disclosures. First, as you well know, the language in the Joint Plan regarding Rule 30(b)(6) depositions was included because of *your* stated intent to take a Rule 30(b)(6) deposition. From our perspective, the location of documents and witnesses are substantially known, and we do not intend to waste time or money to request of a Rule 30(b)(6) witness information that is substantially known. We believe that the Court will not require such a futile effort and waste of resources. Second, as to the initial disclosures, the thrust of the conversation regarding from our end was that since so much time had passed in the case we should move forward with formal discovery. Third, there never was an agreement that discovery would run in parallel or tandem format, as claimed in your letter.

As to our Request for Production of Documents, the documents are specific and targeted to the relevant issues in this case. They are essential for the upcoming depositions, and the failure to produce them is adversely affecting the discovery process from the perspectives of timing and substance. As indicated in prior letters, the "volume" of documents that you produced voluntarily does not address the fact that no documents have been produced on critical aspects of the case. For reasons that can only be speculated upon, it is clear that your client does not want the documents to be produced. The short and long is that we long ago filed a Rule 34 Request, which is well overdue, and unfortunately we now are forced to file a Motion to Compel

*labor   |   employment   |   litigation   |   resolution*

with the Court. We will take your letter of this date as your response to our request for a
conference, as required by the Local Rules.

As to depositions, neither John nor I will dignify your restated history with respect to the
depositions, nor your characterization of who is critical to the case. We have requested on
numerous occasions – orally and in writing – deposition dates for Mr. Woods, Mr. Brantl, and
Mr. Bandano. None has been forthcoming, and therefore we will proceed forward to schedule those
on specific dates, which we will forward to you by formal notice later this week. We will do the
same with respect to Mr. Hevrony. Also, please be advised that we will be noticing several other
depositions, including that of Dr. Helmut Balthasra and Dr. Walter Kuna, (both I believe located in
Germany), and likely a couple of other individuals. We also will be forwarding to you deposition
notices for these individuals, but invite you to offer dates when you would be available to travel
to Germany for these depositions, as well as any others that might need to occur in Germany.

Sincerely,

Kenneth M. Bello

cc:     John F. Welsh, Esquire
        Dr. George-Peter_Kraenzlin



*535 Boylston Street*
*Suite 1102*
*Boston, Massachusetts 02116*
*Main 617 247 4100*
*Fax 617 247 4125*
*www.belloblack.com*

*Kenneth M. Bello*
*Direct 617-247-4122*
*kbello@belloblack.com*

**Bello Black & Welsh** LLP
**ATTORNEYS &
COUNSELORS**

August 29, 2005

By Hand

Steven J. Comen, Esquire
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109

      RE:    Babcock Borsig Power GmbH v. Babcock Power, Inc. and
               Babcock Power, Inc. v. Babcock Borsig, AG
               U.S. District Court Civil Action No.: 04-10825 (RWZ)

Dear Steve:

      In follow-up to my letter of August 23rd, and not having received any response from your office, enclosed are the following new deposition notices.

    1.     Rule 30(b)(6) Notice and Attachment A identifying the Subjects of Inquiry for September 19, 2005. We remain troubled by the fact that we do not have produced documents per our Rule 34 Request, but hope that those will be produced well in advance of September 19th, whether by Court Order or otherwise. If the documents have not been produced in advance of the September 19th deposition, we will proceed forward, but obviously it will not be completed pending their production. In that regard, we assume based on your lack of further response to our letter of August 23rd, that your client is not going to produce documents responsive to the Rule 34 Request, and therefore we will proceed forward with our Motion to Compel.

    2.     Deposition Notice for Nathan Hevrony for September 23, 2005.

    3.     Deposition Notice for Anthony Brandano for September 30, 2005.

    4.     Deposition Notice for James Brantl (individually) for October 3, 2005.

    5.     Deposition Notice for Jim Woods for October 6, 2005.

    6.     Deposition Notice for Dr. Dr. Helmut Balthasra [in Germany] for October 12, 2005, or such other date agreed to by counsel.

*labor  |  employment  |  litigation  |  resolution*

Steven J. Comen, Esquire
August 29, 2005

> 7.    Deposition Notice for Dr. Walter Kuna [in Germany] for October 13, 2005, or
> such other date agreed to by counsel..

We are prepared to produce Dr. Kraenzlin for his individual deposition while in
Germany, subject of course to confirming his schedule and availability.   If there are other
depositions that you intend to take of persons located in Germany, I suggest that we schedule
them during the same trip.

Also, as we previously have indicated, Babcock intends to seek third party discovery to
the extent needed from Hitachi, but cannot reasonably do so until it has received the documents
requested pursuant to its Rule 34 Request, and completion of the depositions referenced above.
We are quite concerned that the continued refusal by BPI to produce documents is impacting
Babcock's ability to proceed forward with its third party discovery, and it will seek appropriate
relief from the Court, to the extent necessary.

If you want to discuss any of these matters, you can reach me at the above-referenced
number.

Sincerely,

Kenneth M. Bello

cc:    John F. Welsh, Esquire
       Dr. George-Peter_Kraenzlin

*labor    |    employment    |    litigation    |    resolution*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| **BABCOCK BORSIG POWER GmbH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **BABCOCK POWER, INC.,** ) | |
| ) | |
| Defendant, ) | |
| ) | **CIVIL ACTION** |
| **BABCOCK POWER, INC.,** ) | **NO. 04-10825 (RWZ)** |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **BABCOCK BORSIG, AG,** ) | |
| ) | |
| Third-Party Defendant. ) | |

### JOINT PROPOSED DISCOVERY PLAN

The parties jointly move for the Court to enter the following Discovery Plan and

Pretrial Schedule. As the Court may recall, the parties previously appeared before this

Court, and a preliminary schedule relating to personal jurisdiction issues was established.

Thereafter, the parties resolved the issues of personal jurisdiction, and otherwise took

action to consolidate a separate pending action in the Massachusetts Superior Court into

the pending action, as a Counterclaim by the Babcock Power, Inc.

The parties now have filed their respective initial pleadings and answers, which

include an Amended Complaint by Plaintiff Babcock Power Borsig GmBh, an Answer to

the Amended Complaint, a Counterclaim by Defendant Babcock Power, Inc., and the
Answer to the Counterclaim.

With respect to the discovery schedule, both parties have expressed their mutual
desire to move discovery forward in this matter as expeditiously as possible. Because
documents that each party believes to be relevant may reside in remote locations,
including foreign countries, both parties intend to begin discovery with a targeted
30(b)(6) depositions in order to identify the location of the relevant documents and
witnesses. Counsel for the parties have agreed to identify dates in the near term for the
taking of such deposition(s), and otherwise to cooperate in the identification of relevant
documents and witnesses to allow for targeted discovery.

| EVENT | DATE |
|---|---|
| Completion of fact discovery, including completion of depositions, production of documents and all written fact discovery. | December 31, 2005 |
| Initial Disclosure of Experts [Identification, Subject Matter, Credentials] | February 1, 2006 |
| Reports of Expert Disclosed | March 1, 2006 |
| Rebuttal Experts [Identification and Reports] | April 15, 2006 |
| Completion of Expert Depositions/Discovery | May 31, 2006 |
| Summary Judgment (Partial or Full) | Any time up to June 30, 2006 |

The parties respectfully request that the Court enter as an Order the schedule set forth here.

**BABCOCK POWER, INC.**

By its Attorneys

Steven J. Comen, BBO No. 093320
James O. Fleckner, BBO No. 641494
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109
(617) 570-1660

Dated: June 2, 2005

**BABCOCK POWER BORSIG GmBh**

By its Attorneys

John F. Welsh, BBO No. 522640
Kenneth M. Bello, BBO No. 036630
BELLO, BLACK & WELSH, LLP
535 Boylston Street, 11th Floor
Boston, MA 02116
(617) 247-4100

Approved:

_____

Zobel, J.

UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHISSETTS

| | |
|---|---|
| BABOCK BORSIG POWER GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BABCOCK POWER, INC., | ) |
| | ) |
| Defendant, | ) |
| | ) CIVIL ACTION |
| BABOCK POWER, INC., | ) NO. 04-10825 (RWZ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BABCOCK BORSIG, AG | ) |
| | ) |
| Third-Party Defendant. | ) |

## **ORDER**

Having considered the Motion to Compel a Rule 34 response and production of

documents responsive to the First Request for Production of Documents by Plaintiff

Babcock Borsig Power GmbH ("Babcock"), served on Defendant Babcock Power, Inc.

("BPI") on June 8, 2005, BPI is hereby Ordered to produce: (i) a formal response to

Plaintiff's Document Request, and (ii) documents responsive to the request, by no later

than seven (7) days from the date of this Order.

So Ordered:

_____

Dated: _____, 2005