UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BABCOCK BORSIG POWER GmbH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BABCOCK POWER, INC., ) <br> ) <br> Defendant, ) <br> ) <br> BABCOCK POWER, INC., ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BABCOCK BORSIG, AG ) <br> ) <br> Third-Party Defendant. ) <br> ) | CIVIL ACTION <br> NO. 04-10825 (RWZ) |

### DEFENDANT BABCOCK POWER, INC.'S OPPOSITION TO PLAINTIFF BABCOCK BORSIG POWER GMBH'S MOTION TO COMPEL DOCUMENTS

On August 31, 2005, plaintiff Babcock Borsig Power GmbH ("BBP") moved to compel defendant Babcock Power, Inc. ("Babcock Power") to produce documents ("Motion"). This Motion addresses only one of several potential discovery disputes that have arisen between the parties in this litigation. The parties are attempting to work out a resolution to this dispute regarding document production and their other disputes regarding deposition scheduling.[1]

---

[1] Attached hereto at Exhibits A, E, F and H are letters Babcock Power's counsel sent to BBP's counsel on September 7, 12, 13 and 14, offering to produce the documents subject to this Motion in exchange for BBP's reciprocal production of even a portion of its documents. BBP's responses are attached hereto at Exhibits B, D and G. Although BBP initially rejected this offer on September 9, 2005, in the letter attached as Exhibit B

BBP's response to Babcock Power's request for production of documents is due no later than September 15, the same deadline by which BBP seeks Babcock Power's documents. Babcock Power is hopeful that BBP will accept its suggestion and agree to produce its documents by the end of this week, at which time Babcock Power is prepared to produce its documents. Babcock Power hopes that this Motion will thereupon become moot and, as such, that it should be denied.[2]

If, on the other hand, BBP takes the position that it will withhold its documents, and an agreement as to the production of documents and related depositions is not able to be worked out cooperatively, Babcock Power will supplement this response promptly and bring all associated discovery disputes to the Court's attention, along with a request that the Court refer all discovery issues to a magistrate or a special discovery master to facilitate this process.

For the foregoing reasons, Babcock Power respectfully requests that the Court forbear from acting on BBP's Motion until after BBP provides documents in response to Babcock Power's Request for Production of Documents and the parties report whether this dispute is moot or whether the Court's intervention at that time is, unfortunately, necessary.

---

hereto, Babcock Power has reiterated its suggestion and continues to try to resolve the various discovery disputes out-of-court.

[2] It is well established that where the discovery subject to a motion to compel is agreed to be made by the parties, the motion to compel should be denied as moot. See, e.g., Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Inc., No. 02-12102-RWZ, 2005 U.S. Dist. LEXIS 1630, at *3 (D. Mass. Feb. 4, 2005) (denying as moot motion to compel interrogatory responses where defendant agreed to provide requested information); Diaz v. City of Fitchburg, No. 94-40157-NMG, 1997 U.S. Dist. LEXIS 23533 (D. Mass. Sept. 26, 1997) (Swartwood, M.J.) (denying as moot motion to compel inspection and copying of documents where party to be compelled stated information was to be provided), recommendation adopted, 1997 U.S. Dist. LEXIS 23538 (D. Mass. Oct. 24, 1997). Indeed, these results are entirely consistent with Local Rule 26.1(A)(1) and Expense Delay and Reduction Plan Rule 2.01(a)(1), which both state that: "The judicial officer should encourage cost effective discovery by means of the voluntary exchange of information among litigants and their attorneys. This may be accomplished through the use of: informal, cooperative discovery practices . . . ."

Respectfully submitted,

BABCOCK POWER, INC.

By its attorneys,

/S/ Steven J. Comen
Steven J. Comen (BBO# 093320)
James O. Fleckner (BBO# 641494)
Peter F. Simons (BBO# 660704)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
617-570-1000

DATED: September 14, 2005

LIBA/1583891.1

-3-