# EXHIBIT A

GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

September 7, 2005

**By Facsimile (617.247.4125) and First Class Mail**

Kenneth M. Bello, Esq.
John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re: **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
    **Civil Action No. 04-10825 RWZ**

Gentlemen:

This letter is in response to the notices of deposition you sent me dated August 29, 2005 and the motion to compel production of documents dated August 31, 2005 ("Motion").

**Depositions**

Be advised that Nathan Hevrony will not be available for a deposition on September 23, 2005, as noticed, due to prior travel commitments outside of the United States beginning on September 20, 2005. He can be available, however, on September 19, 2005, the first day noticed by you for depositions. Additionally, our anticipated designee cannot be available on September 19 for the 30(b)(6) deposition you noticed for that date, which would thus need to be rescheduled in any event. As to the other individually noticed depositions, I am checking with Messrs. Brandano, Brantl and Woods to confirm their schedules and will inform you shortly as to the dates they may be available, and a date for the 30(b)(6) deposition.

In light of our rescheduling the deposition of Mr. Hevrony for September 19, and your past statement that Dr. Kraenzlin will be attending that deposition, I enclose a notice of Dr. Kraenzlin's deposition for the following day, September 20, 2005. Although I recognize you have offered that we take Dr. Kraenzlin's deposition while we are in Germany for the depositions you have identified of Drs. Balthasra and Kuna, you have also indicated that those

GOODWIN | PROCTER

Kenneth M. Bello, Esq.
John F. Welsh, Esq.
September 7, 2005
Page 2

depositions may not proceed as noticed on October 12 and 13. Please let me know whether you are pursuing those depositions under the requirements of the Hague Convention.

**Motion to Compel**

With respect to your Motion, in order to avoid protracted motion practice and a waste of the Court's time, I propose that we each agree to exchange documents called for by each of our document requests on September 15. As things now stand, you are already required to respond to our request for production of documents, according to my calendar, on September 15, 2005. Presumably, agreeing to this date should pose no problem for you, particularly as to the documents that Dr. Kraenzlin testified were in his office and in his colleagues offices and those documents you have been gathering to send me informally. This suggestion also would be consistent with your stated desire of avoiding the need for the Court to arbitrate discovery disputes, and consistent with our desire simply to assure mutuality of discovery.

If you disagree with this suggested out-of-court resolution to your Motion, we will, of course, proceed to respond to your Motion by, among other things, bringing to the Court's attention all of the dilatory maneuvers you and your colleague have engaged in, including, but not limited to: (i) the months and years of refusal to accept service, (ii) the on-again-off-again nature of your "offers" to bring Dr. Kraenzlin here for a negotiated resolution prior to your filing the complaint in this action, (iii) the months of delay in providing an answer to our counterclaim and third-party complaint and (iv) the frivolous personal jurisdiction arguments you raised costing months of the court's time. I do not believe that either of our clients' interests are served by engaging in the finger-pointing that is the central theme of your Motion. Instead, I propose an agreed-upon exchange of documents next week prior to the depositions in order to short-circuit such wasteful motion practice. Please let me know if you agree to this suggestion.

Very truly yours,

Steven J. Comen

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BABCOCK POWER, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | CIVIL ACTION |
| BABCOCK POWER, INC., ) | NO. 04-10825 (RWZ) |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BABCOCK BORSIG, AG ) | |
| ) | |
| Third-Party Defendant. ) | |

## NOTICE OF DEPOSITION

TO: Kenneth M. Bello, Esq.
Bello Black & Welsh LLP
535 Boylston Street Suite 1102
Boston, MA 02116

PLEASE TAKE NOTICE that pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendant and third-party plaintiff Babcock Power, Inc., by its counsel, will take the deposition of Dr. Georg-Peter Kraenzlin. The deposition will commence at 10:00 a.m. on Tuesday, September 20, 2005, at the offices of Goodwin Procter LLP, 53 State Street, Boston, Massachusetts. The deposition will take place before a Notary Public in and for the

Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. You are invited to attend and examine the witness.

BABCOCK POWER, INC.,

By their attorneys,

Steven J. Comen (BBO #093320)
James O. Fleckner (BBO #641494)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: September 7, 2005

## CERTIFICATE OF SERVICE

I, Steven J. Comen, hereby certify that on this 7th day of September, 2005, I caused a true copy of the foregoing document to be served upon the attorney of record for each other party by Facsimile and First Class Mail upon:

Kenneth M. Bello, Esq.
Bello Black & Welsh LLP
535 Boylston Street Suite 1102
Boston, MA 02116
Facsimile: 617.247.4125

Steven J. Comen

LIBA/1582343.1

2