# EXHIBIT F

# GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

September 13, 2005

**By Facsimile**

Kenneth M. Bello, Esq.
John F. Welsh, Esq,
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA  02116

Re:   **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
       **Civil Action No. 04-10825 RWZ**

Dear Ken and John:

Enclosed is a copy of the opposition to your motion to compel that we plan to file tomorrow at noon unless you confirm that we can have a mutual exchange of documents on Thursday. Please let me know if for any reason you will need a few more days to be able to do so, and I believe that we can come to an agreement on an exchange of documents, as well as on the scheduling of depositions you have noticed. I hope that our cooperation in this matter will help us avoid the unfortunate necessity of burdening the court.

Very truly yours,

Steven J. Comen

LIBA/1584018.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BABCOCK POWER, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | CIVIL ACTION |
| BABCOCK POWER, INC., ) | NO. 04-10825 (RWZ) |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BABCOCK BORSIG, AG ) | |
| ) | |
| Third-Party Defendant. ) | |

## DEFENDANT BABCOCK POWER, INC.'S OPPOSITION TO PLAINTIFF BABCOCK BORSIG POWER GMBH'S MOTION TO COMPEL DOCUMENTS

On August 31, 2005, plaintiff Babcock Borsig Power GmbH ("BBP") moved to compel defendant Babcock Power, Inc. ("Babcock Power") to produce documents ("Motion"). This Motion addresses only one of several potential discovery disputes that have arisen between the parties in this litigation. The parties are attempting to work out a resolution to this dispute regarding document production and their other disputes regarding deposition scheduling.[1]

---

[1] Attached hereto at Exhibits A and E are letters Babcock Power's counsel sent to BBP's counsel on September 7 and September 12, 2005, offering to produce the documents subject to this Motion in exchange for BBP's reciprocal production of its documents. Although BBP initially rejected this offer on September 9, 2005, in the letter attached as Exhibit B hereto, Babcock Power has reiterated its suggestion and continues to try to resolve the various discovery disputes out-of-court.

BBP's response to Babcock Power's request for production of documents is due no later than September 15, the same deadline by which BBP seeks Babcock Power's documents. Babcock Power is hopeful that BBP will accept its suggestion and agree to produce all of BBP's documents tomorrow, at which time Babcock Power is prepared to produce its documents. Babcock Power hopes that this Motion will thereupon become moot and, as such, that it should be denied.[2]

If, on the other hand, BBP takes the position that it will withhold its documents tomorrow, and an agreement as to the production of documents and related depositions is not able to be worked out cooperatively, Babcock Power will supplement this response promptly and bring all associated discovery disputes to the Court's attention.

For the foregoing reasons, Babcock Power respectfully requests that the Court forbear from acting on BBP's Motion until after BBP responds to Babcock Power's Request for Production of Documents and the parties report whether this dispute is moot or whether the Court's intervention at that time is, unfortunately, necessary.

---

[2] It is well established that where the discovery subject to a motion to compel is agreed to be made by the parties, the motion to compel should be denied as moot. See, e.g., Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Inc., No. 02-12102-RWZ, 2005 U.S. Dist. LEXIS 1630, at *3 (D. Mass. Feb. 4, 2005) (denying as moot motion to compel interrogatory responses where defendant agreed to provide requested information); Diaz v. City of Fitchburg, No. 94-40157-NMG, 1997 U.S. Dist. LEXIS 23533 (D. Mass. Sept. 26, 1997) (Swartwood, M.J.) (denying as moot motion to compel inspection and copying of documents where party to be compelled stated information was to be provided), recommendation adopted, 1997 U.S. Dist. LEXIS 23538 (D. Mass. Oct. 24, 1997) Indeed, these results are entirely consistent with Local Rule 26.1(A)(1) and Expense Delay and Reduction Plan Rule 2.01(a)(1), which both state that: "The judicial officer should encourage cost effective discovery by means of the voluntary exchange of information among litigants and their attorneys. This may be accomplished through the use of: informal, cooperative discovery practices . . . ."

Respectfully submitted,

BABCOCK POWER, INC.

By its attorneys,

_____
Steven J. Comen (BBO# 093320)
James O. Fleckner (BBO# 641494)
Peter F. Simons (BBO# 660704)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
617-570-1000

DATED: September 14, 2005

LIBA/1583891.1