# EXHIBIT G



**Bello Black & Welsh LLP**
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

*Kenneth M. Bello, Esq.*
*Direct 617-247-4122*
*kbello@belloblack.com*

September 14, 2005

<u>By Fax (617-523-1231) and Regular Mail</u>

Steven J. Comen, Esquire
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Re: Babcock Borsig Power GmbH v. Babcock Power, Inc. and
Babcock Power, Inc. v. Babcock Borsig, AG
<u>U.S. District Court Civil Action No.: 04-10825 (RWZ)</u>

Dear Steve:

We are in receipt of your most recent letters dated September 12 and 13, as well as the attached Opposition. Let us be clear regarding our position.

1. As to your offer regarding production of documents, unless we hear otherwise today, John Welsh will be at your office tomorrow morning at 9:00 a.m. to review documents. We fully expect that your office will be requested to copy all documents being made available for inspection.

2. Despite numerous requests, we still have not received your Rule 34 Response, nor have any of your prior letters indicated when this will be forthcoming. Absent such a Response, the pending Motion to Compel is not moot, and we obviously cannot determine what documents are/are not being produced. We also expect to receive a complying privilege log so that we can know whether documents are being withheld based on a claimed privilege or otherwise.

3. Conversely, we do intend, *on a timely basis*, to provide you with Babcock's Rule 34 Response tomorrow. Following your review of the same, we can agree on a date for your inspection and review of responsive documents. We also expect that counsel will need to schedule a discovery conference regarding various of your requests.

4. Because documents have not and are not being produced by your client, and are only being made available for inspection tomorrow, and I will be out of town at an arbitration tomorrow and Friday, your late offer to make Mr. Brantl available for Monday as the Rule 30(b)(6) witness is of no productive value. The obvious fact is that I need a reasonable opportunity to get your client's documents and review them for this deposition to have any utility.

*labor  |  employment  |  litigation  |  resolution*

5. Your letter of September 13th reiterates yet again that you are soliciting dates from witnesses, with none offered. We have offered for months now to agree to a deposition discovery schedule; I strongly suggest that we identify all available dates for possible depositions over the next six weeks, and schedule an in-person meeting to address the dates for depositions and any other discovery issues. Your continuing refusal to engage in a direct dialogue with us regarding discovery is not conducive to resolution.

6. Lastly, a couple of comments on your attached Opposition. We strongly suggest that you do not represent to the Court that September 15th is the "deadline by which BBP seeks Babcock Power's documents", as that is a date solely of your choosing and is months following when BBP has demanded production of documents and when they were due. Second, we would expect that you will attach *all letters between counsel* (as we did in our Motion to Compel), not just those sent by your office.

Sincerely,

Kenneth M. Bello

cc: John Welsh, Esquire