# EXHIBIT H

# GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

September 14, 2005

**By Facsimile (617.247.4125) and First Class Mail**

Kenneth M. Bello, Esq.
John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA  02116

Re:   **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
      **Civil Action No. 04-10825 RWZ**

Ken:

I am in receipt of your latest letter, dated September 14, 2005, which was faxed to me twenty minutes before I was to file the opposition I sent you yesterday. I will revise my opposition accordingly, to include this most recent correspondence and developments.[1] I still intend to let the Court know that the parties will attempt to work out any discovery disputes, thus mooting your motion, and that in the event such agreement is not reached, I will supplement my response to include all outstanding discovery issues. I will suggest that all disputes be handled together, either by Judge Zobel, a magistrate or a special discovery master.

In response to the points you raised, there is no need for John to come to our offices tomorrow. Now that you said you want copied and produced to you all documents, for efficiency, I will have all the documents I was planning to otherwise have available for you burned onto a disk. I estimate that there are approximately 7,500 pages worth of documents to be burned onto this disk. I will have all privileged matter redacted and a privilege log prepared. I will need one more day to have both the disk and privilege log available the day after tomorrow.

---

[1]   Of course, I was planning to submit to the Court all letters from both sides regarding our recent attempts to work out our discovery disputes. If it becomes necessary next week for me to supplement my opposition to address substantively the points raised in your motion to compel, I will submit to the Court all the letters that you omitted from the attachments to your motion, so that the Court can have a complete picture.

GOODWIN | PROCTER

Kenneth M. Bello, Esq.
September 14, 2005
Page 2

      Your letter appears to purposely avoid stating whether you will be producing any documents to us tomorrow. We went to all the time and expense of going to Germany earlier in the summer to focus on the practicalities of document production. Dr. Kraenzlin testified that he had documents right there, and you have pledged repeatedly to produce documents "informally." At a minimum, we expect that you will produce to us tomorrow those documents that were identified over six weeks ago as being readily available to Dr. Kraenzlin. I attach the cover letter to my request for production of documents sent in the wake of Dr. Kraenzlin's deposition, where I ask that, at a minimum, you first provide those documents that were readily accessible. Please inform me whether you will produce <u>any</u> documents at all to me this week. In the absence of any documents from you, notwithstanding that I am prepared to produce our documents to you, it is simply unacceptable for me to unilaterally give you documents and then spend interminable time and money chasing you for yours.[2]

Finally, I take from point 4 of your letter to me earlier today that you are canceling the 30(b)(6) deposition you have noticed for September 19. I also take it that you have rejected our offer to have Mr. Hevrony available for his deposition on September 19. Thus, I have informed Messrs. Hevrony and Brantl that they may make other plans for that day. Indeed, in light of paragraphs 4 and 5 of your letter, I will proceed with the understanding that all depositions identified in your recent correspondence and in our deposition notice are not going forward as noticed until you and I work out an agreeable schedule.

Very truly yours,

Steven J. Comen

Enclosure

---

[2] As an aside, you have suggested that we did not respond under Rule 34 to your request. Of course, that is incorrect as the last paragraph of the first letter attached at Exhibit C of your own motion to compel contains our response under Rule 34.

GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 15, 2005

**By Facsimile and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re:   **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
      **Civil Action No. 04-10825 RWZ**

Dear John:

While we are still awaiting your promised informal production of documents, there is no reason for us to wait any longer to serve you Babcock Power, Inc.'s document requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure. In the interest of efficient discovery, we have targeted our requests based on the 30(b)(6) deposition of Dr. Kraenzlin, as contemplated by the Joint Discovery Plan that we filed with the Court on June 1.

I expect that you will be able to begin by producing any documents responsive to these requests that are located in the offices of Dr. Kraenzlin and Mr. Heinen in a relatively expeditious manner, as I understand from the Rule 30(b)(6) deposition of Dr. Kraenzlin that these documents are readily available. All other documents that are located elsewhere within the Babcock Borsig AG complex, in the archives, or in the possession of third parties can be produced on a rolling basis as they become available.

Finally, as a follow up to our recent communications, we should finalize some dates for Mr. Hevrony's deposition in September and Dr. Kraenzlin's further deposition at the same time when he comes to the United States.

Very truly yours,

Steve Comen/PFS
Steven J. Comen

LIBA/1572542.1