UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BABCOCK POWER, INC., )<br>)<br>Defendant, )<br>)<br>BABCOCK POWER, INC., )<br>)<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>BABCOCK BORSIG, AG )<br>)<br>Third-Party Defendant. )<br>) | CIVIL ACTION<br>NO. 04-10825 (RWZ) |

**DEFENDANT BABCOCK POWER, INC.'S MOTION FOR APPOINTMENT OF A
DISCOVERY MASTER AND PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 53(a)(1)(A) and (C), and 26(c)(2), defendant and third-party plaintiff Babcock Power, Inc. ("Babcock Power"), through its undersigned counsel, moves for appointment of a master having full authority to hear any and all discovery disputes between the parties, and for entry of a protective order that postpones all scheduled depositions and other discovery until the appointment of such master. As grounds for this motion, Babcock Power states:

1.      A number of discovery disputes have arisen between Babcock Power and plaintiff Babcock Borsig Power GmbH ("BBP"). These disputes include, but are not limited to, the

efficient sequencing of discovery, the appropriateness of BBP's unilateral arrangements to depose non-parties in Germany, and the completeness of each side's production of documents.

2. The disputes between the parties are reflected in numerous communications between counsel in the past few days and weeks. The most recent correspondence is attached as Exhibits C - Q hereto.

3. Both parties have indicated that appointment of a special master would be appropriate to facilitate discovery moving forward. See Ex. D and E. On Wednesday, December 14, 2005, in an 11:28 am email, BBP's counsel identified four people as "possible" masters, one of which was James DeGiacomo. See Ex. P. At 12:05 pm that same day, Babcock Power's counsel agreed to Mr. DeGiacomo, and indicated that there would be no conflict with Mr. DeGiacomo that might otherwise disqualify him under Rule 53(a)(2). See Ex. P.

4. Babcock Power seeks appointment of a master, be it Mr. DeGiacomo or someone else of the Court's choosing, with a mandate covering all discovery disputes that exist, or might in the future arise, between the parties. For its part, BBP has stated that it only assents to the appointment of a master to "handle all outstanding paper discovery issues and, if necessary, other disputes as well." Ex. J.

5. The tenor of the correspondence in the attached exhibits reflects the unfortunate state of communications between counsel for the parties. Moreover, the correspondence also reflects that BBP only grudgingly accepts its legal obligations to make its key witness available here in Massachusetts as opposed to forcing counsel to fly to Germany, and has apparently attempted to condition its compliance on demands that all other discovery first be taken from Babcock Power. Under these circumstances, Babcock Power believes a discovery master should be appointed to handle all discovery disputes that may arise, be they in connection with documents or

depositions, or the scheduling and sequencing of all forms of discovery.  The document issues cannot be decided in a vacuum, nor should the depositions be exempt from the purview of the master.  The scheduling of depositions and any dispute that may arise during the course of such depositions should all be handled by the same person, who has broad authority over these matters and exposure to all the related issues.

6. Appointment of a master with a broad mandate over all discovery disputes would also best alleviate any burden on this Court of having its docket congested with these matters.  By giving a master only limited authority, as suggested by counsel for BBP, the Court would subject itself to the potential of having to hear any remaining dispute, or having such dispute delegated to a Magistrate Judge who might not necessarily be privy to all the discussions and context that a discovery master will undoubtedly gain through this assignment.

7. Because it has tentatively agreed to only a limited mandate for a discovery master, BBP insists that previously noticed depositions go forward on Monday and Tuesday, December 19 and 20, of Babcock Power and its CFO, Anthony Brandano, regardless of the appointment of a master.  See Ex. M.  But these depositions should not proceed as scheduled unless a discovery master has been appointed by the Court with full ability to address disputes that may arise during the conduct of the depositions and authority to determine the proper sequencing of discovery.  To do otherwise would unfortunately create the potential for inappropriate and unnecessarily inefficient conduct of discovery and expose the parties to potentially unequal obligations.  Babcock Power is ready and able to produce its witnesses next week but only after appointment of a discovery master.  If such a master is available by Tuesday, December 20, Babcock Power will have its Rule 30(b)(6) witness available on that date to allow BBP to take the first

substantive deposition and will make the second requested deponent available on Thursday, December 22.

8.  Because BBP has been unwilling voluntarily to postpone its scheduled depositions until appointment of a discovery master, Babcock Power reluctantly moves for entry of a protective order under Fed. Rule Civ. P. 26(c)(2) that no further discovery be allowed to take place, including the depositions noticed by BBP and scheduled for December 19 and 20, until such time as a master has been appointed and the scope of his or her mandate has been defined.

WHEREFORE, Babcock Power respectfully requests that the Court grant its motion for appointment of a master (be it Mr. DeGiacomo or someone else of the Court's choosing) having full authority to hear any and all discovery disputes between the parties, and for entry of a protective order that postpones all scheduled depositions and other discovery until the appointment of such master.

Respectfully submitted,

BABCOCK POWER, INC.

By its attorneys,

/S/ Steven J. Comen
Steven J. Comen (BBO #093320)
James O. Fleckner (BBO #641494)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
617-570-1000

DATED:  December 15, 2005

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

  I hereby certify that, pursuant to Local Rule 7.1 and 37.1, on December 15, 2005 I conferred with plaintiff's counsel[1] and attempted in good faith to resolve or narrow the issues raised in this motion but was unable to do so.

                /s/ Steven J. Comen
                Steven J. Comen

---

[1] Please see the string of electronic mail messages between counsel, attached hereto as Exhibit Q.