# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BABCOCK BORSIG POWER GmbH, | ) |
| Plaintiff, | ) |
| v. | ) |
| BABCOCK POWER, INC., | ) |
| Defendant, | ) |
| BABCOCK POWER, INC., | ) CIVIL ACTION<br>) NO. 04-10825 (RWZ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| BABCOCK BORSIG, AG | ) |
| Third-Party Defendant. | ) |

## [PROPOSED] ORDER APPOINTING DISCOVERY MASTER

In order to facilitate the conduct of all discovery in this case, the Court makes the following order:

1.    Pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure, the Court hereby appoints James DeGiacomo of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts, 02110, as Discovery Master in this litigation and directs him to proceed in this matter using all reasonable diligence.

2.    The Discovery Master will have the authority to hear and rule on any and all discovery disputes that arise between the parties, and all pending and future discovery motions brought under Rules 26 through 37 of the Federal Rules of Civil Procedure are hereby referred to the

Discovery Master. The Discovery Master's authority shall include the authority to resolve disputes concerning the sequence and timing of discovery.

3.      The Discovery Master shall have the authority to convene conferences with the parties and any non-party recipient of a subpoena for the purposes of facilitating discovery and avoiding and resolving discovery disputes. The Discovery Master shall determine the extent of written briefing on discovery motions, whether and to what extent hearings are required for the resolution of such motions.

4.      Upon ruling on a discovery dispute, the Discovery Master shall state his ruling in writing. In accordance with Rule 53(e), the Discovery Master must promptly file with the court any orders regarding discovery disputes and serve a copy of such orders on each party. The clerk must enter such orders on the docket.

5.      Once docketed, a written ruling shall be deemed an order of the Court. The Discovery Master's ruling on a discovery dispute may be reconsidered by the Court only where it is shown that the ruling is clearly erroneous or contrary to law.  The procedure for seeking reconsideration of a ruling shall be as is set out in Fed. R. Civ. P. 72(a) with respect to non-dispositive matters referred to a magistrate judge.

6.      The same rules applying to a court regarding *ex parte* communications with parties shall apply to the Discovery Master. Under no circumstances may the Discovery Master communicate *ex parte* with the court.

7.      All records or reports of the Discovery Master's activities, and all submissions made to the Discovery Master by the parties, shall be preserved as a record of the Discovery Master's activities until the termination of this litigation. [The Discovery Master must also submit a record of his activities to the Court and serve a copy of any such submissions to each party.]

2

8.      The Discovery Master shall be compensated at his customary hourly billing rate of $___ per hour.  The Discovery Master shall also be reimbursed for expenses reasonably incurred in resolving any discovery dispute referred to him by the parties.  The Discovery Master's fees and expenses shall be shared equally by the parties: 50% to be paid by Plaintiff Babcock Borsig Power GmbH and Third-Party Defendant Babcock Borsig AG and 50% to be paid by Defendant and Third-Party Plaintiff Babcock Power Inc.  Persons and entities not named in any complaint or counterclaim as parties to this action shall not be required to contribute to the fees and expenses of the Discovery Master.  The Discovery Master shall render his bills monthly with respect to a matter referred to him.  Such bills shall be payable within thirty days from the date they are rendered, absent a challenge to the bill by any of the parties.

9.      In all other respects, the authority and conduct of the Discovery Master shall be governed by Fed. R. Civ. P. 53.

10.     Before entering upon his duties, the Discovery Master shall execute and file with the Court an affidavit addressing disqualification pursuant to 28 U.S.C. § 455.

        SO ORDERED.

        December __, 2005                    _____
                                             Rya W. Zobel
                                             United States District Judge

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,    ) | |
|                  ) | |

BABCOCK BORSIG POWER GmbH,    )

        Plaintiff,     )

        v.         )

BABCOCK POWER, INC.,    )

        Defendant,    )

          )  CIVIL ACTION

BABCOCK POWER, INC.,    )  NO. 04-10825 (RWZ)

        Third-Party Plaintiff,  )

        v.         )

BABCOCK BORSIG, AG    )

        Third-Party Defendant.  )

## [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(C)(2) and for good cause shown, all discovery is postponed until such time as determined by the discovery master appointed in this case.

**SO ORDERED** this _____ day of _____, 2005.

_____

Rya W. Zobel
United States District Judge

# EXHIBIT C

# GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 1, 2005

**By Facsimile (617.247.4125) and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA  02116

**Re:     Babcock Borsig Power GmbH v. Babcock Power, Inc.**
     **Civil Action No. 04-10825 RWZ**

Dear John:

This is in response to the notices of depositions you have sent me, dated November 28 and 29, seeking to depose Babcock Power, Inc., Tony Brandano, Nathan Hevrony and entities related to Mr. Hevrony at various times in December.  These depositions are premature and cannot be had on the dates noticed for a number of reasons.

As way of logistics, I must be in Houston for an arbitration in another matter on December 13 and 14.  I cannot reschedule this conflicting commitment.  For this reason alone, we cannot go forward as noticed beginning on December 13 and 14.

But more substantively, we cannot agree to these depositions at all until we have commitments for a mutuality of discovery.  On October 28, during a meeting in my office, you told me that you had additional documents to produce pursuant to our document request dated August 15, 2005.  You said at that time that you had some of the documents in your possession, and that you just needed to have some bates stamped.  It is now over one month later, and still you have not produced these documents.  Indeed, as I stated in detail in my letter dated November 18, your October production did not include documents concerning certain topics that were outlined in our requests to which you did not object, thus, it is clear that you have not produced all the responsive, non-privileged and non-objectionable documents your client has.  For our part, we have produced to you non-objectionable, non-privileged documents that are called for by your requests.  (To the extent you have asked in prior letters to me what documents were not produced by us, I refer you back to our written response, which agrees to produce all categories of documents requested except trial and expert documents, which simply do not exist at this time.

GOODWIN | PROCTER

John F. Welsh, Esq.
December 1, 2005
Page 2

Suffice it to say, we have completed our intended production, and, as contemplated by the rules, we would make any supplemental production as may be necessary.)

I have made clear on numerous occasions that a core principle for me in the discovery process is mutuality of obligation. We have produced our documents. We expect that you will produce yours before we all move to the next stage of discovery, substantive depositions.

While it is true that we have taken one deposition so far in this case, it was limited per our agreement to the person who could most readily identify the location of documents held by the German parties. Notwithstanding our taking this non-substantive deposition, and our targeted request for those documents whose location was identified by Dr. Kraenzlin last summer, these documents have yet to be fully produced. Moreover, while your 30(b)(6) deposition notice seeks both substantive information and information about the location of documents, since we have already produced to you documents responsive to your requests, it seems unnecessary for you to now need a deposition to identify the location of the very documents we have since handed over to you.

Not only do we object to your taking substantive depositions prior to the exchange of all non-objectionable documents, but we also continue to take issue with your apparent insistence on our having to travel to Germany to take depositions of key employees of the parties. Until we also resolve this issue, we cannot agree to schedule any of our witnesses for you. You have insisted that we travel to Germany to take the substantive deposition of the plaintiff's key witness, Dr. Kraenzlin. Of course, the caselaw is crystal clear that we do not have to do so. Because Babcock Borsig Power GmbH chose to avail itself of the Massachusetts courts, it cannot prevent its key employees from having to appear in Massachusetts for their deposition. See, e.g., Prozina Shipping Co. v. Thirty-Four Automobiles and Their Contents, 179 F.R.D. 41, 48 (D. Mass. 1998) (citing cases, including two specifically requiring German individuals to appear in the United States when they or their corporations sued here). This reasoning will apply equally to other individuals we intend to notice for deposition after we have received your document production, including but not limited to, Messrs. Ludger Kramer and Claus Brinkmann. We accommodated your initial request that we travel to Germany in July to allow discovery to get underway without a prolonged fight. But we are unwilling to continue to go through the burden and expense of such needless travel, particularly where your client chose to bring suit here in Massachusetts.

On a related matter, I remain concerned regarding your intent to take the depositions of Messrs. Balthasar, Freitag and Kuna in Germany. It is our position that these non-party witnesses cannot offer relevant information regarding the Non-Competition Agreement. As such, and due to the burden imposed on us of international travel, these depositions would not be proper and should be quashed if they are to take place in Germany. However, if you intend to depose these

# GOODWIN|PROCTER

John F. Welsh, Esq.
December 1, 2005
Page 3


gentleman in Massachusetts, I do not suspect that I would have any objection, as the burden of our attending would be significantly lessened. With this in mind, please let me know if you insist on taking their depositions in Germany, in order that I can move to quash if necessary.

John, I remain committed to trying to work out these issues with you in a cooperative way. Please call me so that we may discuss these issues and attempt to work out an amenable resolution.


Very truly yours,

Steven J. Comen

# EXHIBIT D



**Bello Black & Welsh LLP**

A T T O R N E Y S &
C O U N S E L O R S

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

John F. Welsh
Direct 617-247-8476
jwelsh@belloblack.com

December 5, 2005

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

Dear Steve:

I write in response to your letter of December 1, 2005. I believe that you seek to take unfair advantage of my efforts to conduct discovery cooperatively.

1.  <u>Depositions</u>.  Your position on the upcoming noticed depositions is unacceptable. We have been seeking to take the depositions of BPI's Rule 30(b)(6) representative, Mr. Brandano, and others since June 15, 2005. You initially agreed to produce BPI's Rule 30(b)(6) representative within 10 days of our trip to Germany in July 2005. Thereafter, you have agreed to obtain deposition dates on several occasions, only to fail to follow up, or to cancel proposed dates, thereafter.

Recently, I asked you to provide deposition dates on October 27, and on each of November 1, 3, 9, and 18, 2005. When we met on October 28th, I verbally renewed my request for deposition dates. I also advised you that I would seek an immediate deposition of Mr. Brandano if BPI failed to pay off the $5 Million Promissory Note on November 29, 2005.   You never responded to any of these requests despite warnings that the dates would be set unilaterally absent your cooperation.

Under these circumstances, it is difficult to be sympathetic to your scheduling conflict given your repeated failure to provide convenient dates.

We will accommodate your request that the Rule 30(b)(6) and Mr. Brandano depositions not take place on December 13 and 14 due to you need to attend an arbitration in another case on those days.  Enclosed please find new notices of Depositions to December 19-20, 2005.

As to the depositions of Mr. Hevrony and related Parties, we will reschedule them for January 3-4, 2006.  New Notices of Deposition are attached.

As to your claim that such depositions are "premature," I note that depositions of these witnesses have been agreed to by you on several occasions during the past five months only to be cancelled thereafter for various scheduling reasons.  On several prior occasions you also have

*labor    |    employment    |    litigation    |    resolution*

committed to find deposition dates for these witnesses but failed to do so. Given this history, and the pendancy of the discovery deadline, the characterization of our current deposition notices as "premature' is simply inaccurate.

2. <u>Dr. Kraenzlin's deposition</u>. As we have advised you for over two months, we plan to take depositions in Germany the third week in January 2006. Dr. Kraenzlin will be available for deposition in Oberhausen that week. Your insistence that he make a separate trip to Boston for deposition is unreasonable.

Your statements about unreasonable expense and your claim to have "accommodated" Babcock's initial request by conducting Dr. Kraenzlin's June 2005 deposition in Germany are disingenuous. Over my objections and requests for alternatives, you and Mr. Fleckner insisted on deposing Dr. Kraenzlin in Germany "where the documents are kept." This issue was argued before Judge Zobel during which concerns regarding expense of the trip to Germany was disavowed by Mr. Fleckner. In this instance, it is most economical to take Dr. Kraenzlin's second day of deposition while we are in Germany taking the depositions of other witnesses.

As to Mr. Kramer and Mr. Brinkman, they are not employed by either Babcock Borsig Power or Babcock Borsig AG. Accordingly, your statements concerning an alleged requirement that they come to Boston for deposition are incorrect. Their depositions must occur in Germany. Similarly, the depositions of Mr. Kuna, Baltizar and Freitag also must be taken in Germany. Your claim that they do not have relevant information concerning terms of the stock purchase agreement, including the noncompetition obligations and payment obligations, is nothing more than self-serving speculation.

3. <u>BBP Document Production</u> You have made several claims about the adequacy of our document production. Your assertions are misplaced and seem to be designed to deflect attention from the inadequacy of BPI's discovery responses.

a. <u>Confidentiality Designations</u>.

BPI has marked <u>every</u> document it produced in response to Document Requests as "Confidential." In a letter I asked for an explanation, and an appropriate designation. You never respond to this request, and your re-designation has not occurred.

b. <u>BPI'S Withholding of Documents.</u>

On numerous occasions you have promised that BPI would produce all documents responsive to our document requests except those covered by attorney-client privilege. For several months we made repeated requests for a written response to our document request as required by the rules.

In late October 2005 we finally received a written response to our June 8, 2005 document request. It contained numerous "general objections" in addition to attorney-client privilege, and stated that for each category of production was made "subject to" the General Objections.

*labor  |  employment  |  litigation  |  resolution*

Repeatedly, I asked in writing if documents have been withheld, or production limited, based on the general Objections.

The sole response to my numerous requests on the topic appears in your letter in which you state:

> For our part, we have produced to you non-objectionable, non-privileged documents that are called for by your requests. To the extent you have asked in prior letters to me what documents were not produced by us, I refer you back to our written response, which agrees to produce all categories of documents requested except trial excerpt documents, which simply do not exist at this time.

However, your written response does not "agree to produce all categories" of documents requested. Circular rhetoric does not suffice; we are entitled to a direct answer to our question.

Once again, we ask: has BPI withheld documents, or restricted the scope of its document production based on any the "General Objections" stated in its written Response to Babcock's Document Request?

   c.   BPI Document Production:  Your statement that BPI has "completed its intended production" suggests that a Motion to Compel is the only means by which we can effect a satisfactory production. We have not been provided numerous categories of documents, including Mr. Hevrony's documents and all relevant documents concerning the purported basis for BPI's failure to honor the terms of the promissory notes. It also appears to us that documents have been improperly designated as attorney-client privileged. Please consider this a request for a conference under Local Rule 37.1(A) concerning the scope and adequacy of BPI's document production.

   d.   Alteration of Electronic Documents

As you are aware my initial inspection of BPI's initial electronic document production disclosed that hundreds of names mysteriously had been deleted from emails. Unfortunately, this was discovered only after Babcock was forced to incur thousands of dollars of copying costs.  I contacted your office about the issue, and received a replacement "CD" containing "corrected copies".

No explanation has been provided to date as to how select sender and recipient names were deleted from the initial electronic production.  Absent such explanation, we can have no confidence that other data has not been altered or deleted.

Accordingly, please provide a detailed explanation concerning how information was inadvertently deleted from electronic versions of emails prior to production.

e.    <u>Emergency Motion to Compel/Discovery Master</u>

Discovery ends March 31, 2006. The delays in your document production and your ongoing refusal to produce witnesses for deposition is compromising BBP's ability to prosecute this case. Absent an immediate response to the matters raised in this letter, we will contact Judge Zobel's Clerk and ask for an immediate hearing on a Motion to Compel that will be filed this week. We also will request that Judge Zobel appoint a Discovery Master, which you in previous communications have requested, to handle all outstanding paper discovery issues and, if necessary, other disputes as well.

Very truly yours,

John F. Welsh

enclosures
cc:    Kenneth M. Bello, Esquire
       James Fleckner, Esquire

*labor  |  employment  |  litigation  |  resolution*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BABCOCK BORSIG POWER GmbH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04 CV 10825-RWZ |
| | ) | |
| BABCOCK POWER, INC., | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BABCOCK BORSIG, AG | ) | |
| Third-Party Defendant. | ) | |

## NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT BABCOCK POWER, INC.

To:    Steven J. Comen, Esq.
       Goodwin Procter LLP
       Exchange Place
       Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on December 19, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the Rule 30(b)(6) deposition upon oral examination of Defendant Babcock Power, Inc., on the subjects listed in Attachment A hereto, pursuant to the Federal Rules of Civil Procedure 30(b)(6), before a Notary Public in and for the Commonwealth of Massachusetts, or before some other person authorized to give oaths.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Josiah M. Black, BBO #632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: December 5, 2005

Attachment A

**DEFINITIONS**

1.    "BBP," as used herein, shall mean Plaintiff Babcock Borsig Power, GmbH.

2.    "BBX," as used herein, shall mean Third-Party Defendant Babcock Borsig AG.

3.    "BPI," as used herein, shall mean Defendant and Third-Party Plaintiff Babcock Power Inc.

4.    "Complaint," as used herein, means the Complaint for Declaratory Judgment filed by Plaintiff BBP in the United States District Court for the District of Massachusetts on April 26, 2004.

5.    "Counterclaim," as used herein, means the Third-Party Complaint and Jury Demand filed by Defendant and Third-Party Plaintiff BPI on or about September 15, 2004.

6.    "Person," as used herein, means any natural person or any business, legal, or governmental entity or association.

7.    "Communication," as used herein, means the oral or written transmittal of information in the form of facts, ideas, inquiries, or otherwise.

8.    "Document," as used herein, shall be defined to the broadest extent permitted by Rule 34(a) and includes, without limitation, all writings, drawings, graphs, charts, photographs, phone records, and other data compilations which, if necessary, can be obtained and/or translated through detection devices into reasonably usable form, including without limitation computer files and data. A draft or non-identical copy is a separate document within the meaning of this term.

9.    "Concern" and "concerning," as used herein, means referring to, describing, evidencing, or constituting.

10.    "SPA," as used herein, shall mean the Stock Purchase Agreement between BBP and BPI dated November 13, 2002, as well as any exhibits, schedules, or amendments thereto.

11.    "NCA," as used herein, shall mean the Non-Competition Agreement between BBP and BPI dated November 29, 2002.

## LIST OF SUBJECTS FOR RULE 30(b)(6) DEPOSITION

1.    The negotiations and any other communications that led to the execution of the SPA and the NCA, the identity of all persons involved with this topic, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

2.    The negotiations and any other communications that led to the execution of the $5.0M promissory note, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

3.    The negotiations and other communications between BBP or BBX and BPI concerning of the scope of the restrictive covenants in the NCA, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

4.    BPI's communications with Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") concerning Hitachi's purchase of BBX's subsidiary Power Systems in December 2002, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

5. Negotiations between BPI and Hitachi and monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

6. Communications between BPI and Mitsui Babcock concerning the latter's purchase of BBX's subsidiary Power Service, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

7. The allegation by BPI in its Counterclaim that BBP has breached the NCA.

8. The allegation by BPI in Paragraph 6 of the Counterclaim that "the German entities have failed to pay Babcock Power over $1.7 million in post-closing adjustments arising from workers' compensation payments paid by American entities on behalf of the German entities under the agreement to purchase the American assets" including, but not limited to insurance policies, agreements, invoices, ledgers, spreadsheets, notes, memoranda, and correspondence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BABCOCK BORSIG POWER GmbH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04 CV 10825-RWZ |
| | ) | |
| BABCOCK POWER, INC., | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BABCOCK BORSIG, AG | ) | |
| Third-Party Defendant. | ) | |

## NOTICE OF DEPOSITION

To:    Steven J. Comen, Esq.
       Goodwin Procter LLP
       Exchange Place
       Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on December 20, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Anthony Brandano.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: December 5, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, )<br> Plaintiff, )<br> )<br> v. )<br> )<br> BABCOCK POWER, INC., )<br> Defendant and Third-Party Plaintiff, )<br> )<br> v. )<br> )<br> BABCOCK BORSIG, AG )<br> Third-Party Defendant. )<br> ) | C.A. No. 04 CV 10825-RWZ |

## NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

      Please take notice that beginning at 2:00 p.m. on January 3, 2006, at the offices of Lex Reporting Services Corporate Headquarters, New York City, 160 Broadway New York, NY 10038, the Plaintiff Babcock Borsig Power GmbH will take the deposition of the Keeper of the Records, Hudson Investment Group, Inc., and that he/she is required to produce the documents outlined in the attached subpoena duces tecum.

      The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

                          Respectfully submitted,

                          BABCOCK BORSIG POWER GMBH,

                          By Its Attorneys,


                          Kenneth M. Bello, BBO #036630
                          John F. Welsh, BBO #522640
                          Bello Black & Welsh LLP
                          535 Boylston Street, Suite 1102
                          Boston, Massachusetts 02116
                          (617) 247-4100

Dated: December 5, 2005

SUBPEONA: KEEPER OF THE RECORDS, HUDSON INVESTMENTS GROUP, INC.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:

- Any and all e-mail communications from September 2002 through the Present relating to the November 13, 2002 Stock Purchase Agreement ("SPA") between Babcock Borsig Power, GmbH ("BBP") and Babcock Power Inc. ("BPI").
- Any and all e-mail communications from September 2002 through the Present relating to the November 29, 2002 Non-Competition Agreement ("NCA") between BBP and BPI.
- Any and all documents concerning the SPA, including, but not limited to drafts, notes, memos, and correspondence.
- Any and all documents concerning the NCA, including, but not limited to drafts, notes, memos, and correspondence.
- Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") of Babcock Borsig AG's ("BBX") subsidiary Power Systems in December 2002, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
- Any and all documents concerning communications between BPI and Hitachi concerning Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
- Any and all documents concerning monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, checks, wire transfer coupons, deposit slips, and agreements.
- Any and all documents concerning the potential or actual purchase by Mitsui Babcock of BBX's subsidiary Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
- Any and all documents concerning communications between BPI and Mitsui Babcock concerning the latter's purchase of Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
- Any and all documents that support, refute, or otherwise concern the purchase by Balcke-Durr GmbH or BBP Service Rattingen GmbH f/k/a Balcke-Durr Service GmbH, including, but not limited to, e-mail communications, notes, memoranda, agreements, drafts, and correspondence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BABCOCK BORSIG POWER GmbH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04 CV 10825-RWZ |
| | ) | |
| BABCOCK POWER, INC., | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BABCOCK BORSIG, AG | ) | |
| Third-Party Defendant. | ) | |

## NOTICE OF DEPOSITION

To:    Steven J. Comen, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Please take notice that beginning at 3:00 p.m. on January 3, 2005, at the offices of Lex Reporting Services Corporate Headquarters, New York City, 160 Broadway New York, NY 10038, the Plaintiff Babcock Borsig Power GmbH will take the deposition of the Keeper of the Records, Hevrony IC LLC, and that he/she is required to produce the documents outlined in the attached subpoena duces tecum.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: December 5, 2005

SUBPEONA:  KEEPER OF THE RECORDS, HEVRONY IC LLC

YOU ARE COMMANDED to produce and permit inspection and copying of the
following documents or objects:

- Any and all e-mail communications from September 2002 through the Present
  relating to the November 13, 2002 Stock Purchase Agreement ("SPA") between
  Babcock Borsig Power, GmbH ("BBP") and Babcock Power Inc. ("BPI").
- Any and all e-mail communications from September 2002 through the Present
  relating to the November 29, 2002 Non-Competition Agreement ("NCA")
  between BBP and BPI.
- Any and all documents concerning the SPA, including, but not limited to drafts,
  notes, memos, and correspondence.
- Any and all documents concerning the NCA, including, but not limited to drafts,
  notes, memos, and correspondence.
- Any and all documents concerning the purchase by Babcock Hitachi K.K. or
  Hitachi Ltd. (collectively, "Hitachi") of Babcock Borsig AG's ("BBX")
  subsidiary Power Systems in December 2002, including, but not limited to e-mail
  communications, notes, memoranda, correspondence, drafts, and agreements.
- Any and all documents concerning communications between BPI and Hitachi
  concerning Hitachi's purchase of Power Systems, including, but not limited to e-
  mail communications, notes, memoranda, correspondence, drafts, and
  agreements.
- Any and all documents concerning monies pledged or paid by Hitachi or others in
  order to obtain a release from BPI of claims relating to the NCA and Hitachi's
  purchase of Power Systems, including, but not limited to e-mail communications,
  notes, memoranda, correspondence, drafts, checks, wire transfer coupons, deposit
  slips, and agreements.
- Any and all documents concerning the potential or actual purchase by Mitsui
  Babcock of BBX's subsidiary Power Service, including, but not limited to e-mail
  communications, notes, memoranda, correspondence, drafts, and agreements.
- Any and all documents concerning communications between BPI and Mitsui
  Babcock concerning the latter's purchase of Power Service, including, but not
  limited to e-mail communications, notes, memoranda, correspondence, drafts, and
  agreements.
- Any and all documents that support, refute, or otherwise concern the purchase by
  Balcke-Durr GmbH or BBP Service Rattingen GmbH f/k/a Balcke-Durr Service
  GmbH, including, but not limited to, e-mail communications, notes, memoranda,
  agreements, drafts, and correspondence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>    Plaintiff,<br><br>    v.<br><br>BABCOCK POWER, INC.,<br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>BABCOCK BORSIG, AG<br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. No. 04 CV 10825-RWZ |

## NOTICE OF DEPOSITION

To:     Steven J. Comen, Esq.
          Goodwin Procter LLP
          Exchange Place
          Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on January 4, 2006, at the offices of Lex Reporting Services Corporate Headquarters, 160 Broadway, New York, NY 10038, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Nathan Hevrony, and that he is required to produce the documents outlined in the attached subpoena duces tecum.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: December 5, 2005