# EXHIBIT E

**GOODWIN | PROCTER**

Steven J. Comen
617.570.1660
scomen@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 7, 2005

**By Facsimile (617.247.4125) and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re:   **Babcock Borsig Power GmbH v. Babcock Power, Inc.**
      **Civil Action No. 04-10825 RWZ**

Dear John:

This is in response to your letter dated December 5. You did not address the legal obligation which I cited in my December 1 letter, with case authority, which quite clearly requires Dr. Kraenzlin to appear for deposition in the United States when Babcock Borsig Power GmbH chose to bring suit here. Nor did you address the missing documents that you had already stated you would be producing but which you have failed to provide. You provided no rationale for a German deposition of three individuals who were not, to our knowledge, employed by either of the parties at the time of the signing of the Non-Competition Agreement, nor have you even provided us with copies of deposition notices for them, as required by the rules. In short, you did not address the outstanding issues raised in my December 1 letter.

Without engaging in any useless and counterproductive finger-pointing, I welcome your suggestion that we seek the appointment of a special discovery master to arbitrate these disputes. I suggest we seek appointment of Owen Todd, but if you have other suggestions I am happy to entertain them. We each had referenced discovery motions in our respective correspondence, dated December 1 and December 5. Before we engage in what might ultimately be costly and unnecessary discovery motion practice, I suggest that we first seek appointment of a discovery master and then get guidance from that person as to whether he or she wishes to have matters formally briefed or would prefer instead a different approach.

In light of your apparent refusal to produce Dr. Kraenzlin here in Massachusetts, and your failure to provide the remaining documents you have agreed to produce, we will await appointment of a discovery master or court order before proceeding further with discovery. To be clear, we will not produce witnesses pursuant to your most recent deposition notices, until we have the

LIBA/1654303.1

GOODWIN | PROCTER

John F. Welsh, Esq.
December 7, 2005
Page 2

opportunity to straighten out these unresolved disputes. If you proceed nonetheless to take depositions in Germany without proper notice, we will move to have the entirety of any transcript stricken. We suggest that all these disputes be put in front of any special master for resolution.

On a personal note, apart from everything else, I take the utmost offense at your insinuation that I or my colleagues in any way intentionally altered or manipulated documents. These are grave charges. They are without any foundation whatsoever and you know that. I understand that immediately after you brought to our attention the fact that some documents appeared to have omissions, you were contacted by Mr. Simons, whom I know to be very conscientious, hard working, and above all, of the highest integrity and ethical standards. He informed you that he investigated the issue right away, and raised your concerns with the individuals in our litigation technology group who had actually prepared the disk sent to you. They diligently looked into the matter and identified a technical error caused by an apparent glitch in the Summation system that we use at the firm, a glitch that had been previously unknown to them. (I can provide an affidavit from the firm specialists who can give you a detailed explanation of these technical issues, if you insist on such formalities.) You were provided within days a new disk containing versions of the documents prepared after that technical glitch was uncovered and resolved. You were also provided a comprehensive index of all affected documents and replacements so that you knew exactly which documents had these technical errors. For you to now throw around reckless accusations of deliberate misconduct is offensive to me and my firm, and unfairly casts aspersions at hard-working conscientious professionals.

Very truly yours,

*Steve Comen* /jof

Steven J. Comen

LIBA/1654303.1

# EXHIBIT F



**Bello Black & Welsh** LLP
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-4122
kbello@belloblack.com

December 9, 2005

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

Dear Steve:

    We write further regarding depositions. Dr. Kraenzlin has agreed that he will make himself available for deposition in the United States during the week of January 9th or 16th, at the same time that we take the deposition of Jim Woods. To that end, enclosed please find the deposition notice for Mr. Woods for January 10, 2005, with the expectation that Dr. Kraenzlin's deposition would occur on January 11th or 12th, depending when the Woods deposition is completed. As indicated, we are prepared to consider other dates during the two week period (except for January 19-20).

    As to the other depositions, we expect to proceed as set forth in the letter dated December 2, 2005, including the depositions of the Rule 30(b)(6) witness and Mr. Brandano, respectively scheduled for December 19 and 20.

Very truly yours,

Kenneth M. Bello

enclosures
cc:   John F. Welsh, Esquire
       James Fleckner, Esquire

*labor  |  employment  |  litigation  |  resolution*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>    Plaintiff,<br><br>v.<br><br>BABCOCK POWER, INC.,<br>    Defendant and Third-Party Plaintiff,<br><br>v.<br><br>BABCOCK BORSIG, AG<br>    Third-Party Defendant. | C.A. No. 04 CV 10825-RWZ |

### NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
       Goodwin Procter LLP
       Exchange Place
       Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on January 10, 2006 and continuing thereafter until completed, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the deposition of James Woods.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths.

Respectfully submitted,
BABCOCK BORSIG POWER GMBH,
By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: December 9, 2005

# EXHIBIT G

GOODWIN | PROCTER

Steven J. Comen
617.570.1660
scomen@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 13, 2005

**By Facsimile (617.247.4125) and First Class Mail**

Kenneth M. Bello, Esq.
John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA  02116

Re:   **Babcock Borsig Power GmbH v. Babcock Power, Inc.
      Civil Action No. 04-10825 RWZ**

Gentlemen:

Under the circumstances where you have provided apparently conflicting deposition notices, subpoenas and dates, and more importantly, where Dr. Kraenzlin seems to believe that he can establish pre-conditions on his being deposed, we should agree promptly upon a discovery master, as both sides have suggested in our recent correspondence. It is probably more cost effective for all involved for us to wait before any depositions go forward, including the ones you have noticed for next week, until such a master has been appointed. A discovery master can not only facilitate our scheduling respective depositions and other outstanding discovery, but also could serve a valuable role by being available to referee any disputes that may arise during the course of the depositions. We are prepared to stipulate at once to a discovery master, and are open to any suggestions you might have as to potential candidates.

Very truly yours,

*[signature]*

Steven J. Comen

LIBA/1655519.1

# EXHIBIT H



**Bello Black & Welsh** LLP
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-4122
kbello@belloblack.com

December 13, 2005

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

Dear Steve:

We are in receipt of your letter from this morning. We are unaware of any conflicts in the deposition notices, subpoenas or dates; if there are any, please advise immediately and we will clarify.

Also, please be advised that we intend to proceed forward with the depositions of the Rule 30(b)(6) witness and Mr. Brandano, respectively scheduled for December 19 and 20. Absent a protective order prohibiting the same, for which there would be not legitimate basis, we expect your witnesses to appear at the appointed dates and times. If they do not appear, we will seek an emergency order, including sanctions and fees.

Very truly yours,

Kenneth M. Bello

cc:   John F. Welsh, Esquire
      James Fleckner, Esquire

*labor  |  employment  |  litigation  |  resolution*