# EXHIBIT M

Case 1:04-cv-10825-RWZ   Document 33-5   Filed 12/15/2005   Page 1 of 17



**Bello Black & Welsh** LLP
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-4122
kbello@belloblack.com

December 14, 2005

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

Re: Babcock Borsig Power GmbH v. Babcock Power, Inc. and
Babcock Power, Inc. v. Babcock Borsig, AG
U.S. District Court Civil Action No.: 04-10825 (RWZ)

Dear Steve:

We will decline to respond to your ad homonym comments regarding the discovery process; the record speaks for itself. No discovery master is needed to address the commencement of the two depositions noticed six months ago in June, 2005.

If you believe that a Protective Order is warranted, then it is your obligation to do seek the same. We are fully prepared to respond to any such Motion, and are further prepared to appear at a hearing before Judge Zobel on Thursday or Friday of this week, if that is your inclination. To that end, if you intend to contact Judge Zobel's Clerk, we expect that you will include either John or me (whoever is available) on that call.

Very truly yours,

Kenneth M. Bello

cc: John F. Welsh, Esquire
    James Fleckner, Esquire

0311400.doc

# EXHIBIT N

**GOODWIN | PROCTER**

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 14, 2005

**By Facsimile**

Kenneth M. Bello, Esq.
Bello Black LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Dear Ken:

I received your fax a few minutes ago. Please let me know whether it's your intention to make a good-faith effort today to attempt to agree upon a discovery master so that we might have him available to us before any depositions begin next week. Surely, there is no reason why you cannot react now to the names that I suggested, and, if you object to all of them, suggest some other names.

Please let me hear from you as soon as possible so that I may be guided appropriately in planning the next steps to be taken in this case.

Very truly yours,

Steve

Steven J. Comen

SJC:jjp
cc:    John F. Welsh, Esq.
       James O. Fleckner, Esq.

LIBA/1656263.1

# EXHIBIT O



| 535 Boylston Street | Kenneth M. Bello |
| Suite 1102 | Direct 617-247-4122 |
| Boston, Massachusetts 02116 | kbello@belloblack.com |
| Main 617 247 4100 | |
| Fax 617 247 4125 | |
| www.belloblack.com | |

December 14, 2005

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

    Re:    Babcock Borsig Power GmbH v. Babcock Power, Inc. and
             Babcock Power, Inc. v. Babcock Borsig, AG
             U.S. District Court Civil Action No.: 04-10825 (RWZ)

Dear Steve:

    We do not agree nor believe that there is any need for a discovery master regarding the routine depositions scheduled for next week, nor are we prepared to postpone them pending appointment of a master. There simply is no need nor basis for doing so.

    We will get back to you regarding the identification of a proposed discovery master as soon as John and I have had a chance to confer on this.

                                  Very truly yours,

                                  Kenneth M. Bello

cc:    John F. Welsh, Esquire
        James Fleckner, Esquire

0311400.doc

# EXHIBIT P

**From:** Kenneth Bello [KBello@belloblack.com]
**Sent:** Wednesday, December 14, 2005 1:22 PM
**To:** Comen, Steven J
**Cc:** John Welsh
**Subject:** RE: Discovery Masters

Rule 53 requires the appointment of a Master by the Court, and for the court to determine the master's duties. While the parties obviously can and should try to agree on the scope of the master's authority and duties, ultimately this is for the Court to determine. Therefore, prior to doing anything, we need to see if it is possible to reach agreement on the scope of duties and authority, consistent with Rule 53. It seems to me that it would be inappropriate for either of us to contact any proposed Master without first presenting the proposed Master and any agreed to scope of duties and authority. John and I will make ourselves available for a conference call if you would like to discuss this.

In the meantime, at the risk of repetition for more times than I care, we will proceed forward with the depositions on next Monday and Tuesday.

As to DiGiacamo, John and I will discuss this further this afternoon.

**From:** Comen, Steven J [mailto:scomen@goodwinprocter.com]
**Sent:** Wednesday, December 14, 2005 12:05 PM
**To:** Kenneth Bello
**Subject:** RE: Discovery Masters

I agree to DeGiacomo. I have not had any matter with him since he was one of many counsel in a case over 35 years ago in which I was an associate working with other lawyers representing one of the many other defendants. Let's get in touch with him today and see if he is willing and available
-----Original Message-----
**From:** Kenneth Bello [mailto:KBello@belloblack.com]
**Sent:** Wednesday, December 14, 2005 11:28 AM
**To:** Comen, Steven J
**Cc:** John Welsh
**Subject:** Discovery Masters

Steve: John and I have exchanged messages and have identified *possible* discovery masters. We will need to confer further, but please consider the following names on a preliminary basis.

Hugh Scott
Jim DiGicacomo
Camille Sarrouf
David Gotkin

Other than Gotkin (who was at Testa), neither John nor I have any prior connection with these individuals, be it in a case or otherwise.

Please advise as to any prior dealings/cases that you have had with the individuals included in your letter yesterday.j

*************************************************************
****

**IRS CIRCULAR 230 DISCLOSURE:**
**To ensure compliance with requirements imposed by the IRS, we**

12/15/2005

inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.

***************************************************************

***************************************************************
This message is intended only for the designated recipient(s). It
may
contain confidential or proprietary information and may be subject
to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.
***************************************************************

# EXHIBIT Q

## Comen, Steven J

**From:** Kenneth Bello [KBello@belloblack.com]
**Sent:** Thursday, December 15, 2005 2:05 PM
**To:** Comen, Steven J
**Subject:** RE: Motion for Discovery Master/Protective Order

You do so at your peril, as the representation that you conferred with us, in our view, is false.

---

**From:** Comen, Steven J [mailto:scomen@goodwinprocter.com]
**Sent:** Thursday, December 15, 2005 2:03 PM
**To:** Kenneth Bello
**Subject:** RE: Motion for Discovery Master/Protective Order

Rather than delay our filing any longer, we will file our motion and attach this recent string of emails which we believe are self-explanatory
-----Original Message-----
**From:** Kenneth Bello [mailto:KBello@belloblack.com]
**Sent:** Thursday, December 15, 2005 1:32 PM
**To:** Comen, Steven J
**Cc:** John Welsh
**Subject:** RE: Motion for Discovery Master/Protective Order

Steve: I am done debating this; your motion says that you had "attempted in good faith to resolve or narrow the issues in this motion but was unable to do so". I would suggest that you cannot in good faith make that representation given your refusal to have a conference at all, and we certainly will so note to the court.

---

**From:** Comen, Steven J [mailto:scomen@goodwinprocter.com]
**Sent:** Thursday, December 15, 2005 1:29 PM
**To:** Kenneth Bello
**Subject:** Re: Motion for Discovery Master/Protective Order


Surely you can state whether you object to a discovery master now and at least indicate why

-----Original Message-----
From: Kenneth Bello <KBello@belloblack.com>
To: Comen, Steven J <scomen@goodwinprocter.com>
CC: John Welsh <JWelsh@belloblack.com>
Sent: Thu Dec 15 13:21:44 2005
Subject: RE: Motion for Discovery Master/Protective Order

Because we believe that the parties should follow the rules and have a conference. We hardly can right an opposition to a motion that we got 15 minutes ago.


---

From: Comen, Steven J [mailto:scomen@goodwinprocter.com]
Sent: Thursday, December 15, 2005 1:19 PM
To: Kenneth Bello
Subject: Re: Motion for Discovery Master/Protective Order

Why do you refuse to email me what your objection is?

-----Original Message-----
From: Kenneth Bello <KBello@belloblack.com>
To: Comen, Steven J <scomen@goodwinprocter.com>
Sent: Thu Dec 15 13:05:32 2005
Subject: RE: Motion for Discovery Master/Protective Order

The rule requires a conference; please let us know when you are available. If not we will inform the Court that you refused to speak with us regarding this matter.

---

From: Comen, Steven J [mailto:scomen@goodwinprocter.com]
Sent: Thursday, December 15, 2005 1:04 PM
To: Kenneth Bello
Subject: Re: Motion for Discovery Master/Protective Order

I am in a meeting. Please email or fax me whatever objections you may have to my motion

-----Original Message-----
From: Kenneth Bello <KBello@belloblack.com>
To: Comen, Steven J <scomen@goodwinprocter.com>; John Welsh <JWelsh@belloblack.com>
Sent: Thu Dec 15 12:57:53 2005
Subject: FW: Motion for Discovery Master/Protective Order

---

From: Kenneth Bello
Sent: Thursday, December 15, 2005 12:57 PM
To: 'Simons, Peter F.'
Subject: RE: Motion for Discovery Master/Protective Order

John and I will make ourselves available for a telephone conference at your and Steve's convenience this afternoon, consistent with Rule 37.1.

Please note that we have previously requested Rule 37 conferences with respect to various discovery issues, to which no response, let alone a timely response, has been received.

---

From: Simons, Peter F. [mailto:psimons@goodwinprocter.com]
Sent: Thursday, December 15, 2005 12:47 PM
To: Kenneth Bello; John Welsh
Cc: Comen, Steven J

12/15/2005

Subject: Motion for Discovery Master/Protective Order

I am forwarding the message below on behalf of Steve Comen.

-----------------------------------------------------------------------------------

Gentlemen,

I have attached our motion for the appointment of a discovery master and for a protective order, which we plan to file today. It is my intention that this message constitutes initiation of the conference required by Local Rule 37.1 prior to the filing of any discovery motion. I anticipate your prompt reply by e-mail or facsimile.

In our proposed order for the appointment of a discovery master, note that in paragraph 5 we make the master's orders potentially appealable. However, we are readily willing to make those orders absolutely binding on us, provided we agree on the selection of a master.

<<Babcock_ motion for discovery master1.pdf>> <<Babcock_ order appointing discovery master1.pdf>> <<Babcock - proposed protective order2.pdf>>

Steven J. Comen
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
617-570-1660 (phone)
617-523-1231 (fax)
scomen@goodwinprocter.com

_____

********************************************************************

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.

********************************************************************

********************************************************************
This message is intended only for the designated recipient(s). It
may
contain confidential or proprietary information and may be subject
to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please notify
the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*
This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject
to

the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.
***************************************************************
****

***************************************************************
****

**IRS CIRCULAR 230 DISCLOSURE:**
To ensure compliance with requirements imposed by the IRS, we
inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.

***************************************************************
****

***************************************************************
****

This message is intended only for the designated recipient(s). It
may
contain confidential or proprietary information and may be subject
to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.
***************************************************************
****

***************************************************************
****

**IRS CIRCULAR 230 DISCLOSURE:**
To ensure compliance with requirements imposed by the IRS, we
inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and

12/15/2005

cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.


****************************************************************

****************************************************************
This message is intended only for the designated recipient(s). It
may
contain confidential or proprietary information and may be subject
to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.
****************************************************************

## Comen, Steven J

**From:** Kenneth Bello [KBello@belloblack.com]
**Sent:** Thursday, December 15, 2005 2:06 PM
**To:** Comen, Steven J
**Cc:** John Welsh

Request for Rule 37.1 Conference: We will be filing a Motion to Compel depositions later today. We request a telephone Rule 37.1 Conference this afternoon..