UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>Plaintiff, | )<br>)<br>) |
| v. | )  C.A. No. 04 CV 10825-RWZ |
| BABCOCK POWER, INC.,<br>Defendant and Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BABCOCK BORSIG, AG<br>Third-Party Defendant. | )<br>)<br>) |

### NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT BABCOCK POWER, INC.

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on _____, 2005, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the Rule 30(b)(6) deposition upon oral examination of Defendant Babcock Power, Inc., on the subjects listed in Attachment A hereto, pursuant to the Federal Rules of Civil Procedure 30(b)(6), before a Notary Public in and for the Commonwealth of Massachusetts, or before some other person authorized to give oaths.

Respectfully submitted,
BABCOCK BORSIG POWER GMBH,
By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Josiah M. Black, BBO #632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: June __, 2005

Attachment A

**DEFINITIONS**

1. "BBP," as used herein, shall mean Plaintiff Babcock Borsig Power, GmbH.

2. "BBX," as used herein, shall mean Third-Party Defendant Babcock Borsig AG.

3. "BPI," as used herein, shall mean Defendant and Third-Party Plaintiff Babcock Power Inc.

4. "Complaint," as used herein, means the Complaint for Declaratory Judgment filed by Plaintiff BBP in the United States District Court for the District of Massachusetts on April 26, 2004.

5. "Counterclaim," as used herein, means the Third-Party Complaint and Jury Demand filed by Defendant and Third-Party Plaintiff BPI on or about September 15, 2004.

6. "Person," as used herein, means any natural person or any business, legal, or governmental entity or association.

7. "Communication," as used herein, means the oral or written transmittal of information in the form of facts, ideas, inquiries, or otherwise.

8. "Document," as used herein, shall be defined to the broadest extent permitted by Rule 34(a) and includes, without limitation, all writings, drawings, graphs, charts, photographs, phone records, and other data compilations which, if necessary, can be obtained and/or translated through detection devices into reasonably usable form, including without limitation computer files and data. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Concern" and "concerning," as used herein, means referring to, describing, evidencing, or constituting.

10. "SPA," as used herein, shall mean the Stock Purchase Agreement between BBP and BPI dated November 13, 2002, as well as any exhibits, schedules, or amendments thereto.

11. "NCA," as used herein, shall mean the Non-Competition Agreement between BBP and BPI dated November 29, 2002.

## LIST OF SUBJECTS FOR RULE 30(b)(6) DEPOSITION

1. The negotiations and any other communications that led to the execution of the SPA and the NCA, the identity of all persons involved with this topic, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

2. The negotiations and any other communications that led to the execution of the $5.0M promissory note, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

3. The negotiations and other communications between BBP or BBX and BPI concerning of the scope of the restrictive covenants in the NCA, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

4. BPI's communications with Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") concerning Hitachi's purchase of BBX's subsidiary Power Systems in December 2002, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

5. Negotiations between BPI and Hitachi and monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

6. Communications between BPI and Mitsui Babcock concerning the latter's purchase of BBX's subsidiary Power Service, the identity of all persons involved with this topic, and the identity and location of all documents relating to this topic.

7. The allegation by BPI in its Counterclaim that BBP has breached the NCA.

8. The allegation by BPI in Paragraph 6 of the Counterclaim that "the German entities have failed to pay Babcock Power over $1.7 million in post-closing adjustments arising from workers' compensation payments paid by American entities on behalf of the German entities under the agreement to purchase the American assets" including, but not limited to insurance policies, agreements, invoices, ledgers, spreadsheets, notes, memoranda, and correspondence.