**EXHIBIT D**

060118BD.txt

UNCERTIFIED ROUGH TRANSCRIPT    1

COURT REPORTER'S DISCLAIMER IN THE MATTER OF

Babcock Borsig Power GmbH
                vs.
Babcock Power Inc., et cetera

5        The following deposition transcript of
Georg-Peter Kraenzlin, Vol. III, taken on Wednesday,
January 18, 2006, is being delivered UNEDITED and
UNCERTIFIED by the court reporter at the request of
Attorneys Comen and Bello.

         The party working with this product agrees not
to share, give, copy, scan, fax, or in any way
distribute this realtimed rough draft in any form
(written or computerized) to any other party.

10
         The party's experts, co-counsel, and staff may
have limited internal use thereof with the
understanding that this realtimed rough draft will
be destroyed and replaced by the final edited,
certified transcript when it is received by the
party in due course.

         The party agrees to indemnify and hold harmless
Doris O. Wong Associates, Inc., and its court
15  reporter Carol H. Kusinitz if the unedited and
uncertified version of this transcript is cited by
any party to this matter and becomes a point of
contention within this case or any other
controversy.

20
□

UNCERTIFIED ROUGH TRANSCRIPT    2

P R O C E E D I N G S

GEORG-PETER KRAENZLIN, Resumed

a witness called for examination by counsel for the

Defendant, being previously duly identified and

5   sworn, was examined and testified as follows:

Page 1

060118BD.txt

A        Thank you.

Q        Having in mind the definitions of seller in
the Non-Competition Agreement and the other

5    provisions of the Non-Competition Agreement, you
understood that you had a duty to put in all of the
contracts for the sale of stock or assets a
provision that would bind those parties to the
non-competition obligations; is that correct?

10        MR. BELLO:  Objection.  Calls for legal
conclusion.  Answer as best you can.

A        If your question was whether we imposed the
Non-Competition Agreement in later transactions, we
did so where it was necessary in order to comply

15   with the BPI non-compete agreement where we could,
again.

Q        All right.  Now, what do you mean, where it
was necessary?

A        When we sell, let's say, a housekeeping

20   company, then I think this has nothing to do with
the definition of the businesses defined in the
non-compete agreement.

Q        And in your answer you also said you took
action where you could.  What do you mean by where

0

UNCERTIFIED ROUGH TRANSCRIPT     9

you could?

A        As I said before, sir, that where a group
of company is controlled by another insolvency
administrator who is solely responsible to his

5    creditors, we, meaning Dr. Schmitz or the selling

060118BD.txt

party, has no legal or practical leverage whatsoever

to impose that non-compete on any other individual

or legal entity.

Q        Can you think of any specific occasion

10    where you addressed that question?

A        No, because I didn't have to.

Q        So that never occurred?  In other words,

you never had occasion to sell assets or companies

that were --

15    A        I cannot sell assets of another insolvency

administrator, if you mean that.

Q        How did you advise that insolvency

administrator that the Non-Competition Agreement

might affect whatever actions he was taking?

20    A        Can you repeat that question, please.

(Question read)

MR. BELLO:  Objection.

A        This is legal advice.

MR. BELLO:  Well --

UNCERTIFIED ROUGH TRANSCRIPT    10

Q        It's what?  How did you communicate with --

A        With Dr. Schmitz I communicated, right.

MR. BELLO:  I don't think that's his

question.  That's why I have an objection.

5    Q        If I understood you correctly, you're

saying that there were companies within the

definition of seller in the Non-Competition

Agreement who might not have been covered by the

same insolvency proceeding?

10    A        No.  You're implying something which is not

**EXHIBIT E**



535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

John F. Welsh
Direct 617-247-8476
jwelsh@belloblack.com

January 10, 2006

**By Email and Regular Mail**

Steven J. Comen, Esquire
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA  02109

> RE:  **Babcock Borsig Power GmbH v. Babcock Power, Inc. and**
> **Babcock Power, Inc. v. Babcock Borsig, AG**
> **U.S. District Court Civil Action No.:  04-10825 (RWZ)**

Dear Steve:

I am writing in response to the letter sent to my office this morning.  Why do you insist on being difficult on such simple tasks as scheduling deposition dates?

On December 20, 2005 I noticed the resumption of the Brantl and Brandano depositions for January 23, and 24, respectively, and invited you to propose alternative January dates if the noticed dates were inconvenient.  After repeated emails urging you to respond, today you claim that the noticed dates "are not workable" (whatever that means) and insist that I propose dates to you in February.

Absent some compelling reason (which you have not shared), I insist that these depositions occur on January.  Unless I receive acceptable alternative January dates by Friday, we will proceed with the January 23 and 24 dates.

As to the pending summary judgment motion on the $1.9 Million Note, your response is unsatisfactory.  I now plan to file motions to strike your opposition and for sanctions.  Mr. Brandano's deposition makes clear that BPI's Opposition was disingenuous.  We also are preparing a Motion to Amend the Complaint to add counts under M.G.L. c.93A for the bad faith failure to pay both notes.  Please advise when you are available for a Rule 37 conference regarding the same.

As to Mr. Hevrony, you have failed to produce relevant documents in his possession responsive to our document request.  Please do so immediately.  As to his deposition, I have enclosed a revised depositions notice for February 7, 2006 in Goodwin Proctor's New York office.  If the noticed date is inconvenient, please advise us of specific dates in early February that Mr. Hevrony is available.

*labor  |  employment  |  litigation  |  resolution*

As to our pending Motion to Compel, the filing with the Court was consistent with my understanding of appropriate procedure. Moreover, you had indicated to Judge Hershfang that you expected to be able to resolve some of the subject matters of the Motion to Compel. Please advise promptly as to which items you have a proposed resolution. Absent the same, we expect that we will need to contact Judge Hershfang before or at the deposition of Mr. Wood on Monday.

As to the request for documents under Section 5.02 of the Stock Purchase Agreement your suggestion that compliance would "unreasonably interfere with BPI's business" is preposterous. Similarly, your attempt to link your client's lack of compliance with the pending Summary Judgment Motion is disingenuous. The Summary Judgment Motion pertains to improper set off against the $1.9 Million Note. The request for inspection pertains to the claimed basis for setoff concerning the $5 Million Note and the failure to. Once again, BPI has breached a material contractual obligation.

As to our documents, they will be produced when you address my outstanding discovery issues as set forth in my earlier correspondence. As I indicated in my prior email, I am tired of my repeated inquiries and requests being ignored in favor of your agenda.

Your tactics are transparent. When your client breached the terms of the $1.9 Million Note, you engaged in a series of delaying actions to forestall. In November 2005 I advised you of my intent to promptly take discovery and file for Summary Judgment on the $5 Million Note if your client failed to pay the principal amount due on November 29,      . Now that I am seeking to test the asserted basis of your client's contractual obligations once again we face delaying tactics. I've had enough.

Very truly yours,

John F. Welsh

Enclosures
Cc:    Kenneth M. Bello, Esquire

**<u>EXHIBIT F</u>**



**Bello Black & Welsh** LLP
ATTORNEYS &
COUNSELORS

535 *Boylston Street*
*Suite 1102*
*Boston, Massachusetts 02116*
*Main 617 247 4100*
*Fax 617 247 4125*
*www.belloblack.com*

*John F. Welsh*
*Direct 617-247-8476*
*jwelsh@belloblack.com*

December 30, 2005

**By Electronic and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA  02109

      Re:    **Babcock Borsig Power GmbH v. Babcock Power, Inc. and**
             **Babcock Power, Inc. v. Babcock Borsig, AG**
             <u>**U.S. District Court Civil Action No.:  04-10825 (RWZ)**</u>

Dear Steve:

        I am writing in follow-up of recent discovery events, to schedule future discovery events, and to set forth an agenda of pending discovery issues for discussion or ultimately resolution by Judge Hershfang.

        1.     Dr. Kraenzlin has confirmed that he is available on Wednesday, January 18th in Boston for his deposition. Consequently, we confirm that Mr. Wood's deposition will be held on January 17, 2006 at our office at 10:00 AM. Because we intend to take his deposition by video, we have enclosed a revised deposition notice. Dr. Kraenzlin's deposition will follow on January 18 (and 19 if necessary) at your office.

        2.     I have attached a deposition notice scheduling the continuation of Mr. Brantl's deposition as BPI's Rule 30 (b)(6) representative on January 23, 2006. Please note our designation of video, reflected in the attached notice. If this date is not convenient, please propose alternative dates in late January 2006.

        3.     I have enclosed a deposition notice scheduling the resumption of Mr. Brandano's deposition for January 24, 2006. If this date is not convenient, please propose alternative dates in January 2006.

        4.     Given Mr. Brandano's testimony at his December 22, 2005 deposition, I request that BPI immediately withdraw its filed Opposition to Babcock's partial summary judgment motion. Absent such withdrawal, we request a conference in anticipation of supplemental filings and motions before Judge Zobel.

*labor  |  employment  |  litigation  |  resolution*

Steven J. Comen, Esq.
December 30, 2005
Page 2

5.      In follow up of our conversation before Judge Hershfang please advise if you will accept service on behalf of Nathan Hevrony and the Hudson entities. Revised deposition notices containing proposed deposition dates of January 26 and 27 are enclosed. Given Mr. Brandano's testimony that Mr. Hevrony remains a director of BPI, please advise us of the basis of any claim that service of a subpoena is required to obtain Mr. Hevrony's deposition. We also request that Mr. Hevrony agree to have his deposition occur in Boston. We are trying to see if the German witnesses would be willing to come to the United States, as you have requested. We would hope for similar cooperative efforts by you in effecting agreements concerning depositions.

6.      Enclosed please find deposition notices for Gadsby Hanna and Mr. Stoler scheduling their depositions for January 30 and 31, 2006 respectively. Please provide alternative dates if the noticed dates are inconvenient.

7.      Given the parties' agreement to conduct depositions of Mr. Wood and Dr. Kraenzlin on January 17-19, 2006, we need to reschedule the depositions in Germany. We will inform you once we have heard from Mr. Kramer and the others concerning their willingness to travel to the U.S. for deposition. If deposition(s) in Germany are necessary, we propose that they be scheduled for the fourth week of February (2/27 -3/3). Please advise immediately, and supply alternative dates, if the proposed dates are inconvenient.

8.      Notices of Deposition for Hitachi - related entities for February 3, 6 and 7, 2006 will be sent to you shortly. Please advise if the proposed dates are is inconvenient.

9.      Pursuant to Section 5.03 of the Stock Purchase Agreement between our clients, I request an opportunity to inspect backup financial documents concerning BPI's set off against the $1.9 Million Dollar Note, the files and records maintained by BPI concerning Stock Purchase Agreement Schedule 8.06 (b) bond obligations and related communications, and the documents concerning the basis for BPI's decision not to make the principal payment on the $5 Million Dollar Note on November 29, 2005. I also ask that Mr. Peterson be made available to me to answer inquires concerning these topics during my document inspection at BPI. Mr. Peterson's cooperation likely will obviate the need to depose him, and may clarify misunderstandings of the parties and thus avoid significant additional discovery and motions.

10.     We request a Rule 37 conference, prior to filing Motions to Compel, on the following topics (In particular, as to Items a, b, c and d, it is our intent to file motions to compel next week, absent an acceptable resolution of the issues identified below):

  a.  The assertion of attorney-client privilege with respect to pre-closing communication between BBCC officials and Hudson representatives, including Mr. Hevrony and attorneys at Gadsby Hanna;

Steven J. Comen, Esq.
December 30, 2005
Page 3, 2005

    b.   Mr. Brantl's failure to prepare appropriately for deposition as BPI's Rule 30(b)(6)representative.

    c.   The refusal of Mr. Brantl, the BPI designated Rule 30 (b)(6) witness, to disclose the communications he had with other persons in preparing to testify based on a purported attorney-client privilege.

    d.   The production of the chronology reviewed by Mr. Brantl in preparing for his deposition.

    e.   The overdesignation of discovery documents as "confidential."

    f.   The issue of whether documents have been withheld by BPI based on objections other than attorney-client privilege.

    11.     Lastly, we have a number of other issues concerning BPI's production. In turn, we have to provide additional documents and an updated privilege log to you as well. I'll try to get our documents out by mid-week. We should seek to establish a time to discuss the status of these outstanding document production issues.

Very truly yours,

John F. Welsh

cc.    James Fleckner, Esq.

*labor | employment | litigation | resolution*