# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>)    C.A. No. 04 CV 10825-RWZ |
| BABCOCK POWER, INC.,<br>    Defendant and Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BABCOCK BORSIG, AG<br>    Third-Party Defendant. | )<br>)<br>) |

## NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on October 12, 2005, or on such other date agreed to by counsel, at the offices of Babcock Borsig AG, located in Oberhausen, Germany, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Dr. Helmut Balthasra.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

                                      Respectfully submitted,
                                      BABCOCK BORSIG POWER GMBH,
                                      By Its Attorneys,

                                      _____
                                      Kenneth M. Bello, BBO #036630
                                      John F. Welsh, BBO #522640
                                      Josiah M. Black, BBO #632690
                                      Bello Black & Welsh LLP
                                      535 Boylston Street, Suite 1102
                                      Boston, Massachusetts 02116
                                      (617) 247-4100

Dated: August 29, 2005

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, <br>     Plaintiff, <br><br> v. <br><br> BABCOCK POWER, INC., <br>     Defendant and Third-Party Plaintiff, <br><br> v. <br><br> BABCOCK BORSIG, AG <br>     Third-Party Defendant. | C.A. No. 04 CV 10825-RWZ |

## NOTICE OF DEPOSITION

To:    Steven J. Comen, Esq.
        Goodwin Procter LLP
        Exchange Place
        Boston, MA 02109

    Please take notice that beginning at 10:00 a.m. on January 31, 2006, at the offices of Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Jeffrey Stoler, Esquire., and that he is required to produce the documents set forth in the attachment hereto.

    The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

                                                    Respectfully submitted,
                                                    BABCOCK BORSIG POWER GMBH,
                                                    By Its Attorneys,

                                                    Kenneth M. Bello, BBO #036630
                                                    John F. Welsh, BBO #522640
                                                     Bello Black & Welsh LLP
                                                     535 Boylston Street, Suite 1102
                                                     Boston, Massachusetts 02116
                                                     (617) 247-4100

Dated: December 30, 2005

SUBPOENA: KEEPER OF THE RECORDS, JEFFRY STOLER, ESQUIRE.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:

1. Any and all documents concerning Stock Purchase Agreement ("SPA") between Babcock Borsig Power GmbH and Hudson Investment Group, Inc. dated November 13, 2002, including, but not limited to drafts, notes, memos and correspondence.

2. Any and all documents concerning the Non-competition Agreement between Babcock Borsig Power GmbH and Babcock Power, Inc. dated November 27, 2002 ("NCA"), including, but not limited to drafts, notes, memos, and correspondence.

3. Any and all documents concerning the meaning of the term "Affiliate" in the SPA, including, but not limited to drafts, notes, memos, and correspondence.

4. Any and all documents concerning the meaning of the term "Affiliate" in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

5. Any and all documents concerning the meaning of the term "successors" in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

6. Any and all documents concerning the negotiations that led to the execution of the SPA and the NCA, including, but not limited to drafts, notes, memos, and correspondence.

7. Any and all documents concerning discussions of the scope of the restrictive covenants in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

8. Any and all documents concerning discussions of the application of the restrictive covenants in the NCA to successors or Affiliates or Affiliates' successors.

9. Any and all documents concerning discussions of the application of the NCA to any third-party with existing competitive operations in the Restrictive Territory, including but limited to discussion of the hypothetical purchase by General Electric or a similar entity of assets from BBP or BBX.

10. Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") or BBX's subsidiary Power Systems in December 2002, including, but not limited to notes, memoranda, correspondence, drafts, and agreements.

11. All retention letters, invoices or correspondence concerning the existence of any attorney-client relationship between Gadsby Hanna LLP and any or all of Babcock Power Inc., Babcock Borsig Capital Corporation, BBCC Holding Co., Inc., James Wood, James Brantl, and/or Anthony Brandano.

12. All documents concerning any communications between any attorney or staff of Gadsby Hanna LLP with (i) any attorney or staff at Goodwin Proctor LLP, (ii) James Wood, (iii) James Brantl (iv) Anthony Brandano, (v) Babcock Borsig Capital Corporation, and/or (vi) Babcock Borsig Capital Corporation Holding Co., Inc. concerning any of matters referenced in Paragraphs 1-11 above and/or BPI's Confidential Memorandum, Subscription Agreement, Stockholder's Agreement, Nondisclosure Agreement or Escrow and Confirmation letter.

13. All documents concerning any communications of Jeffrey Stoler, Esq. with (i) any attorney or staff at Goodwin Proctor LLP, (ii) James Wood, (iii) James Brantl (iv) Anthony Brandano, (v) Babcock Borsig Capital Corporation, and/or (vi) Babcock Borsig Capital Corporation Holding Co., Inc. concerning any of matters referenced in Paragraphs 1-11 above and/or BPI's Confidential Memorandum, Subscription Agreement, Stockholder's Agreement, Nondisclosure Agreement or Escrow and Confirmation letter.

14. Any and all documents concerning the First Amendment to the SPA, dated November 29, 2002 between BBP and BPI.

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) C.A. No. 04 CV 10825-RWZ |
| BABCOCK POWER, INC.,<br>    Defendant and Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BABCOCK BORSIG, AG<br>    Third-Party Defendant. | )<br>)<br>) |

## NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

Please take notice that beginning at 1:00 p.m. on January 30, 2006, at the offices of Lex Reporting Services Corporate Headquarters, 160 Broadway, New York, NY 10038, the Plaintiff Babcock Borsig Power GmbH will take the deposition of the Keeper of the Records, Gadsby Hanna LLP,. and that he/she is required to produce the documents set forth in the attachment hereto.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

                                    Respectfully submitted,
                                    BABCOCK BORSIG POWER GMBH,
                                    By Its Attorneys,

                                    Kenneth M. Bello, BBO #036630
                                    John F. Welsh, BBO #522640
                                    Bello Black & Welsh LLP
                                    535 Boylston Street, Suite 1102
                                    Boston, Massachusetts 02116
                                    (617) 247-4100

Dated: December 30, 2005

SUBPOENA: KEEPER OF THE RECORDS, GADSBY HANNA LLP.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:

1. Any and all documents concerning Stock Purchase Agreement ("SPA") between Babcock Borsig Power GmbH and Hudson Investment Group, Inc. dated November 13, 2002, including, but not limited to drafts, notes, memos and correspondence.

2. Any and all documents concerning the Non-competition Agreement between Babcock Borsig Power GmbH and Babcock Power, Inc. dated November 27, 2002 ("NCA"), including, but not limited to drafts, notes, memos, and correspondence.

3. Any and all documents concerning the meaning of the term "Affiliate" in the SPA, including, but not limited to drafts, notes, memos, and correspondence.

4. Any and all documents concerning the meaning of the term "Affiliate" in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

5. Any and all documents concerning the meaning of the term "successors" in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

6. Any and all documents concerning the negotiations that led to the execution of the SPA and the NCA, including, but not limited to drafts, notes, memos, and correspondence.

7. Any and all documents concerning discussions of the scope of the restrictive covenants in the NCA, including, but not limited to drafts, notes, memos, and correspondence.

8. Any and all documents concerning discussions of the application of the restrictive covenants in the NCA to successors or Affiliates or Affiliates' successors.

9. Any and all documents concerning discussions of the application of the NCA to any third-party with existing competitive operations in the Restrictive Territory, including but limited to discussion of the hypothetical purchase by General Electric or a similar entity of assets from BBP or BBX.

10. Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") or BBX's subsidiary Power Systems in December 2002, including, but not limited to notes, memoranda, correspondence, drafts, and agreements.

11. All retention letters, invoices or correspondence concerning the existence of any attorney-client relationship between Gadsby Hanna LLP and any or all of Babcock Power Inc., Babcock Borsig Capital Corporation, BBCC Holding Co., Inc., James Wood, James Brantl, and/or Anthony Brandano.

12. All documents concerning any communications between any attorney or staff of Gadsby Hanna LLP with (i) any attorney or staff at Goodwin Proctor LLP, (ii) James Wood, (iii) James Brantl (iv) Anthony Brandano, (v) Babcock Borsig Capital Corporation, and/or (vi) Babcock Borsig Capital Corporation Holding Co., Inc. concerning any of matters referenced in Paragraphs 1-11 above and/or BPI's Confidential Memorandum, Subscription Agreement, Stockholder's Agreement, Nondisclosure Agreement or Escrow and Confirmation letter.

13. All documents concerning any communications of Jeffrey Stoler, Esq. with (i) any attorney or staff at Goodwin Proctor LLP, (ii) James Wood, (iii) James Brantl (iv) Anthony Brandano, (v) Babcock Borsig Capital Corporation, and/or (vi) Babcock Borsig Capital Corporation Holding Co., Inc. concerning any of matters referenced in Paragraphs 1-11 above and/or BPI's Confidential Memorandum, Subscription Agreement, Stockholder's Agreement, Nondisclosure Agreement or Escrow and Confirmation letter.

14. Any and all documents concerning the First Amendment to the SPA, dated November 29, 2002 between BBP and BPI.