# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BABCOCK BORSIG POWER GmbH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04 CV 10825-RWZ |
| | ) | |
| BABCOCK POWER, INC., | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BABCOCK BORSIG, AG | ) | |
| Third-Party Defendant. | ) | |

## NOTICE OF DEPOSITION

To:     Steven J. Comen, Esq.
        Goodwin Procter LLP
        Exchange Place
        Boston, MA 02109

Please take notice that beginning at 2:30 p.m. on January 26, 2006, at the offices of Lex Reporting Services Corporate Headquarters, 160 Broadway, New York, NY 10038, the Plaintiff Babcock Borsig Power GmbH will take the deposition of the Keeper of the Records, Hudson Power Ventures II, LLP, and that he is required to produce the documents set forth in the attachment hereto.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

_____

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated:  December 30, 2005

SUBPOENA:  KEEPER OF THE RECORDS, HUDSON POWER VENTURES II, LLP.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:

1. Any and all e-mail communications from September 2002 through the Present relating to the November 13, 2002 Stock Purchase Agreement ("SPA") between Babcock Borsig Power, GmbH ("BBP") and Babcock Power Inc. ("BPI").

2. Any and all e-mail communications from September 2002 through the Present relating to the November 29, 2002 Non-Competition Agreement ("NCA") between BBP and BPI.

3. Any and all documents concerning the SPA, including, but not limited to drafts, notes, memos, and correspondence.

4. Any and all documents concerning the NCA, including, but not limited to drafts, notes, memos, and correspondence.

5. Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") of Babcock Borsig AG's ("BBX") subsidiary Power Systems in December 2002, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.

6. Any and all documents concerning communications between BPI and Hitachi concerning Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.

7. Any and all documents concerning monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, checks, wire transfer coupons, deposit slips, and agreements.

8. Any and all documents concerning the potential or actual purchase by Mitsui Babcock of BBX's subsidiary Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.

9. Any and all documents concerning communications between BPI and Mitsui Babcock concerning the latter's purchase of Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.

10. Any and all documents that support, refute, or otherwise concern the purchase by Balcke-Durr GmbH or BBP Service Rattingen GmbH f/k/a Balcke-Durr Service

GmbH, including, but not limited to, e-mail communications, notes, memoranda, agreements, drafts, and correspondence.

# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BABCOCK POWER, INC., )<br>    Defendant and Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>BABCOCK BORSIG, AG )<br>    Third-Party Defendant. )<br>_____ ) | C.A. No. 04 CV 10825-RWZ |

<u>**REVISED NOTICE OF DEPOSITION**</u>

To:    Steven J. Comen, Esq.
       Goodwin Procter LLP
       Exchange Place
       Boston, MA  02109

Please take notice that beginning at 10:00 a.m. on January 27, 2006, at the offices of Lex Reporting Services Corporate Headquarters, 160 Broadway, New York, NY  10038, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Nathan Hevrony, and that he is required to produce the documents set forth in the attachment hereto.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

_____
Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated:  December 30, 2005

MR. NATHAN HERVRONY.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:

1. Any and all communications from September 2002 through the Present relating to the November 13, 2002 Stock Purchase Agreement ("SPA") between Babcock Borsig Power, GmbH ("BBP") and Babcock Power Inc. ("BPI").
2. Any and all communications from September 2002 through the Present relating to the November 29, 2002 Non-Competition Agreement ("NCA") between BBP and BPI.
3. Any and all documents concerning the SPA, including, but not limited to drafts, notes, memos, and correspondence.
4. Any and all documents concerning the NCA, including, but not limited to drafts, notes, memos, and correspondence.
5. Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") of Babcock Borsig AG's ("BBX") subsidiary Power Systems in December 2002, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
6. Any and all documents concerning communications between BPI and Hitachi concerning Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
7. Any and all documents concerning monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, checks, wire transfer coupons, deposit slips, and agreements.
8. Any and all documents concerning the potential or actual purchase by Mitsui Babcock of BBX's subsidiary Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
9. Any and all documents concerning communications between BPI and Mitsui Babcock concerning the latter's purchase of Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
10. Any and all documents that support, refute, or otherwise concern the purchase by Balcke-Durr GmbH or BBP Service Rattingen GmbH f/k/a Balcke-Durr Service GmbH, including, but not limited to, e-mail communications, notes, memoranda, agreements, drafts, and correspondence.
11. Any documents concerning any actual or alleged breach of the NCA by BBP.
12. Any documents concerning any money actually or allegedly owed by BBP or BBX to BPI.

# EXHIBIT O



Bello
Black &
Welsh LLP
ATTORNEYS &
COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-4122
k.bello@belloblack.com

January 19, 2006

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

      Re:    **Babcock Borsig Power GmbH v. Babcock Power, Inc. and
                 Babcock Power, Inc. v. Babcock Borsig, AG
                 U.S. District Court Civil Action No.:  04-10825 (RWZ)**

Dear Steve:

      We were very surprised at the failure of the parties to resolve this case following the depositions, particularly in light of the admissions now reflected in the testimony of Messieurs Wood, Brantle and Brandano.  It is our view that the affirmative case of Babcock Borsig Power GmbH carries far greater economic value to our client, and attendant risk for BPI.  Apparently you have communicated a different assessment of the case and depositions to your client.  We would be more than willing to engage in an objective dialogue with you -- with or without clients being present -- to review the divergent views of the case.

      Given the breakdown of the settlement discussions, and the impending deadlines, we must move forward expeditiously on all discovery and related matters.  Specifically, the following:

      1.    <u>German Depositions</u>:  As we informed you, Dr. Kraenzlin made inquiry of Ludgar Kramer, Dr. Helmuth Balthasar and Sebastian Freitag, all of whom agree voluntarily to be deposed, but are not willing to commit to the three-days that would be required to do the depositions in the United States.  Consequently, those depositions must be done in Germany, and the individuals have agreed to make themselves available during the first week of February.  Also, even though you have now taken three days of deposition of Dr. Kraenzlin, he is prepared to make himself available in Germany for one additional day of deposition.  You also have indicated that you will take the depositions of Mr. Brinkmann and Mr. Kramer as well.  We will facilitate their availability in Germany, hopefully on the same trip.

      2.    <u>Continued Brantl/Brandano/Wood Depositions</u>:  Consistent with your letter of January 13th, we will take the continued depositions of Mr. Brantl (by video) on February 14, 2006, and Mr. Brandano on February 15, 2006.  We will schedule Mr. Wood's

*labor  |  employment  |  litigation  |  resolution*

Steven J. Comen, Esq.
January 19, 2006
Page 2 of 2

continued deposition following resolution of the outstanding and to be filed motions to compel.

3.    Hevrony/Hudson Depositions:  We will take the deposition of Mr. Hevrony and Hudson Investments on February 7, 2006 in New York.  The deposition will be by video (please advise whether a new notice is requested for that).  To facilitate the efficient taking of the deposition, it would be helpful to have the documents responsive to the subpoena in advance.

4.    Gadsby Hannah/Stoler Depositions:  We are awaiting the confirming dates with respect to these depositions from Gadsby Hannah.

5.    Freshfields Deposition:  This document subpoena is returnable on January 30, 2006.  We will be taking the deposition of MJ Moltenberry on a date either agreed to, or if no agreement can be reached, as noticed.

6.    Hitachi Deposition:  This document subpoena is returnable on January 30, 2006.  We will be taking the deposition of Hitachi, on a date either agreed to, or if no agreement can be reached, as noticed.

7.    Motion to Compel Documents:  We will be filing a Motion to Compel documents, including documents withheld on the basis of attorney-client privilege.  We have written you numerous times regarding withheld documents, and the apparent incomplete document production, and have received no response of any kind.

8.    Motion to Amend:  While the Complaint already contains a M.G.L. c.93A Count, so that there is no ambiguity regarding the nature of that claim, and based on the testimony of the BPI witnesses to date, we will be filing a Motion to Amend the Complaint to make clear that Babcock Borsig Power GmbH seeks c.93A damages and attorneys fees for all aspects of its claims, including the bad faith failure to pay the promissory notes due.  We will forward to you a copy of the Amended Complaint early next week, and you can inform us whether you assent or not to its filing.

If you any questions or want to discuss regarding any of these items, please do not hesitate to call.

Sincerely,

Kenneth M. Bello

cc:    John F. Welsh, Esquire
       James Fleckner, Esquire

0311648.doc

*labor  |  employment  |  litigation  |  resolution*