UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #04 CV 10825RWZ

| | | |
|---|---|---|
| BABCOCK BORSIG POWER GmbH<br>Plaintiff | | BABCOCK POWER, INC.<br>Third-Party Plaintiff |
| v. | & | v. |
| BABCOCK POWER, INC.<br>Defendant | | BABCOCK BORSIG POWER GmbH<br>Third-Party Defendant |

DISCOVERY MASTER REPORT # 1
(February 6, 2006)

Introductory Note: Because of the similarities of the names of the parties, and because they change roles as Plaintiff and Defendant in the original claim and counterclaim, for convenience and with the hope that doing so will reduce the risk of confusion, the original Plaintiff, Babcock Borsig Power GmbH, is referred to here as "Seller" and Babcock Power, Inc., the original Defendant, as "Buyer." It may also prove helpful to note for the record that while this is the undersigned Discovery Master's first report, three hearings had been conducted earlier. The first was at the courthouse, following a hearing before the court, December 16, 2005; the second and third were conducted via telephone conference, January 4 and 16, 2006. Those three conferences resulted in deposition scheduling and the resolution of related matters in a way both parties found acceptable.

Thus, no written report seemed called for and none was issued.

Two Motions were the subject of a hearing, which at the request or agreement of the parties was held at the offices of Seller's counsel, February 1st, 2006. They are dealt with separately, in the order they were heard.

1. Buyer's Motion for Protective Order is Denied.

Comment: As was noted during the course of the hearing, Buyer's interpretation of Seller's so-called Hitachi claims is viewed as too narrow, and while Seller may not ultimately be able to establish those claims, Buyer's effort via this Motion essentially to obtain the equivalent of Summary Judgment is considered at best premature.

2. Seller's Motion to Compel Testimony by Rule 30(b)(6) Witness is Allowed, with qualification.

Comment: As implied in the earlier comment, context weighs significantly in the consideration of this Discovery dispute. Notable first in this regard is that the contest here concerns a Rule 30(b)(6) deposition, and Buyer's position is considered inadequately to reflect the purposes and requirements of that rule -- for the corporation being deposed to state its position and be bound by its testimony, selecting as many of its representatives as may be necessary accurately and fully to respond to the topics designated for inquiry. Obviously mindful of its aforesaid duty, Buyer has named two

witnesses to cover the eight topics designated, raising no objection concerning those topics. Nor can there be complaint about Buyer's selecting James Brantl, Buyer's general counsel, as its representative with respect to all but one of the topics noticed, or the appropriate invocation of the lawyer-client privilege. However, in the course of the Brantl deposition, on the advice of its trial counsel, Buyer made claim of attorney-client privilege about fifteen times, thus depriving Seller of answers to questions designed to elicit information about the environment in which the parties' agreements were entered – i.e., among the very topics noticed. Nor does that number tell the whole story. Buyer's inquiry may well have been inhibited by the specter of the invocation of the privilege, with the likely result of even more claims of the privilege. Moreover, while the questions asked in the course of that deposition might have been framed with greater clarity and specificity, the transcript exhibits unacceptably frequent and inappropriate interruptions and interjections. More on this later. For now, the issue is: Was the lawyer-client privilege properly invoked?

Buyer's submittal on the subject is remarkably spare. In its Response to the Motion Buyer contends that with respect to communications prior to the closing of the sale on November 29, 2002, the noted "conversations were all protected by the attorney-client privilege, as that privilege has been

extended through the common interest doctrine." Response, pp.11,12.

From its submission one can fairly conclude that Buyer makes no claim that any express agreement to retain counsel was involved. Nor in the circumstances can the claim of privilege rest on the apparently hypothetical theory Buyer floated during the hearing, that the conversations targeted for inquiry took place in the context of the prospect of retaining a lawyer. (More on this context later.) To the extent that the claim is more than hypothetical, Buyer simply has made no case.

Thus, we are left with Buyer's afore-stated claim that bases the appropriateness of its invoking the lawyer-client privilege on the "joint defense" theory, or what Grand Jury Subpoena, 274 F. 3d 563, 572 (1st Cir. 2001) says is more aptly termed "the common interest rule," a phrase that Buyer employs here. "Common interest" may sound and may sometimes be considered broader in scope – available to be invoked to shield communications even, like those here, conducted in a context of no actual or expected litigation. However, that very Grand Jury, case says no. id., at 575. Moreover, as many of cases note, See, e.g., Cavallaro v. United States of America, 153 F.Supp.2d 52, 59 (USDC D.Mass 2001), albeit as a familiar platitude, but nonetheless worthy of being recalled in the context of this case, "the [lawyer-client "common interest"] privilege is narrowly confined

because it hinders the courts in the search for truth."

Here, again, even aside from the missing requirement of actual or impending litigation, Buyer's claim of that privilege is not adequately supported. Recall that Messrs. Brantl, Wood and Brandano were individually and collectively neither Buyer nor Seller. And, while they may have shared a mutual interest with Buyer in Buyer's acquiring the stock of the company for which they had been working, became retained by Buyer to continue in their former roles as 'managers' of the Buyer operation, and became modest shareholders, their somewhat overlapping commercial interests (shared with Buyer) are, in the absence of an agreement, not an adequate basis for the blunderbuss and relentless claims of privilege asserted here with respect to relevant pre-closing discussions. See, United States of America v. Sawyer, 878 F. Supp. 295, 296-7 (USDC D. Mass., 1995).

In sum, logic suggests that Buyer has limited alternative ways of meeting its 30(b)(6) duty with respect to the noticed topics. The witness could, of course, provided it be truthful to do so, deny the existence of any claimed prior-to-closing discussion, such as the Seller-proffered General Electric example. Or, Buyer's representative could answer the questions about the topics listed. Or, if answers to those questions are incapable of being given

by counsel because protected by the privilege, then Buyer is to provide another person competent to respond. Precisely that requirement was imposed in one of the several cases Buyer's counsel was kind to provide, Sony Electronics, Inc. v. Soundview Technologies, Inc., 217 F.R.D. 104, 112 (USDC D. Conn. 2002). (When designated Rule 30(b)(6) witness-counsel was unable to testify as to a noticed matter, the target corporation was required to produce a witness who could.)

To reduce the risk of the recurrence of the Brantl deposition experience, a word about the conduct of any future deposition may be in order, and I hope helpful. Note was made earlier of the unacceptable frequency of interruptions and interjections occurring during that deposition. Especially in the "cloud" those interruptions created, however well-intentioned they may have been, the claim asserted in Buyer's Response to the Motion (at p. 11) that "Mr. Brantl was fully prepared to testify as to the corporate position on the designated topics" is unimpressive. The same may be said for Buyer's assertion that Mr. Brantl was shown only one document, the notice of topics to be covered. For, unlike most of the cases in which this issue is dealt with, what Seller seeks here is information of oral communications, as its listing of topics makes plain. Surely Buyer does not contend that the requirements of a Rule 30(b)(6) deposition can be satisfied by producing a

witness who is omniscient but, being blind and deaf, is unable to respond to verbal questions. While Buyer's position does not go that far, and fortunately we are not faced with a witness with those limitations, the "bottom line" result so far here seems to head off in that direction. Accordingly, the Rule 30(b)(6) deposition shall be undertaken, one expects with no uncalled-for interruptions, with the invocation of the lawyer-client or any other privilege only on a clear manifestation of its appropriateness, and the use of whatever qualified representative(s) exist(s) to testify as to Buyer's position on the listed topics.

(Note: This report had been substantially drafted before receipt this afternoon of Seller's Supplemental Submission in Support of its Motion. That submission provides additional case support for the views here expressed. Buyer's counsel correctly notes, in an email just received, that neither side was to expand on its prior submissions or stated position, and to the extent of any such effort, no note has been taken of it.)

Respectfully Submitted,

Herbert Hershfang

Discovery Master