

**Bello Black & Welsh LLP**
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

John F. Walsh
Direct 617-247-8476
jwalsh@belloblack.com

December 30, 2005

By Electronic and Regular Mail

Steven J. Comen, Esq.
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Re: Babcock Borsig Power GmbH v. Babcock Power, Inc. and
Babcock Power, Inc. v. Babcock Borsig, AG
U.S. District Court Civil Action No.: 04-10825 (RWZ)

Dear Steve:

I am writing in follow-up of recent discovery events, to schedule future discovery events, and to set forth an agenda of pending discovery issues for discussion or ultimately resolution by Judge Hershfang.

1. Dr. Kraenzlin has confirmed that he is available on Wednesday, January 18th in Boston for his deposition. Consequently, we confirm that Mr. Wood's deposition will be held on January 17, 2006 at our office at 10:00 AM. Because we intend to take his deposition by video, we have enclosed a revised deposition notice. Dr. Kraenzlin's deposition will follow on January 18 (and 19 if necessary) at your office.

2. I have attached a deposition notice scheduling the continuation of Mr. Brantl's deposition as BPI's Rule 30 (b)(6) representative on January 23, 2006. Please note our designation of video, reflected in the attached notice. If this date is not convenient, please propose alternative dates in late January 2006.

3. I have enclosed a deposition notice scheduling the resumption of Mr. Brandano's deposition for January 24, 2006. If this date is not convenient, please propose alternative dates in January 2006.

4. Given Mr. Brandano's testimony at his December 22, 2005 deposition, I request that BPI immediately withdraw its filed Opposition to Babcock's partial summary judgment motion. Absent such withdrawal, we request a conference in anticipation of supplemental filings and motions before Judge Zobel.

*labor | employment | litigation | resolution*

Steven J. Comen, Esq.
December 30, 2005
Page 2

    5.     In follow up of our conversation before Judge Hershfang please advise if you will accept service on behalf of Nathan Hevrony and the Hudson entities. Revised deposition notices containing proposed deposition dates of January 26 and 27 are enclosed. Given Mr. Brandano's testimony that Mr. Hevrony remains a director of BPI, please advise us of the basis of any claim that service of a subpoena is required to obtain Mr. Hevrony's deposition. We also request that Mr. Hevrony agree to have his deposition occur in Boston. We are trying to see if the German witnesses would be willing to come to the United States, as you have requested. We would hope for similar cooperative efforts by you in effecting agreements concerning depositions.

    6.     Enclosed please find deposition notices for Gadsby Hanna and Mr. Stoler scheduling their depositions for January 30 and 31, 2006 respectively. Please provide alternative dates if the noticed dates are inconvenient.

    7.     Given the parties' agreement to conduct depositions of Mr. Wood and Dr. Kraenzlin on January 17-19, 2006, we need to reschedule the depositions in Germany. We will inform you once we have heard from Mr. Kramer and the others concerning their willingness to travel to the U.S. for deposition. If deposition(s) in Germany are necessary, we propose that they be scheduled for the fourth week of February (2/27 -3/3). Please advise immediately, and supply alternative dates, if the proposed dates are inconvenient.

    8.     Notices of Deposition for Hitachi - related entities for February 3, 6 and 7, 2006 will be sent to you shortly. Please advise if the proposed dates are is inconvenient.

    9.     Pursuant to Section 5.03 of the Stock Purchase Agreement between our clients, I request an opportunity to inspect backup financial documents concerning BPI's set off against the $1.9 Million Dollar Note, the files and records maintained by BPI concerning Stock Purchase Agreement Schedule 8.06 (b) bond obligations and related communications, and the documents concerning the basis for BPI's decision not to make the principal payment on the $5 Million Dollar Note on November 29, 2005. I also ask that Mr. Peterson be made available to me to answer inquires concerning these topics during my document inspection at BPI. Mr. Peterson's cooperation likely will obviate the need to depose him, and may clarify misunderstandings of the parties and thus avoid significant additional discovery and motions.

    10.     We request a Rule 37 conference, prior to filing Motions to Compel, on the following topics (In particular, as to Items a, b, c and d, it is our intent to file motions to compel next week, absent an acceptable resolution of the issues identified below):

> a. The assertion of attorney-client privilege with respect to pre-closing communication between BBCC officials and Hudson representatives, including Mr. Hevrony and attorneys at Gadsby Hanna;

Steven J. Comen, Esq.
December 30, 2005
Page 3, 2005

    b. Mr. Brantl's failure to prepare appropriately for deposition as BPI's Rule 30(b)(6) representative.

    c. The refusal of Mr. Brantl, the BPI designated Rule 30 (b)(6) witness, to disclose the communications he had with other persons in preparing to testify based on a purported attorney-client privilege.

    d. The production of the chronology reviewed by Mr. Brantl in preparing for his deposition.

    e. The overdesignation of discovery documents as "confidential."

    f. The issue of whether documents have been withheld by BPI based on objections other than attorney-client privilege.

  11.  Lastly, we have a number of other issues concerning BPI's production. In turn, we have to provide additional documents and an updated privilege log to you as well. I'll try to get our documents out by mid-week. We should seek to establish a time to discuss the status of these outstanding document production issues.

                   Very truly yours,

                    John F. Welsh

cc.  James Fleckner, Esq.