**GOODWIN | PROCTER**

Steven J. Comen
617.570.1660
scomen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

January 10, 2006

**By Facsimile and First Class Mail**

John F. Welsh, Esq.
Bello Black & Welsh LLP
535 Boylston Street
Suite 1102
Boston, MA 02116

Re:   Babcock Borsig Power GmbH v. Babcock Power, Inc. and Babcock
      Power, Inc. v. Babcock Borsig, AG
      U.S. District Court Civil Action No.: 04-10825 (RWZ)

Dear John:

This letter is in response to your December 30, 2005 letter. The dates you have proposed for the continuation of Mr. Brantl's deposition as Babcock Power Inc.'s ("BPI") 30(b)(6) designee and of Mr. Brandano are not workable. Please propose alternative dates in February.

We do not intend to withdraw our opposition to your motion for partial summary judgment. We would agree to discuss a stipulation allowing for supplemental briefing by both sides, to be submitted to the Court for approval, if you desire to further brief the issues. But based on the indication in your letter that you wish to gather further information about the notes, it seems most efficient to engage in any additional briefing after such additional discovery has been completed.

We do not agree to make Mr. Peterson available for informal inquiry or to allow informal inspection of Babcock Power Inc.'s files. Section 5.03(b) of the Stock Purchase Agreement does not allow any inspection that would "unreasonably interfere with the business or operations of the Purchaser or any of its Affiliates or subsidiaries." In light of the litigation instituted by your clients and the pending summary judgment motion you have filed, the proper means for obtaining information in light of the litigation would be through discovery.

We have never taken the position that a subpoena is required for you to depose Mr. Hevrony. As you may recall, we had previously agreed to make him available to you, but you rejected the dates we suggested in 2005, explaining that they apparently conflicted with Dr. Kraenzlin's travel schedule. We will make him available in New York, and agree to make a conference room in Goodwin's New York office available for you for that deposition. The dates you have proposed, however, for this deposition do not work for us. We understand that Mr. Hevrony can be available generally in February, although he is traveling quite a bit to Israel to attend to

John F. Welsh
January 10, 2006
Page 2

continuing health problems affecting both of his parents. Please provide some alternative dates in February.

With respect to your announced intention to depose Hitachi related entities, you do not indicate where the depositions are planned to take place nor have you sent us any notices identifying whom you seek to depose. Please advise as to the location of such depositions so that I can factor in any extended travel that may be required when considering possible deposition dates.

Additionally, I was surprised that you intend to follow through with the other depositions in Germany. I reiterate that we plan to oppose those depositions on the grounds of burden. However, as you and I have discussed, once you determine how many people you wish to depose in Germany, we will try to work with you to see whether it is practical to have these deponents come to Boston along with Messrs. Brinkman and Kramer, whom we want to depose.

With respect to your second motion to compel, I was surprised, quite frankly, that you chose to file it with the Court, rather than what I thought we discussed with Judge Hershfang, i.e. serving the motion on us first and having us respond by January 20 as to whether we could narrow any area of dispute. I believe the rules require such discussion before discovery motions are filed with the Court. And I believe I was clear that we simply requested that you send us a draft motion to facilitate a more meaningful discussion as to whether we would agree to any narrowing. Nonetheless, we intend to adhere to the date set during our last conference with Judge Hershfang, January 20, for our response.

Finally, you have again reiterated your promise to provide us with the additional documents you have yet to produce. You have been saying this for weeks now, yet no documents have been forthcoming. We need to receive your documents now so that we can prepare for Dr. Kraenzlin's deposition.

Very truly yours,

Steven J. Comen