

**Bello Black & Welsh** LLP
ATTORNEYS &
COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

John F. Welsh
Direct 617-247-8476
jwelsh@belloblack.com

January 10, 2006

**By Email and Regular Mail**

Steven J. Comen, Esquire
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109

> RE: **Babcock Borsig Power GmbH v. Babcock Power, Inc. and Babcock Power, Inc. v. Babcock Borsig, AG**
> **U.S. District Court Civil Action No.: 04-10825 (RWZ)**

Dear Steve:

I am writing in response to the letter sent to my office this morning. Why do you insist on being difficult on such simple tasks as scheduling deposition dates?

On December 20, 2005 I noticed the resumption of the Brantl and Brandano depositions for January 23, and 24, respectively, and invited you to propose alternative January dates if the noticed dates were inconvenient. After repeated emails urging you to respond, today you claim that the noticed dates "are not workable" (whatever that means) and insist that I propose dates to you in February.

Absent some compelling reason (which you have not shared), I insist that these depositions occur on January. Unless I receive acceptable alternative January dates by Friday, we will proceed with the January 23 and 24 dates.

As to the pending summary judgment motion on the $1.9 Million Note, your response is unsatisfactory. I now plan to file motions to strike your opposition and for sanctions. Mr. Brandano's deposition makes clear that BPI's Opposition was disingenuous. We also are preparing a Motion to Amend the Complaint to add counts under M.G.L. c.93A for the bad faith failure to pay both notes. Please advise when you are available for a Rule 37 conference regarding the same.

As to Mr. Hevrony, you have failed to produce relevant documents in his possession responsive to our document request. Please do so immediately. As to his deposition, I have enclosed a revised depositions notice for February 7, 2006 in Goodwin Proctor's New York office. If the noticed date is inconvenient, please advise us of specific dates in early February that Mr. Hevrony is available.

*labor | employment | litigation | resolution*

As to our pending Motion to Compel, the filing with the Court was consistent with my understanding of appropriate procedure. Moreover, you had indicated to Judge Hershfang that you expected to be able to resolve some of the subject matters of the Motion to Compel. Please advise promptly as to which items you have a proposed resolution. Absent the same, we expect that we will need to contact Judge Hershfang before or at the deposition of Mr. Wood on Monday.

As to the request for documents under Section 5.02 of the Stock Purchase Agreement your suggestion that compliance would "unreasonably interfere with BPI's business" is preposterous. Similarly, your attempt to link your client's lack of compliance with the pending Summary Judgment Motion is disingenuous. The Summary Judgment Motion pertains to improper set off against the $1.9 Million Note. The request for inspection pertains to the claimed basis for setoff concerning the $5 Million Note and the failure to. Once again, BPI has breached a material contractual obligation.

As to our documents, they will be produced when you address my outstanding discovery issues as set forth in my earlier correspondence. As I indicated in my prior email, I am tired of my repeated inquiries and requests being ignored in favor of your agenda.

Your tactics are transparent. When your client breached the terms of the $1.9 Million Note, you engaged in a series of delaying actions to forestall. In November 2005 I advised you of my intent to promptly take discovery and file for Summary Judgment on the $5 Million Note if your client failed to pay the principal amount due on November 29,        . Now that I am seeking to test the asserted basis of your client's contractual obligations once again we face delaying tactics. I've had enough.

Very truly yours,

John F. Welsh

Enclosures
Cc:   Kenneth M. Bello, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK BORSIG POWER GmbH, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BABCOCK POWER, INC., ) <br> Defendant and Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BABCOCK BORSIG, AG ) <br> Third-Party Defendant. ) | C.A. No. 04 CV 10825-RWZ |

## REVISED NOTICE OF DEPOSITION

To:   Steven J. Comen, Esq.
      Goodwin Procter LLP
      Exchange Place
      Boston, MA 02109

Please take notice that beginning at 10:00 a.m. on Tuesday, February 7, 2006, at the law offices of Goodwin Procter LLP, 599 Lexington Avenue, New York, NY 10022, the Plaintiff Babcock Borsig Power GmbH will take the deposition of Nathan Hevrony, and that he is required to produce the documents outlined in the document attached hereto.

The deposition will be conducted before a Notary Public or other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,

BABCOCK BORSIG POWER GMBH,

By Its Attorneys,

Kenneth M. Bello, BBO #036630
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

Dated: January 10, 2006

MR. NATHAN HERVRONY.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:

1. Any and all communications from September 2002 through the Present relating to the November 13, 2002 Stock Purchase Agreement ("SPA") between Babcock Borsig Power, GmbH ("BBP") and Babcock Power Inc. ("BPI").
2. Any and all communications from September 2002 through the Present relating to the November 29, 2002 Non-Competition Agreement ("NCA") between BBP and BPI.
3. Any and all documents concerning the SPA, including, but not limited to drafts, notes, memos, and correspondence.
4. Any and all documents concerning the NCA, including, but not limited to drafts, notes, memos, and correspondence.
5. Any and all documents concerning the purchase by Babcock Hitachi K.K. or Hitachi Ltd. (collectively, "Hitachi") of Babcock Borsig AG's ("BBX") subsidiary Power Systems in December 2002, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
6. Any and all documents concerning communications between BPI and Hitachi concerning Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
7. Any and all documents concerning monies pledged or paid by Hitachi or others in order to obtain a release from BPI of claims relating to the NCA and Hitachi's purchase of Power Systems, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, checks, wire transfer coupons, deposit slips, and agreements.
8. Any and all documents concerning the potential or actual purchase by Mitsui Babcock of BBX's subsidiary Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
9. Any and all documents concerning communications between BPI and Mitsui Babcock concerning the latter's purchase of Power Service, including, but not limited to e-mail communications, notes, memoranda, correspondence, drafts, and agreements.
10. Any and all documents that support, refute, or otherwise concern the purchase by Balcke-Durr GmbH or BBP Service Rattingen GmbH f/k/a Balcke-Durr Service GmbH, including, but not limited to, e-mail communications, notes, memoranda, agreements, drafts, and correspondence.
11. Any documents concerning any actual or alleged breach of the NCA by BBP.
12. Any documents concerning any money actually or allegedly owed by BBP or BBX to BPI.