

**Bello Black & Welsh** LLP
ATTORNEYS & COUNSELORS

535 Boylston Street
Suite 1102
Boston, Massachusetts 02116
Main 617 247 4100
Fax 617 247 4125
www.belloblack.com

Kenneth M. Bello
Direct 617-247-4122
kbello@belloblack.com

January 19, 2006

**By Facsimile (617) 523-1231 and Regular Mail**

Steven J. Comen, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

> Re:   Babcock Borsig Power GmbH v. Babcock Power, Inc. and
>         Babcock Power, Inc. v. Babcock Borsig, AG
>         <u>U.S. District Court Civil Action No.: 04-10825 (RWZ)</u>

Dear Steve:

We were very surprised at the failure of the parties to resolve this case following the depositions, particularly in light of the admissions now reflected in the testimony of Messieurs Wood, Brantle and Brandano. It is our view that the affirmative case of Babcock Borsig Power GmbH carries far greater economic value to our client, and attendant risk for BPI. Apparently you have communicated a different assessment of the case and depositions to your client. We would be more than willing to engage in an objective dialogue with you -- with or without clients being present -- to review the divergent views of the case.

Given the breakdown of the settlement discussions, and the impending deadlines, we must move forward expeditiously on all discovery and related matters. Specifically, the following:

   1.   <u>German Depositions</u>:  As we informed you, Dr. Kraenzlin made inquiry of Ludgar Kramer, Dr. Helmuth Balthasar and Sebastian Freitag, all of whom agree voluntarily to be deposed, but are not willing to commit to the three-days that would be required to do the depositions in the United States. Consequently, those depositions must be done in Germany, and the individuals have agreed to make themselves available during the first week of February. Also, even though you have now taken three days of deposition of Dr. Kraenzlin, he is prepared to make himself available in Germany for one additional day of deposition. You also have indicated that you will take the depositions of Mr. Brinkmann and Mr. Kramer as well. We will facilitate their availability in Germany, hopefully on the same trip.

   2.   <u>Continued Brantl/Brandano/Wood Depositions</u>:  Consistent with your letter of January 13th, we will take the continued depositions of Mr. Brantl (by video) on February 14, 2006, and Mr. Brandano on February 15, 2006. We will schedule Mr. Wood's

Steven J. Comen, Esq.
January 19, 2006
Page 2 of 2

continued deposition following resolution of the outstanding and to be filed motions to compel.

3.   Hevrony/Hudson Depositions: We will take the deposition of Mr. Hevrony and Hudson Investments on February 7, 2006 in New York. The deposition will be by video (please advise whether a new notice is requested for that). To facilitate the efficient taking of the deposition, it would be helpful to have the documents responsive to the subpoena in advance.

4.   Gadsby Hannah/Stoler Depositions: We are awaiting the confirming dates with respect to these depositions from Gadsby Hannah.

5.   Freshfields Deposition: This document subpoena is returnable on January 30, 2006. We will be taking the deposition of MJ Moltenberry on a date either agreed to, or if no agreement can be reached, as noticed.

6.   Hitachi Deposition: This document subpoena is returnable on January 30, 2006. We will be taking the deposition of Hitachi, on a date either agreed to, or if no agreement can be reached, as noticed.

7.   Motion to Compel Documents: We will be filing a Motion to Compel documents, including documents withheld on the basis of attorney-client privilege. We have written you numerous times regarding withheld documents, and the apparent incomplete document production, and have received no response of any kind.

8.   Motion to Amend: While the Complaint already contains a M.G.L. c.93A Count, so that there is no ambiguity regarding the nature of that claim, and based on the testimony of the BPI witnesses to date, we will be filing a Motion to Amend the Complaint to make clear that Babcock Borsig Power GmbH seeks c.93A damages and attorneys fees for all aspects of its claims, including the bad faith failure to pay the promissory notes due. We will forward to you a copy of the Amended Complaint early next week, and you can inform us whether you assent or not to its filing.

If you any questions or want to discuss regarding any of these items, please do not hesitate to call.

Sincerely,

Kenneth M. Bello

cc:   John F. Welsh, Esquire
      James Fleckner, Esquire

0311648.doc